UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ESTATE OF KE ZHENGGUANG,

                 Petitioner,

-against-

YU NAIFEN STEPHANY
(a/k/a STEPHANY YU,
a/k/a STEPHANY NAIFEN YU,
a/k/a STEPHANY N. DOMBROWSKI)

                 Respondent.

Civ. No. _____

**PETITION TO RECOGNIZE AND ENFORCE FOREIGN ARBITRATION AWARD**

Petitioner, by and through its attorneys, Lars Liebeler, Esq. and Steven A. Cash, for its Petition to Recognize and Enforce Foreign Arbitration Award against Respondent, alleges as follows:

**PRELIMINARY STATEMENT**

1. Petitioner is commencing this proceeding to recognize and enforce a specific order of a foreign arbitration award rendered in the Hong Kong Special Administrative Region of the People's Republic of China and to have judgment entered thereon, pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207.

2. Petitioner seeks an order from this Court under the Federal Arbitration Act 9 U.S.C. § 207 recognizing and confirming "Order 9" of the "Final Arbitration Award (excluding interest and Arbitration Fees)" dated February 28, 2018 (the "**Final Award**") rendered in an arbitration before the Hong Kong International Arbitration Center ("**HKIAC**"), and entry of judgment thereon pursuant to 9 U.S.C. § 13.

## PARTIES

3. Petitioner is the Estate of Ke Zhengguang (referred to as the "Second Applicant" in the Award). The Administrators of the Estate of Ke Zhengguang are (a) Mdm. Zhang Yuejin (widow of Mr. Ke) and (b) Mdm. Ke Yeying (daughter of Mr. Ke).

4. Respondent Yu Naifen Stephany (referred to as the "Second Respondent" in the Final Award, and "**Stephany Yu**" herein), also known as Stephanu Naifen Yu, and also known as Stephany N. Dombrowski, is a resident at 15400 River Road, Germantown, Maryland, 20874; upon information and belief Stephany Yu is a United States citizen.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 9 U.S.C. § 203, in that this is a civil action seeking recognition and enforcement of an award rendered in an arbitration falling under the New York Convention on the Enforcement and Recognition of Foreign Arbitral Awards (the "**New York Convention**").

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(1), in that Stephany Yu resides within the District of Maryland, and pursuant to 9 U.S.C. § 204, because the parties' arbitration agreement and the enforcement of the arbitration award falls under the terms of the New York Convention.

## THE ARBITRATION AGREEMENT

7. The arbitration stemmed from the "Agreement on the Implementation of the 'Preliminary Share Restructuring Agreement'" (the "**4.28 Agreement**") concluded by all parties on April 28, 2010 for the breaking up of the first respondent and its subsidiaries.  Exhibit A-B

8. The 4.28 Agreement provides as follows, at Art. IV, ¶ 4.1:

> Any conflicts, disputes and claims resulted from this agreement or related
> to this agreement, breach of contract, termination of contract and void of

contract (hereafter referred to as "disputes") shall be dealt with through amicable negotiations by all parties. If negotiations fail, any party is entitled to submit the dispute to Hong Kong International Arbitration Centre for arbitration. The arbitration is to be conducted in Chinese. The arbitration tribunal is to be formed by three arbitrators. Oasis Investment and the controlling shareholders are entitled to nominate one arbitrator, the non-controlling shareholders are entitled to nominate an arbitrator as well, and the third arbitrator and the chief arbitrator are to be nominated by the chairperson of the Hong Kong International Arbitration Centre. The outcome of arbitration is final and binding on all parties.

## THE ARBITRATION PROCEEDINGS

9. On February 22, 2013, the applicants served a "Notice of Arbitration" (Case No. HKIAC/A13028) on the respondents and submitted it to the HKIAC in Hong Kong to resolve the disputes under the 4.28 Agreement.

10. On April 12, 2013, the respondents submitted a "Response to the Notice of Arbitration."

11. On April 8, 2013, HKIAC sent a letter to confirm the appointment of Horace Wong Yuk-Lun, Senior Counsel, as an arbitrator in this case as nominated by the Applicants.

12. On April 22, 2013, the respondents notified the HKIAC that Teresa Cheng Yeuk-Wah, Senior Counsel, shall be nominated as an arbitrator in this case. On April 23, 2013, HKIAC notified Mdm. Teresa Cheng Yeuk-wah that she had been nominated. On the same day, Mdm. Teresa Cheng Yeuk-wah notified HKIAC that she shall accept the nomination. On April 30, 2013, HKIAC sent a letter to confirm the appointment of Mdm. Teresa Cheng Yeuk-wah as an arbitrator in this case.

13. On June 4, 2013, HKIAC sent a letter to confirm the appointment of Mr. Yang Ing Loong as the Chief Arbitrator in this case

14. The arbitral tribunal was officially constituted on June 4, 2013 and all parties were informed of the constitution of the arbitral tribunal on the same day.

15. Arbitration pre-trial proceedings were conducted between June 4, 2013 and May 16, 2017, pursuant to the "2008 Administered Arbitration Rules of the Hong Kong International Arbitration Centre"; and "trial" was conducted between May 16, 2017 and August 8, 2017.

## THE FINAL ARBITRATION AWARD

16. On February 28, 2018 the Arbitral Commission issued the Final Award "after carefully reviewing and evaluating the evidence, witness statement, written statements and other documents provided by the parties concerned." Exhibit C-D.

17. The Final Award granted various forms of relief at Article VIII "Ruling and order of the arbitral tribunal." Article VIII issued the following nine Orders[1]:

   a. (Within 4 weeks from the day this ruling is passed) The Respondents are to to [sic] cause Greencourt Real Estate to sign a "Shanghai Real Estate Sale and Purchase Contract" for the Jiuting Stores with the Applicants or a third party appointed by the Applicants, and transfer the ownership of the Jiuting Stores to the Non-controlling Shareholders or a third party appointed by them. (Article 3.1 of 4.28 Agreement)

   b. (Within 4 weeks from the day this ruling is passed) The Respondents are to cause the First Respondent to appoint a third party to sign the "Shanghai Commercial Housing Presale Contract" for A2-type villas with SJHC, and complete the relevant presale registration procedures. (Article 3.2 of 4.28 Agreement)

   c. All parties are ordered to settle and pay the debts of SJHC and the First Respondent within 4 weeks from the day the ruling is passed based on Paragraphs 304 to 324 of this ruling. (Article 3.6 of 4.28 Agreement)

---

[1] Alphabetic lettering a-i added in place of numbers.

d. The Applicants are ordered to submit an audit report to the relevant approval authorities within 2 months from the day the ruling is passed.

e. (Within 2 months from the day this ruling is passed) The First Respondent is ordered to arrange for and cause Shibang Company to acquire the 80% equity interest of SJHC held by the First Respondent's subsidiary Greencourt Properties. (Article 2.3.1 of 4.28 Agreement)

f. (Within 2 weeks from the day this ruling is passed) The First Respondent and Non-controlling Shareholders are to sign, and the First Respondent is to cause their subsidiary, Greencourt Properties, to jointly sign, the Equity Purchase Option Agreement and Entrustment Agreement concerning Shibang Company. (Articles 2.3.1 and 2.3.2 of 4.28 Agreement)

g. (Within 2 months from the day this ruling is passed) The First Respondent is ordered to cause Oasis Kechuang to transfer its 20% equity in SJHC to Luhao Trading.

h. (Within 4 weeks after the execution of the orders numbered 1-6 above) The Respondents are to pay the final amount after making the adjustments set out in Article 2.2.1(4) of the 4.28 Agreement and in Paragraphs 232(4)(a)(b)(c) and 233 of this ruling.

i. The second respondent, third respondent and fourth respondent are jointly and severally ordered to pay RMB10,346,211 to the applicants as compensation for their losses (using August 8, 2017 as reference date for calculation of losses).

## POST ARBITRATION EVENTS

18. The Final Award has not been set aside or suspended by a competent authority of the country in which, or under the law of which, the Final Award was made.

19. Clarification submissions have been made to the Arbitral Commission with respect to Orders 1, 2, 3, 7, and 8. The remaining Orders (4, 5, 6, and 9) are not subject to clarifications.

20. Respondent Stephany Yu did pay RMB5,173,105.50 to Xu Hongbiao in partial satisfaction of Order 9 of Final Award.

21. As of the date of this Petition, Respondent Stephany Yu has failed to pay the balance of the payment due to Petitioner pursuant to Order 9 of the Final Award, in the amount of RMB5,173,105.50.

22. Pursuant to 9 U.S.C. § 207, Petitioner has brought this action within three years after the Final Award was made on February 28, 2018.

23. No grounds exist for this Court to refuse recognition and enforcement of Order 9 of the Final Award.

## COUNT ONE
### (Recognize and enforce Arbitration Award under the Federal Arbitration Act)

24. Petitioner repeats and realleges paragraphs 1 through 23 hereof, as if more fully set forth herein.

25. The Federal Arbitration Act provides that the "court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

26. None of the grounds available for refusal or deferral of recognition or enforcement of an award specified in the New York Convention are applicable to the Final Award.

27. Therefore, pursuant to 9 U.S.C. § 207, Petitioner requests that this Court recognize and enforce Order 9 of the Final Award and enter judgment in favor of Petitioner and against and over Respondent Stephany Yu.

28. By reason of the foregoing, the Court should issue an order recognizing and enforcing Order 9 of the Final Award and direct that judgment be entered thereon.

**WHEREFORE,** Petitioner, the Estate of Ke Zhengguang, respectfully requests that this Court:

Issue an order pursuant to 9 U.S.C. § 207 recognizing and enforcing Order 9 of the Final Award, and entering a judgment in favor of Petitioner and against and over Respondent Stephany Yu in accordance with Order 9 of the Final Award, including:

a. Awarding judgment in U.S. Dollars in the amount equivalent to RMB5,173,105.50, at the exchange rate effective on the date of issuance of such judgment, or upon the date of issuance of the Final Award, whichever is greater;

b. Awarding post-judgment interest in accord with 28 U.S.C. § 1961(a);

c. Awarding reasonable attorney's fees and costs; and

d. Awarding Petitioner such other and further relief as this Court deems just and proper.

Dated:  November 16, 2018

Washington, District of Columbia

                              Respectfully submitted,

                              **Lars Liebeler, PC**

                              */s/ Lars H. Liebeler*

                              _____
                              Lars H. Liebeler
                              1828 L Street, NW
                              Suite 705
                              Washington, DC 200036
                              Bar No. 12998
                              Lliebeler@LHL-LawFirm.com
                              (202) 587-4747

**Day Pitney, LLP**

/s/
_____
Steven Cash[2]
1100 New York Avenue, N.W.
Suite 300
Washington, D.C. 20005
scash@daypitney.com
(202) 218-3912

Attorneys for Petitioner

Local Counsel to:

The Seiden Group
469 Seventh Ave., Suite 502
New York, New York 10018
(646) 766-1723

Attorneys for Petitioner

---

[2] Admission Pending