UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ESTATE OF KEZHENGGUANG,

Petitioner,

—*against*—

YU NAIFEN STEPHANY
(a/k/a/ STEPHANY YU,
a/k/a/ STEPHANY NAIFEN YU
a/k/a/ STEPHANY N. DOMBROWSKI),

Respondent.

8:18-cv-03546-PWG

### DECLARATION OF STEPHANY YU

1.      I am the respondent in this case, and submit this declaration in support of my motion to dismiss the case.  Unless indicated otherwise, the statements in this declaration are based on my personal knowledge, and the exhibits are true copies of the originals.

2.      I am a Chinese native and, until moving with my family to Maryland in 2016, had lived most of my life in China.  I maintain a residence in China, and frequently travel there for business.

3.      In the early 2000s, I was among a group of business partners that formed Oasis Investment Group Limited ("Oasis") to buy and develop real estate in China.  The other partners were Ke Zhengguang, Xu Hongbiao and my two sisters, Naiwen and Naijun.

4.      In April 2010, the partners and certain of their affiliated entities entered into a written agreement to separate their interests in Oasis, entitled "Agreement on the Implementation of 'The Preliminary Share Restructuring Agreement'" (the "2010 Agreement").  The 2010

Agreement referred to my sisters and I as the "Controlling Shareholders" and to Messrs. Ke and Xu as the "Non-controlling Shareholders."

5.      The 2010 Agreement included multiple, complex provisions detailing how the parties interests were to be divided.  As is relevant here, the 2010 Agreement contemplated that Oasis and the Controlling Shareholders would cause a subsidiary of Oasis, Shanghai Greencourt Real Estate Development Limited, to sign an agreement transferring approximately 8,000 square meters of commercial space in Shanghai to the Non-controlling Shareholders.  (2010 Agreement § 3.1.)  In exchange, a company controlled by the Non-controlling Shareholders was supposed to sign an agreement transferring to Oasis and the Controlling Shareholders two "Villas," of approximately 1,200 square meters, also located in Shanghai, China.  (2010 Agreement § 3.2.)

6.      In February 2013, the Non-controlling Shareholders filed a Notice of Arbitration against Oasis and against the Controlling Shareholders to raise various disputes regarding the implementation of the 2010 Agreement.  One of the Non-controlling Shareholders, Mr. Ke, died during the arbitration, and his interests were pursued by his wife and daughter, as the administrators of his estate (the "Estate"), the petitioner in this case.

7.      On February 28, 2018, the panel issued its award.  As is relevant here, the panel found that the Controlling Shareholders breached the provision of the 2010 Agreement concerning the swap of the commercial space for the two Villas.  The Controlling Shareholders did not believe the Villas offered by the Non-controlling shareholders met the requirements of the 2010 Agreement, and, thus, instead of formally transferring the commercial space, allowed the Non-controlling shareholders to use most of the commercial space (approximately 6,000 of the 8,000 square meters) via an "authorization letter."

2

8.      The panel concluded that the Controlling Shareholders should have swapped the commercial space for the Villas and thus were liable to the Non-controlling shareholders for the rental value of the 2,000 square-meter portion that the Controlling Shareholders retained, which the panel concluded was RMB 10,346,211 in the ninth part of the Award.

9.      I disagree with that conclusion for reasons that we advanced in the arbitration but which are not pertinent here.  However, I have always been willing to pay the RMB 10,346,211 awarded, and repeatedly tried to do so.  But one of the two claimants, the Estate, refused to cooperate at every turn, insisting on payments being made to overseas bank accounts in non-RMB currency.

10.     On May 2, 2018, I paid half of the damages relating to the property exchange to the other claimant, Xu Hongbiao, who provided details for a bank in China into which the funds were wired.

11.     The payment to Mr. Xu was made from Shanghai Greencourt Real Estate Development Limited ("Greencourt"), the Oasis subsidiary that, according to the final award, was supposed to transfer to the claimants, at the direction of me and the other respondents, the commercial real estate that was the subject of the damages award.  I paid this first half to Mr. Xu based on the instruction from claimants' counsel that Mr. Xu was entitled to half of this portion of the award.  However, I do not know with complete certainty how the underlying obligation is divided as between Mr. Xu and Mr. Ke, and have not received a release in return from Mr. Xu.

12.     As mentioned, the other claimant, the Estate, has not been cooperative.  We have tried through multiple letters to get the Estate to cooperate with our making payment.

13.     On March 23, 2018, counsel for the Estate sent a letter demanding payment of the RMB 10,346,211 to a bank account that would be specified later.  (Ex. 1, at 2.)

3

14.     On April 2, 2018, counsel for the Controlling Shareholders responded that we were prepared to pay the amount, and asked that payment information be provided for a domestic Chinese bank account.  (Ex. 2, at 2.)  The letter explained that, in light of China's strict foreign exchange control laws, any payment to be made outside China would require the parties to jointly apply to a bank to see if that would even be possible.

15.     On April 13, 2018, the Estate's counsel specified in bank in Hong Kong, and demanded to be paid in "in Hong Kong dollars or other non-RMB currencies equivalent to RMB 5,173,105.5 (to be converted at the exchange rate published by the People's Bank of China as of 28 February 2018)."  (Ex. 3 at 3.)  The letter stated that the Estate was "entitled to designate whatever bank account, be it a PRC or foreign bank account, that it considers appropriate" to receive payment.  (*Id.*)

16.     On April 30, 2018, our counsel explained that the funds for payment were held in China, "again invite[d] [the Estate] to provide a bank account within China," and stated that payment would be made within five business days thereafter.  (Ex. 4 at 2.)

17.     On May 9, 2018, the Estate's counsel wrote back that "only payment . . . to a foreign bank account will be accepted" and that the Estate was unwilling to "negotiate further." (Ex. 5 at 3.)

18.     On May 14, 2018, our counsel again wrote to the Estate to reiterate that the we have "always been willing to pay," but that the Estate had refused to provide the necessary bank account information.  (Ex. 6, at 2-3)  The letter pointed out that the award referred to payment in RMB, not a foreign currency, and that the likelihood of Chinese officials authorizing the payment to leave China was low.  (*Id.* at 2.)

4

19.    On October 29, 2018, our counsel yet again implored the Estate to cooperate, and made clear that we were prepared to pay as soon as the Estate provided proper bank account information.  (Ex. 7, at 10.)

20.    On November 1, 2018, at my direction, Greencourt attempted to wire the funds to the overseas bank account specified in the April 13, 2018, letter from the Estate's counsel. (Ex. 8.)  The wire was not allowed to go through, however, because, among other reasons, it cannot be approved without proof that the proper taxes had been paid.  Moreover, the payment of such a large amount would be easily tracked by SAFE and, if found to be improper, could trigger an investigation and regulatory action by SAFE.

21.    In fact, my counsel in China, Jun He, contacted an official at the Shanghai Foreign Currency Administration on a confidential basis, who stated that if SAFE were to be alerted to the transaction, they would not allow Ke's Estate to receive the wire in Hong Kong.

22.    The Estate never did provide the banking information and, instead, in November 2018, filed the petition in this case.

23.    The Estate's attempts to collect judgment outside of China, and specifically in the U.S., are extremely frustrating and contrary to the intent of the Award and Chinese law. Specifically, even though the ninth part of the Award states that I be jointly and severally ordered to pay RMB 10,346,211 to the claimants, the party owing damages is actually Greencourt. Greencourt, a limited liability company, owned and controlled the commercial space on which the damages for lost rent are based. I am only an indirect shareholder, protected under Chinese law from personal liability. In fact, the first part of the award (Order No. 1 on page 95 of the translation) directs me only to "cause" Greencourt to transfer the commercial space in exchange for the Villas — drawing the clear distinction between me and the company.  I should

5

not be personally held responsible for Greencourt's actions or any damages arising out of such actions, and certainly not chased by claimants seeking to collect assets from me in the United States, at the very least while Greencourt has assets in China that are more than sufficient to satisfy the Award.

24.     On December 31, 2018, Greencourt sent a check for the full amount sought in this case, RMB5,173,105.50, to one of the lawyers representing the Estate in the arbitration, Eva Yao, who works in the Shanghai office of the DLA Piper law firm.  (Ex. 9.)  As with the payment to Mr. Xu, the payment was made from Greencourt, the Oasis subsidiary that, according to the final award, was supposed to transfer to the claimants the commercial real estate that was the subject of the damages award.

25.     On January 2, 2019, my U.S. counsel, Steptoe & Johnson LLP, then sent a copy of that transmission, along with a certified translation of the check, to the U.S. counsel representing the estate in this matter, Stephen A. Cash, and requested that the Estate dismiss this case.  (Ex. 10.)  I understand that the check expired before being deposited.  I am of course willing and able to have a new check issued if the petitioner will accept it.

26.     Given our repeated efforts to try to pay the award, I do not understand why this litigation is necessary.  If for whatever reason legal proceedings are necessary, they should take place in China, which is where the underlying events took place.  In addition, a proceeding in China is better suited to ensuring that, if any payment is ordered, it will comply with Chinese law.  In this regard, I should note that there is already litigation in China relating to the arbitration award.  The award refers to the parties settling certain pre-existing debts (Order No. 3), and one of those debts concerns amounts owed to the Controlling Shareholders from a company that was controlled by Mr. Ke.  Litigation relating to this debt is ongoing in China.  I

am of course willing to submit to the jurisdiction of a Chinese court to address the issues in this case, as well (preserving of course any other defenses in such a proceeding).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February _15_, 2019.

_____
Stephany Yu

# EXHIBIT 1

# Baker McKenzie.
## 貝克 · 麥堅時律師事務所

Baker & McKenzie

14th Floor, Hutchison House
10 Harcourt Road, Central
Hong Kong SAR

香港中環
夏愨道十號
和記大廈十四樓

Tel: +852 2846 1888
Fax: +852 2845 0476
DX: 009086 Central 1
www.bakermckenzie.com

23 March 2018
2018 年 3 月 23 日

By Courier and 快遞送達及
By Email 电子邮件送达:
yan.zhang@sidley.com
/ fyeoh@sidley.com

Messrs SIDLEY AUSTIN 盛德律师事务所
39/F, Two Int'l Finance Centre
Central, Hong Kong
香港中环国际金融中心二期三十九楼

**Attention 收件人: Ms. Yan Zhang / Mr. Friven Yeoh**

Dear Sirs,
敬启者

**Case No.**　　　　　**HKIAC Arbitration No. 13028**
**Claimants:**　　　　**(1) 徐宏标 (2) 柯铮光**
**Respondents:**　　　**(1) 绿洲投资集团有限公司 (2) 俞乃奋 (3) 俞乃燮 (4) 俞乃筠**

We write to you concerning the orders set out in the final arbitral award issued by the Tribunal dated 28 February 2018 ("**Award**"). For ease of reference, we adopt the same abbreviations set out in the Award in this letter.

就仲裁庭在 2018 年 2 月 28 日作出的最終仲裁裁决（"裁决"）中所列出的命令，我们向贵所特此致函。为便于参考，我们在本函件中采用了与裁决中相同的缩写。

We are instructed that as of the date of this letter, our client (2nd Claimant) has not received any response from the Respondents regarding their intention, plans or proposals to comply with any orders of the Award. As the time period for most of Respondents' obligations under the Award will soon expire or has already expired, we hereby urge Respondents to take immediate actions to comply with the Award.

我们收到通知，截至本函之日止，我们客户（即第二申请人）尚未收到任何关于被申请人履行裁决项下任何命令的意图、计划或提议。鉴于被申请人在裁决项下的大部分义务即将到期或已经到期，我们在此敦促被申请人立即采取行动以履行裁决项下的义务。

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**Latin America**
Bogota
Brasilia**
Buenos Aires
Caracas
Guadalajara
Juarez
Lima
Mexico City
Monterrey
Porto Alegre**
Rio de Janeiro**
Santiago
Sao Paulo**
Tijuana
Valencia

**North America**
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Francisco
Toronto
Washington, DC

* Associated Firm
** In cooperation with Trench, Rossi e Watanabe Advogados

**Partners**
CHAN, Edmond
CHAN, Edmond
CHAN, Elsa SC
CHAN, Pierre
CHAN, Rico WK
CHAN, Ruby
CHENG, Barry WM
CHENG, Milton
CHEUNG, Debbie F
CHEUNG, Kwun Yee
CHONG, Hank
CROSSWELL, Stephen
FLEMING, David
HORMAN, Michael
HUNG, Sally

KENDALL, Susan
KEOY, Soo Khim
KOO, Dorothea
LEE, Christina
LEE, Lawrence
LEIGH, Nancy
LIU, Isabella
LOCKHART, Andrew W
LOO, Shih Yann
MAN, Karen
MAN, Sophia
MCKENZIE, Rowan
MURRAY, Lisa
NG, Allen
NG, Bryan

NG, Jason
POON, Anthony KS*
SBUTTONI, Paolo
SEIB, Gary
SIEKER, Steven
SMITH, Christopher
SMITH, David
TAM, Martin
TAN, Loke-Khoon
TAN, Paul
TANG, Cynthia**
TSO, Grace
WAN, Shiu Man
WUT, Tracy

**Registered Foreign Lawyers**
ISAACS, Jonathan (New York)
LAU, May (New Zealand)
LEE, Won (New York)
LING, Amy (New York)
VANDEPOL, Mini (Melbourne, Australia)
WEISMAN, Richard (Massachusetts, New York)

* Notary Public | ** China-Appointed Attesting Officer

Baker & McKenzie, a Hong Kong Partnership, is a member of Baker & McKenzie International, a Swiss Verein.

**Immediate payment of damages in the amount of RMB 10,346,211**

立即支付人民币 10,346,211 元的损失赔偿

According to Order 9 of the Award, the 2nd, 3rd and 4th Respondents shall be jointly liable for compensating RMB 10,346,211 of damages to the Claimants. The payment of RMB 10,346,211 is due immediately without any conditions.

根据裁决的第九项命令，第二被申请人、第三被申请人和第四被申请人应当共同支付申请人共计人民币 10,346,211 元的损失作为损失赔偿。该损失赔偿系立即到期，且裁决书对支付人民币 10,346,211 元未附加任何条件。

Therefore, we are instructed to demand from Respondents payment of RMB 10,346,211 to Claimants' account(s), within 3 days upon receipt of the bank account details. The Claimants will provide details of the bank account in a separate letter.

有鉴于此，经客户指示，我们要求被申请人支付人民币 10,346,211 元至申请人的账户，被申请人应当在收到银行账户具体信息后的 3 日内支付款项。申请人将在另一份信函中提供银行账户信息。

**Settlement of Cross Claims between the 1st Respondent and SJHC**

清结第一被申请人与四季花城之间的债务

Order 3 of the Award requires each party to settle and pay the cross claims between Sijihuacheng Property Development Co., Ltd ("SJHC") and the 1st Respondent within **four** weeks from the date of the Award, which is 28 March 2018.

裁决第 3 项命令要求各方在裁决作出之日起的 4 周内（即 2018 年 3 月 28 日前）清结并支付有关四季花城与第一被申请人的债务。

We refer to an agreed list of items of "3.6 条四季花城与绿州投资及其下属公司债权债务清结" for which the Respondents and Claimants have no dispute ("**Agreed List**"). The Agreed List is enclosed hereto as Attachment 1. We also refer to the Tribunal's decisions on the disputed items in Paragraph 304-324 of the Award.

被申请人和申请人就"3.6 条四季花城与绿州投资及其下属公司债权债务清结"的大部分项目已达成一致同意，双方对该类项目无任何争议，具体请见附件 1 所附列表（"议定列表"）。对于双方仍有争议的项目，仲裁庭已在裁决第 304 至 324 段中做出了决定。

Pursuant to the Agreed List and Paragraphs 304-324 of the Award, the amount that shall be paid by Respondents after settlement should equal to RMB 27,043,906.83 minus HKD 42,115 minus RMB 3,127,591.77 ("**Outstanding Amount**").

根据议定列表和裁决第 304 段和 324 段的决定，结算之后，被申请人应当支付的金额为，人民币 27,043,906.83 元扣除港币 42,115 元和人民币 3,127,591.77 元（"欠付金额"）。

2

We request the Respondents to confirm in writing by 26 March 2018 that you will appoint an authorized representative with full authority to settle the Outstanding Amount by 28 March 2018 pursuant to Order 3 of the Award。

我们要求被申请人于 2018 年 3 月 26 日前书面确认，被申请人将任命一名拥有全权和特别授权的代表于 2018 年 3 月 28 日前按照裁决的第 3 项命令结清欠付金额。

**Transfer of two A2 Houses and Jiuting Property**

**九亭商铺和两幢 A2 型别墅的转让**

According to Orders 1 and 2 of the Award, the Respondents shall procure:

根据裁决第 1 项和第 2 项命令，被申请人应当促使：

1.  Green Court Property to sign a "Shanghai Real Estate Sale Contract" regarding JiuTing Commercial Property with the Claimants or their designated third party, and to transfer the ownership of JiuTing Commercial Property to the Claimants or their designated third party (**"Jiuting Property"**); and

    绿庭房产与申请人或其指定的第三方签署一份有关九亭商铺的《上海市房地产买卖合同》并将九亭商铺的所有权转让给申请人或其指定的第三方（"九亭商铺"）；及

2.  the third party designated by the 1st Respondent to sign "Shanghai Commodity House Presale Contract" regarding the two A2 houses with SJHC and complete the relevant presale registration (**"A2 Houses"**).

    第一被申请人指定的第三方与四季花城签署两幢 A2 型别墅的《上海市商品房预售合同》并完成有关的预售登记手续（"A2 别墅"）。

The Award requires the Respondents to complete the above obligations within **four** weeks from the date of the Award, which become due on 28 March 2018.

裁决要求被申请人在裁决作出之日起的 4 周内（即 2018 年 3 月 28 日前）完成上述义务的履行。

As the deadline is fast approaching, the 2nd Claimant requests that the Respondents provide the following details to the 2nd Claimant for the transfer of the A2 Houses by Monday 26 March 2018:

鉴于履行期限即将届满，为完成 A2 别墅的转让，第二申请人要求被申请人在 2018 年 3 月 26 日前向第二申请人提供以下具体信息：

a.  The names of one or two person/entity that are eligible for receiving the transfer of the A2 Houses;

    有资格受让 A2 别墅的一位或两位个人/实体的名称；

3

b.   Other details of the transferee(s), such as their nationality, address, etc, as required in a standard house sales contract for a Bandao house enclosed hereto as Attachment 2; and

附件 2 半岛别墅的标准商品房出售合同中所要求提供的受让人其他具体信息，例如受让人的国籍、地址等；

c.   The price for each A2 House as the total contracted price for the two A2 Houses is RMB 72,000,000. Please advise how the Respondents would like to divide the value between the two A2 Houses. Note that the minimum legal sales price for each A2 House is RMB 34,647,360.

每幢 A2 别墅的价格，考虑到两幢 A2 别墅的合同总价为人民币 72,000,000 元。就被申请人希望如何在两幢 A2 别墅中分配合同总价，请告知我们。请注意，每幢 A2 别墅的法定最低出售价格为人民币 34,647,360 元。

The Attachment 2 will serve as a template for the contract referred to in Order 2 of the Award. Please note that since the construction of the A2 Houses has been completed and all relevant permits with regards to the houses have been obtained, the presale house contract will no longer be required for the transfer. The sales contract as per Attachment 2 shall be entered into by the relevant parties for the transfer of the A2 Houses.

附件 2 应作为裁决第 2 项命令提到的合同范本予以使用。请注意，A2 别墅已竣工并取得了所有相关许可，其转让不再要求签署预售合同。相关主体应当签署如同附件 2 的出售合同。

With respect to the transfer of the Jiuting Property, we will provide you details of the transferee(s) after conferring with the 1st Claimant. In the meantime, the Respondents are hereby requested to provide the 2nd Claimant with the following documents and information by 26 March 2018:

关于九亭商铺的转让，我们将在与第一申请人商议后，向贵方提供受让方的具体信息。同时，请被申请人在 2018 年 3 月 26 日前向第二申请人提供下列文件和信息：

a.   a template of the "Shanghai Real Estate Sale Contract" referred to in the Order 1 of the Award; and

裁决第 1 项命令提到的《上海市房地产买卖合同》的范本；及

b.   the information that you require from the 2nd Claimant in order to complete the transfer of Jiuting Property.

贵方为完成九亭商铺的转让而需要从第二申请人一方取得的信息。

**Transfer of Shares in SJHC**

**转让四季花城的股权**

4

According to Orders 5 to 7 of the Award, we demand that the 1st Respondent must forthwith:

根据裁决第 5 至 7 项命令，我们要求第一被申请人必须立即：

1. take all immediate and necessary actions required for Shibang's acquisition of 80% share in SJHC held by Green Court Property. According to the Award, such acquisition shall be completed within **two** months from the date of the Award (i.e., 30 April 2018);

   采取一切必要的措施以使世邦公司收购绿庭置业所持有的四季花城 80% 的股权。根据裁决，此项收购应在裁决作出之日起的 **2** 个月内完成（即 2018 年 4 月 30 日）；

2. take all immediate and necessary actions to make sure the timely execution of the Share Transfer Agreement and Custodian Agreement as required under Order 6 of the Award;

   采取一切必要的措施确保股权购买权协议及托管协议得以按照裁决第 6 项命令的要求及时签署；

3. take all immediate and necessary actions required for Lvzhou Kechuang's transfer of its 20% share in SJHC to Lvhao Trading. According to the Award, such transfer shall be completed within **two** months from the date of the Award (i.e., 30 April 2018).

   采取一切必要的措施以使绿洲科创转让其所持有的四季花城 20% 的股权予绿豪贸易。根据裁决，此项转让应在裁决作出之日起的 **2** 个月内完成（即 2018 年 4 月 30 日）。

**Payment of RMB 150 million (to be adjusted)**

**支付人民币 1.5 亿元（待调整）**

Pursuant to Order 8 of the Award, the Respondents shall comply with the following requirements in paying RMB 150 million to Claimants, which is subject to potential adjustment ("**Final Amount**"):

根据裁决第 8 项命令，被申请人应按照以下要求来向申请人支付人民币 1.5 亿元，该金额可能会被调整（"**最终金额**"）：

1. **Payment Deadline:** The Final Amount shall be paid by the Respondents within 4 weeks after completion of Orders 1-6 under the Award.

   **付款截止日期：** 最终金额应由被申请人在裁决第 1-6 项命令完成后四周内支付。

2. **Calculation Method:** [Final Amount] = [RMB 150 million] + [consideration to be paid by the Claimants to the Respondents for shares transfer of SJHC (after deducting the tax incurred for the transfer of 20% shares in SJHC from Oasis Kechuang to Lvhao Trading)] - [RMB 11,224,613.21]

<u>计算方法</u>：[最终金额]=[1.5 亿元人民币]+[申请人向被申请人支付的转让四季花城股权的对价（扣除绿洲科创转让四季花城 20%股权予绿豪贸易的应纳税款）]-[ 11,224,613.21 元人民币]

We urge Respondents to take all immediate and necessary actions to ensure the payment of the Final Amount in full compliance with the Award, noting that this payment is to be made to a Hong Kong bank account in Hong Kong Dollars.

我们敦促被申请人立即采取一切必要措施以确保其按照裁决的规定支付最终金额，请注意届时被申请人应以港币支付至香港账户。

If the Respondents fail to meet any of the abovementioned demands, our client will pursue all necessary actions to protect its rights and interests, including the commencement of legal proceedings in competent jurisdictions against the Respondents for the purpose of enforcing the Award. Our client will also claim damages plus accrued interests and legal costs against the Respondents.

如果被申请人未能满足上述任何一项要求，我们的客户将采取一切必要措施来保护其权益，包括在有管辖权的范围内就裁决的执行针对被申请人启动法律程序。我们的客户亦将向被申请人索赔损失，以及应计利息和相法律费用。

All of the 2nd Claimant's rights are hereby expressly reserved.

兹明确保留第二申请人的所有权利。

Yours faithfully

此致

*Baker Mckenzie.*

**Baker & McKenzie**

贝克•麦坚时国际律师事务所

**cc**

抄送

**Messrs C.L CHOW & MACKSION CHAN**

周卓立 陈启球 陈一理 律师事务所

By Email 电子邮件送达： clc015@clcmc.com.hk / clc028@clcmc.com.hk

6

# EXHIBIT 2

City of Redondo Beach, State of California, County of Los Angeles

I, Michael John Moss Jr., am a linguist hired by TransPerfect, a translation services that operates under both ISO 9001:2008 and EN 15038:2006 certification. I have been speaking the Mandarin dialect of Chinese for 22 years. I am a recipient of Certificate with distinction from the Court Interpretation and Translation Program at UCLA Extension and a voting member of the American Translators Association, membership number: 261961. I have studied Mandarin Chinese to English translation for 15 years.

The following document is, to the best of my knowledge and belief a true and accurate translation from Chinese into English:

2018.04.02 Letter

TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years' experience translating in the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

Sworn to before me this
Monday, December 10, 2018

_Michael John Moss Jr._

_____
Michael John Moss Jr., Translator

_____
Signature, Notary Public

_____
Stamp, Notary Public

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**  GOVERNMENT CODE § 8202

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

_Michael J Moss_

*Signature of Document Signer No. 1*          *Signature of Document Signer No. 2 (if any)*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Los Angeles_

PAUL W. PEDERSON
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2187280
LOS ANGELES COUNTY
My Comm. Exp. April 16, 2021

*Place Notary Seal Above*

Subscribed and sworn to (or affirmed) before me

on this __10th__ day of __December__, 20__18__,
        *Date*              *Month*        *Year*
by

(1) __Michael J Moss__

(and (2)_____ ),
                *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature _____

*Signature of Notary Public*

————————————— OPTIONAL —————————————

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: __X TRANSLATION Cert__ Document Date: __12/10/18__

Number of Pages: __1__ Signer(s) Other Than Named Above: __None__

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910

Page 2

3.  With regards to Order No. 9 of the Judgement (compensation for damages of RMB 10,346,211 yuan)

Shareholders are requested to provide the name and account information for the recipient of the RMB 10,346,211, and to clarify partition ratio between the two shareholders. Considering the fact that the currency of compensation for damages is in RMB, the Petitioner is requested to provide a domestic account for payment by the controlling shareholder within Mainland China. If the petitioning party wishes the payment to be made into a foreign account, in accordance with the requirements of the laws of China foreign exchange control, the respondent requires that the petitioning parties go together to a bank within China to learn specific procedures for overseas payments, and the petitioning parties are required to prepare respective materials to be submitted to the bank for review.



SIDLEY AUSTIN
39/F, TWO INT'L FINANCE CENTRE
CENTRAL, HONG KONG
+852 2509 7888
+852 2509 3110 FAX

FYEOH@SIDLEY.COM
+852 2509 7652
YAN.ZHANG@SIDLEY.COM
+852 2509 7849

AMERICA • ASIA PACIFIC • EUROPE

2018 年 4 月 2 日

<u>电邮及传真</u>

致： 周卓立 陈启球 陈一理律师事务所

　　 clc015@clcmc.com.hk; clc028@clcmc.com.hk

　　 传真：+852 2877 2620/2845 2189

　　 收件人：Mr. Sam Chiu

　　 贝克•麦坚时律师事务所

　　 Simon.Hui@bakermckenzie.com;

　　 Hailin.Cui@bakermckenzie.com; Tracy.Shen@bakermckenziefenxun.com

　　 传真：+86 21 5047 0020

　　 收件人：Mr. Simon Hui; Mr. Hailin Cui; Ms. Tracy Shen

敬启者：

　　 <u>关于：**HKIAC Arbitration No. 13028**</u>

1. 第二申请人代理人贝克•麦坚时律师事务所于 2018 年 3 月 23 日至本所的信函（"第二申请人信函"）和第一申请人代理人周卓立 陈启球 陈一理律师事务所于 2018 年 3 月 28 日至本所的信函（"第一申请人信函"，与"第二申请人信函"合称"申请人信函"）收讫。被申请人对于申请人信函回复如下，也希望两位申请人能提供相应信息和回复以便推进最终仲裁裁决书中命令的履行：

2. 被申请人留意到，申请人信函中如下要求不同，请两位申请人分别给予澄清：

　　 a. 第一申请人信函中第一项要求是要求被申请人转九亭商铺所有权的 50% 转让至第一申请人任法定代表人的上海景荃文化发展有限公司。请第一申请人澄清"九亭商铺所有权的 50%"的含义。如果需要对九亭商铺进行分割，实践中如何进行。

　　 b. 第二申请人信函中第 4 页表明，其将于第一申请人商议后提供九亭商铺受让方的具体信息。请第二申请人确认（1）是否采纳第一申请人的立场，

Partners | Desmond Ang C.K., (Christopher) Cheng C.H., Constance Choy H.M., Gloria Lam S.C., (Sherlyn) Lau S.Y., (Timothy) Li H., (Raymond) Oh C.H., Yuet Ming Tham, (Friven) Yeoh K.H., Yan Zhang
Registered Foreign Lawyers | Thomas W. Albrecht (Illinois)*, Joy Lam (New South Wales)*, (Carrie) Li J. (New York)*, Mengyu Lu (New York)*, G. Matthew Sheridan (New York)*
Effie Vasilopoulos (New South Wales)*, (Renee) Xiong Y. (New York)*, Vivek R. Baid (New York)*
Damien Yeow N.W. (Singapore)*, (Michael) Yu X. (New York)*, (Oliver) Zhong Q. (New York)*
Consultants | Hon Au Yeung, Jennifer Cheung P.Y., Ann Ho A.C., Dominic D. James, Robert A. Mason, Olivia Ngan S.M
Felicity Wong K.Y., (Mandy) Wong S.W., Holly Yeung S.M., Claudia Yu K.W., Iris Yuen L.S.

* Partner of Sidley Austin Holding LLP (a Delaware Limited Liability Partnership)
* Foreign Legal Consultant / Legal Counsel

**SIDLEY**

Page 2

股股东共同指定的受让人；（2）如果答案为是，那么，实际操作中应如何分割九亭商铺。

    c. 第一申请人信函中的第二项要求是要求被申请人支付人民币 10,346,211 元的损失赔偿中的 50%的等值港币至第一申请人。请第二申请人确认参股股东之间分配该等赔偿金额的比例是否为 50/50。

3. 针对裁决第 9 项命令（人民币 10,346,211 元的损失赔偿）

请参股股东提供人民币 10,346,211 的接收人名称和账户信息，并明确两位参股股东之间的分配比例。鉴于赔偿金额为人民币，请申请人提供境内账户，由控股股东于中国大陆境内支付。如申请人方希望向境外账户支付，由于中国外汇管制法律的要求，被申请人需要申请人方共同到中国境内银行了解对外支付的具体手续要求，并按照要求分别准备资料提交银行审核。

4. 针对裁决第 3 项命令（第一被申请人与四季花城之间的债务清洁）

请参股股东确认第一被申请人需支付的最终金额（鉴于港币 42,115 需转换为人民币），并提供接收人的账户信息。

同样，鉴于支付金额为人民币，且支付至上海绿庭四季花城房地产开发有限公司("四季花城")这一中国公司，请申请人提供四季花城的境内账户，由第一申请人在中国大陆境内安排支付。如申请人方希望向境外账户支付，由于中国外汇管制法律的要求，被申请人需要申请人方共同到中国境内银行了解对外支付的具体手续要求，并按照要求分别准备资料提交银行审核。

5. 针对裁决第 1 和 2 项命令（九亭商铺与别墅的转让）

    a. 针对九亭商铺，如上文所提，请申请人共同提供九亭商铺受让方的信息，包括身份证或营业执照。

    b. 针对别墅，请申请人提供除仲裁过程中提供的图纸外施工的进度及相关证明（包括是否已取得房产证；如已取得，提供房产证）。

    c. 被申请人稍后将提供别墅受让方的信息。

    d. 被申请人稍后将传阅相关转让协议文本予第一、第二申请人。

6. 针对裁决书第 6 项命令（签署《股权购买权协议》及《托管协议》）

被申请人的中国律师君合团队会提供《股权购买权协议》及《托管协议》草稿至参股股东供审阅和签署。

7. 针对裁决书第 4、5 和 7 项命令（四季花城股权的转让）

# SIDLEY

Page 3

请两位申请人提供四季花城最新的营业执照、公司章程和审计报告，以方便被申请人方准备股权转让文件。

8. 其他

    a. 请第一、第二申请人确认其在中国境内的通讯地址是否仍为上海市中山西路 555 号绿洲大厦 519 室；

    b. 请第二申请人确认柯烨颖女士可全权代表柯铮光之遗产，并向被申请人一方提供张跃进女士同意柯烨颖女士全权代理柯铮光之遗产、柯烨颖女士的行为对于张跃进女士具有约束力的确认函；及

    c. 请第一、第二申请人确认，如第一、第二申请人就同一问题向被申请人方发出不一致之指示时，被申请人方有权要求第一、第二申请人先取得共识并共同向被申请人发出指示；如第一、第二申请人无法达成一致时，被申请人有权暂停相关行动，直至第一、第二申请人达成一致。

9. 在此保留被申请人的一切权利。

此致

*Sidley Austin*

盛德律师事务所

# EXHIBIT 3

# Baker McKenzie.

## 貝克‧麥堅時律師事務所

**Baker & McKenzie**

14th Floor, Hutchison House
10 Harcourt Road, Central
Hong Kong SAR

香港中環
夏慤道十號
和記大廈十四樓

Tel: +852 2846 1888
Fax: +852 2845 0476
DX: 009086 Central 1
www.bakermckenzie.com

13 April 2018
2018 年 4 月 13 日

**By Courier and 快遞送達及**
**By Email 电子邮件送达:**
yan.zhang@sidley.com
/ fyeoh@sidley.com

Messrs SIDLEY AUSTIN 盛德律师事务所
39/F, Two Int'l Finance Centre
Central, Hong Kong
香港中环国际金融中心二期三十九楼

**Attention 收件人: Ms. Yan Zhang / Mr. Friven Yeoh**

Dear Sirs,
敬启者

| | |
|---|---|
| **Case No.** | **HKIAC Arbitration No. 13028** |
| **Claimants:** | **(1) 徐宏标 (2) 柯铮光** |
| **Respondents:** | **(1) 绿洲投资集团有限公司 (2) 俞乃奋 (3) 俞乃雯 (4) 俞乃筠** |

1. We refer to your letter to us dated 2 April 2018. For ease of reference, we adopt the same abbreviations set out in the Award in this letter.

   我们提及贵方于 2018 年 4 月 2 日致我们的函件。为便于参考，我们在本函件中采用了与裁决一致的缩写。

2. We note that the Respondents' obligations to make payments under Order 3 and Order 9 of the Award are overdue and remain outstanding. We hereby demand the Respondents to make payments forthwith without further delay, following the instructions set out below.

   我们注意到，被申请人在第 3 项命令和第 9 项命令项下的付款义务履行期限已届满，而被申请人仍旧未履行上述义务。我们特此要求被申请人按照以下指示立即支付款项而不得有任何拖延。

3. **Order 3: Settlement of the Intercompany-debts between the 1st Respondent and SJHC**

   **第 3 项命令：清结第一被申请人与四季花城的往来账目**

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**Latin America**
Bogota
Brasilia**
Buenos Aires
Caracas
Guadalajara
Juarez
Lima
Mexico City
Monterrey
Porto Alegre**
Rio de Janeiro**
Santiago
Sao Paulo**
Tijuana
Valencia

**North America**
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Francisco
Toronto
Washington, DC

* Associated Firm
** In cooperation with Trench, Rossi e Watanabe Advogados

**Partners**

CHAN, Edmond
CHAN, Edmund
CHAN, Elsa SC
CHAN, Pierre
CHAN, Rico WK
CHAN, Ruby
CHENG, Barry WM
CHENG, Milton
CHEUNG, Debbie F
CHEUNG, Kwun Yee
CHONG, Hans
CROSSWELL, Stephen
FLEMING, David
HORMAN, Michael
HUNG, Sally

KENDALL, Susan
KEOY, Seo Khim
KOO, Dorothea
LEE, Christina
LEE, Lawrence
LEIGH, Nancy
LIU, Isabella
LOCKHART, Andrew W
LOO, Shih Yann
MAN, Karen
MAN, Sophia
MCKENZIE, Rowan
MURRAY, Liza
NG, Allen
NG, Bryan

NG, Jason
POON, Anthony KS*
SBUTTONI, Paolo
SEIB, Gary
SIEKER, Steven
SMITH, Christopher
SMITH, David
TAM, Martin
TAN, Loke-Khoon
TAN, Paul
TANG, Cynthia**
TSO, Grace
WAN, Shiu Man
WUT, Tracy

**Registered Foreign Lawyers**
ISAACS, Jonathan (New York)
LAU, May (New Zealand)
LEE, Won (New York)
LING, Amy (New York)
VANDEPOL, Mini (Melbourne, Australia)
WEISMAN, Richard (Massachusetts, New York)

* Notary Public | ** China-Appointed Attesting Officer

Baker & McKenzie, a Hong Kong Partnership, is a member of Baker & McKenzie International, a Swiss Verein.

Please note that both the 1st Claimant and our client have agreed that the Outstanding Amount as defined in our Letter to Respondents dated 23 March is **RMB 23,882,261.71** (i.e., the equivalent of RMB 27,043,906.83 minus HKD 42,115 minus RMB 3,127,591.77). The HKD 42,115 is equivalent to RMB 34,053.35 based on the exchange rate published by the People's Bank of China as of 28 February 2018.

请注意，第一申请人与我方客户均已同意我们于 3 月 23 日致被申请人的函件中所定义的未付金额为人民币 **23,882,261.71** 元（即人民币 27,043,906.83 元扣除港币 42,115 元和人民币 3,127,591.77 元）。按照中国人民银行公布的 2018 年 2 月 28 日的汇率，港币 42,115 元相当于人民币 34,053.35 元。

The 1st and 2nd Claimants have also agreed that the Outstanding Amount is to be paid to the bank account of SJHC.

第一和第二申请人也均已同意，未付金额应当支付至四季花城的银行账户。

The Respondents are required to make **immediate** payment of RMB 23,882,261.71 to the following PRC bank account of SJHC:

被申请人应立即支付人民币 23,882,261.71 元至以下四季花城的中国银行账户：

| | | |
|---|---|---|
| Bank | 银行： | 上海银行 |
| Branch | 分行： | 九亭支行 |
| Name | 户名： | 上海绿庭四季花城房地产开发有限公司 |
| Account | 账号： | ▆▆▆▆▆▆▆▆ |

4.  **Order 9: Damages in the Amount of RMB 10,346,211**

    第 9 项命令：数额为人民币 **10,346,211** 元的损失

Our client refers to the 1st Claimant's letter dated 28 March 2018 and agree that the damages in the amount of RMB 10,346,211 should be paid by the Respondents in equal share to the bank account designated by the two respective Claimants.

我方客户同意第一申请人在 2018 年 3 月 28 日函件中提到的，人民币 10,346,211 元的损失赔偿应当由被申请人平分成二等份后支付给两个申请人分别指定的银行账户。

Respondents are hereby requested to pay immediately 50% of RMB 10,346,211 (i.e., RMB 5,173,105.5) to the following bank account of our client:

2

我们特此要求被申请人立即向我方客户的以下账户支付人民币 10,346,211
元的 50% （即人民币 5,173,105.5 元）：

Bank:    HSBC Hong Kong (bank code 004 for local payments)
银行：    香港汇丰银行（当地支付银行代码 004）

Branch:  Central, Hong Kong
支行：    香港中环
SWIFT:  HSBCHKHHHKH

Name    户名：  Cheergain International Group Ltd
Account 账号： ████████████

The Respondents should ensure their payment is in Hong Kong dollars or other
non-RMB currencies equivalent to RMB 5,173,105.5 (to be converted at the
exchange rate published by the People's Bank of China as of 28 February
2018). As one of the Claimants, our client is entitled to designate whatever
bank account, be it a PRC or foreign bank account, that it considers appropriate
and to the extent permitted by law as the recipient of the monetary award. It is
the Respondents' sole obligation and responsibility to ensure payment is made
to such bank account designated by our client, and that such payment is
received in full, so as to comply with the Award. Your concern about foreign
exchange controls in China is noted. However, the Respondents are not
required to make the payment from China, and we believe the Respondents are
fully capable of making payment outside China, given that (i) the 2nd
Respondent is a U.S. citizen, and the 3rd and 4th Respondents are Australian
Permanent Residents; and (ii) the Respondents hold assets outside China
(including shares in Oasis Investment).

被申请人应确保以港元或其他非人民币的货币支付相当于人民币
5,173,105.5 元的金额（按中国人民银行于 2018 年 2 月 28 日公布的汇率折
算）。作为申请人之一，我方客户有权在法律允许的范围内指定其认为
适当的银行账户（无论是中国或境外的银行账户）用以接收被申请人的
付款。因此，确保款项全额支付至我方客户指定的银行账户以履行裁决
系被申请人一方的义务和责任。我们注意到贵方对中国外汇管制的考虑。
然而，被申请人并不一定要从中国境内支付相关款项，且鉴于(i)第二被
申请人是美国公民、第三和第四被申请人系澳大利亚永久居民，且(ii)被
申请人在中国境外持有资产（包括所持之绿洲投资之股份），我们认为
被申请人完全有能力在中国境外付款。

5.      Unless our client receives full payment for the above items (3) and (4) in a
        timely manner, we are instructed by our client to commence all available and
        necessary legal proceedings against the Respondents, including the 2nd, 3rd,
        and 4th Respondents individually, in all jurisdictions where they hold assets,
        without further notice, together with interest and legal costs.

如我方客户没有及时收到上述第(3)和(4)项所要求的全额款项，受我方客户指示，我们将不再另行通知而针对被申请人（包括第二、第三、第四被申请人个人）于其持有资产的个人所在法域内启动一切可寻求的及必要的法律程序，并要求被申请人支付利息和法律费用。

6.   **Order 1: Transfer of Jiuting Commercial Property**

**第 1 项命令：九亭商铺的转让**

The Claimants will provide a joint proposal including the information of the transferee of the Jiuting Commercial Property for the Respondents to comply with the transfer order. However, this does not impact and should in no way delay Respondents' compliance with other orders of the Award, as no other order is conditional upon the completion of Order 1 (with the sole exception of the cash payment duty under Order 8).

申请人将向被申请人提供一份共同提议（包括九亭商铺的受让人信息在内），以供被申请人履行转让九亭商铺的义务。但是，这并不影响且不应以任何方式延迟被申请人对裁决其他命令的遵守，因为其他命令均不以第 1 项命令的完成为先决条件（第 8 项命令项下的现金付款义务为唯一例外）。

7.   **Order 2: Transfer of two A2 Houses**

**第 2 项命令：两幢 A2 型别墅的转让**

Our client is confused as to why the Respondents inquire about the status of the two A2 Houses, as the Respondents know very well that the construction of the A2 Houses has been completed and the relevant certificates including the certificate of real estate ownership have been duly obtained. Specifically, for the purpose of the arbitration proceeding, Respondents appointed Helen Yu to produce a valuation report dated October 2016 for the Bandao Junwang Project, which explicitly indicates that the A2 Houses obtained the certificate of completion acceptance as well as certificate of real estate ownership. The report also contains photos of the completed A2 Houses, including photos of its living room and stairs. The fact that the Respondents raised this question at the current stage makes our client wonder whether the Respondents have any intention to comply with the Award.

对于被申请人为何询问两幢 A2 型别墅的进度，我方客户表示不理解，因为被申请人完全知晓 A2 型别墅已竣工且已取得包括房地产权证在内的相关证明。尤其，在仲裁程序中，被申请人委托余健出具了日期为 2016 年 10 月的半岛君望项目的评估顾问报告，该报告明确显示 A2 别墅已取得竣工规划验许可证及房地产权证。该报告还包含了完工的 A2 型别墅照片，包括客厅和楼梯部分的照片。被申请人在目前阶段提出 A2 型别墅进度的问题，令我方客户对于被申请人是否有履行裁决的意愿存有疑惑。

Notwithstanding the above, we hereby enclose to this letter the overall Certificate of Real Estate Ownership (大产证) dated 8 November 2013 and the

4

Shanghai Real Estate Registration Information for the two A2 Houses, showing ownership of the A2 houses and their completion date of 2013. SJHC, as the real estate developer, does not hold the individual Certificate of Real Estate Ownership (小产证) for each of the A2 Houses, as such certificate will only be issued to the purchaser after completion of the transfer from the real estate developer to the purchaser. As the two A2 Houses are still in the possession of SJHC, the individual Certificate of Real Estate Ownership (小产证) will not be available until after the Respondents complete the process for transferring the two A2 Houses.

尽管如前所述，我们仍随此函附上两幢 A2 型别墅的日期为 2013 年 11 月 8 日的房屋所有权证书（大产证）和上海市不动产登记信息，以显示两幢 A2 型别墅的权利人并证明别墅已在 2013 年竣工。而四季花城，作为房地产开发商，并不持有各间 A2 型别墅的单独的房屋所有权证书（小产证），仅在房产从房地产开发商转让至购房者后，才能向购房者出具小产证。由于两幢 A2 型别墅仍归四季花城所有，因此只有在被申请人完成两幢 A2 型别墅的转让后，才能取得小产证。

Consequently, we demand that the Respondents comply with the relevant processes to complete the transfer of the A2 houses forthwith.

有鉴于此，我们要求被申请人立即遵循相关手续完成 A2 型别墅的转让。

8.   **Order 5 and Order 7: Transfer of of Shares in SJHC**

**第 5 项和第 7 项命令：转让四季花城的股权**

It is disappointing that as of the date of this letter, neither our client nor us have received any response or update from any of the Respondents regarding its compliance with Order 5 and Order 7. The Respondents' performance of these two orders is not conditional upon any other orders under the Award. Pursuant to the Award, the Respondents have an obligation to ensure completion of the two orders within **two** months from the date of the Award (i.e., by 30 April 2018).

令人失望的是，直至本函出具之日，我们的客户和我们均没有收到任何一位被申请人关于第 5 项命令与第 7 项命令的执行进度的答复或最新消息。被申请人对该两项命令的履行均不以裁决中任何其他项命令的履行为条件。而根据裁决，被申请人有义务确保这两项命令应在自裁决作出之日起的 2 个月内完成（即 2018 年 4 月 30 日前）。

The Claimants will provide SJHC's relevant business licence and articles of association, together with the audit report when it is finished. However, the absence of the above documents is no excuse for the Respondents' delayed or non-preparation of all documents necessary for the transfer of 80% share in SJHC to ShiBang and 20% share in SJHC to LvHao Trade ("**Transfer Documents**").

5

申请人将提供四季花城的相关营业执照和公司章程，而审计报告一经完成也会一并提供。然而，上述文件的缺少并不能作为被申请人迟延起草或不予起草与向世邦公司转让四季花城 80%股份以及向绿豪贸易转让四季花城 20%股份有关的所有必要文件（"转让文件"）的借口。

Therefore, the Respondents are hereby requested to provide our client with a copy of all draft Transfer Documents by 20 April 2018 so that our client can confirm they are in good order. If the Transfer Documents require any information that is currently not available, please leave them blank in placeholders.

因此，我方客户请被申请人在 2018 年 4 月 20 日之前提供所有关于上述转让文件的草稿件，以便我方客户确认这些文件是否适当。如转让文件所需的任何信息有缺失，请将该等信息留空。

9.      All of our client's rights are hereby expressly reserved.

兹明确保留第二申请人的所有权利。

Yours faithfully

此致

*Baker & McKenzie*

**Baker & McKenzie**

贝克·麦坚时国际律师事务所

**cc**

抄送

**Messrs C.L CHOW & MACKSION CHAN**

周卓立 陈启球 陈一理 律师事务所

By Email 电子邮件送达：clc015@clcmc.com.hk / clc028@clcmc.com.hk

# 上 海 市
# 房 地 产 权 证

Shanghai Certificate of Real Estate Ownership

沪房地 ＿ 字（2013）第018872 号



*201325948412*

登记日： 2013年11月8日



根据《中华人民共和国物权法》、《中华人民共和国土地管理法》、《中华人民共和国城市房地产管理法》、《上海市房地产登记条例》等有关法律、法规的规定，为保护土地使用权人、房屋所有权人的合法权益，对权利人申请登记的土地、房屋及其他附着物，经审核，准予登记，颁发此证。

本证是国家所有土地上的房地产权利凭证。

In accordance with the Property Law of the People's Republic of China, the Law of Land Administration of the People's Republic of China, the Law of Urban Real Estate Administration of the People's Republic of China, Shanghai Regulations for Real Estate Registration and other relevant laws and regulations, to protect the legal rights and interests of the owner of land-use rights and the house property, registration is hereby granted and this certificate is hereby given to such owner for the land, house and other appurtenances listed in this his/her registration application after due examination and verification.

This Certificate is the proof of title to the real estate on the state-owned land lot.





| 权 利 人 | | 上海绿庭四季花城房地产开发有限公司 | | | 幢 号 | 详见登记信息 |
|---|---|---|---|---|---|---|
| 房 地 坐 落 | | 奉贤区八字桥路99弄（详见登记信息） | | 房 屋 状 况 | 室号或部位 | 详见登记信息 |
| 土 地 状 况 | 权 属 性 质 | 国有建设用地使用权 | | | 建筑面积 | 26939.70 |
| | 使用权取得方式 | 出让 | | | 建筑类型 | 详见登记信息 |
| | 用 途 | 住宅用地 | | | 用 途 | 详见登记信息 |
| | 宗 地 号 | 奉贤区江海镇13街坊1/21丘 | | | 总 层 数 | 详见登记信息 |
| | 宗地(丘)面积 | 156656 | | | 竣工日期 | 详见登记信息 |
| | 使用权面积 | | | | | |
| | 其 中 | 独 用 面 积 | | | | |
| | | 分 摊 面 积 | | | | |
| | 使用期限 | 2010年10月25日至 2072年12月1日止 | | 填证单位： | | 房地产登记处 |

面积单位：平方米

附　　记

新建商品房
共用地块

上海绿洲科创生态科技有限公司　620万美元　80%
绿庭置业有限公司　　　　　　　155万美元　20%

建筑面积中含地下建筑面积　9792.75　平方米

## 注 意 事 项

一、本证是房地产登记的凭证，经上海市住房保障和房屋
管理局、上海市规划和国土资源管理局和房地产登记机构
共同盖章生效。
二、房地产权利人必须遵守国家法律、法规和政府有关房
产管理的规定，房地产发生转让、变更等情形，应当及时
办理有关登记
三、本证记载的房地产权利是否变动，应当查阅房地产登
记簿。
四、本证不得涂改，涂改的证书无效。

### Notice

1.This certificate is the proof of real estate registration, and is valid
with the seals of Shanghai Housing Security & Administration
Bureau, Shanghai Planning, Land & Resources Administration
Bureau, and the real estate registration office.
2.The owner of the real estate must observe the national laws,
ordinances and municipal regulations concerning real estate
administration. Any transfer of or change to the real estate shall be
timely registered.
3.Please see the real estate register to know whether any change
has taken place to the real estate ownership recorded in this
certificate.
4.Any alteration will render this certificate invalid.

# 宗 地 图

区 （县）：奉贤区

街 道：江海镇

街 坊 号：树园村

宗 地 号：1/21



上海市房屋土地资源管理局

40.9039M

2013-01-28

上海市不动产登记信息

| 产权信息 | 权利人： | 上海绿庭四季花城房地产开发有限公司 | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 共有人与共有情况： | | | | | | | |
| | 房产坐落： | 奉贤区八字桥路99弄（详见登记信息） | | | | | | |
| | 受理日期： | 2013-11-4 | | 核准日期： | 2013-11-8 | 注销日期： | | |
| | 权证或证明号： | 奉2013018872 | | | | | | |
| | 备注： | 新建商品房 共用地块上海绿洲科创生态科技有限公司 620万美元 80% 绿庭置业有限公司 155万美元 20% | | | | | | |

| 幢号 | 部位 | 建筑面积 | 其中地下建筑面积 | 层数 | 房屋类型 | 房屋结构 | 产权来源 | 竣工日期 |
|---|---|---|---|---|---|---|---|---|
| 99弄63号 | 全幢 | 684.59 | 252.58 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄65号 | 全幢 | 667.98 | 238.52 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄66号 | 全幢 | 667.88 | 238.52 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄67号 | 全幢 | 684.59 | 252.58 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄68号 | 全幢 | 547.39 | 198.25 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄69号 | 全幢 | 626.98 | 226.03 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄87号 | 全幢 | 684.47 | 252.58 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄88号 | 全幢 | 684.47 | 252.58 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄89号 | 全幢 | 547.39 | 198.25 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄90号 | 全幢 | 490.87 | 167.71 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄91号 | 全幢 | 491.66 | 167.71 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄92号 | 全幢 | 604.13 | 212.44 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄93号 | 全幢 | 689.83 | 252.66 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄95号 | 全幢 | 626.98 | 226.03 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄96号 | 全幢 | 626.98 | 226.03 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄 | 全幢 | 684.59 | 252.58 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄98号 | 全幢 | 1071.20 | 412.51 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄99号 | 全幢 | 1071.43 | 412.51 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 55号 | 全幢 | | | | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄56号 | 全幢 | 547.39 | 198.25 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |
| 99弄 | 全幢 | 667.98 | 238.52 | 2 | 花园住宅 | 钢混 | 新建 | 2013年 |

# EXHIBIT 4

City of Redondo Beach, State of California, County of Los Angeles

I, Michael John Moss Jr., am a linguist hired by TransPerfect, a translation services that operates under both ISO 9001:2008 and EN 15038:2006 certification. I have been speaking the Mandarin dialect of Chinese for 22 years. I am a recipient of Certificate with distinction from the Court Interpretation and Translation Program at UCLA Extension and a voting member of the American Translators Association, membership number: 261961. I have studied Mandarin Chinese to English translation for 15 years.
The following document is, to the best of my knowledge and belief a true and accurate translation from Chinese into English:

2018.04.30 Letter

TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years' experience translating in the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

Sworn to before me this
Monday, December 10, 2018

_____
Michael John Moss Jr., Translator


_____
Signature, Notary Public



_____
Stamp, Notary Public

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**          GOVERNMENT CODE § 8202

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

*Michael J Moss*
_____          _____
*Signature of Document Signer No. 1*          *Signature of Document Signer No. 2 (if any)*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of *Los Angeles*

PAUL W. PEDERSON
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2187280
LOS ANGELES COUNTY
My Comm. Exp. April 16, 2021

*Place Notary Seal Above*

Subscribed and sworn to (or affirmed) before me
on this _10th_ day of _December_, 20 _18_,
by        *Date*                    *Month*              *Year*

(1)  *MICHAEL J MOSS*

(and  (2)_____ ),
                        *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature _____
                    *Signature of Notary Public*

——————————— **OPTIONAL** ———————————

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: *TRANSLATION Cert*  Document Date: _12/10/18_

Number of Pages: _1_  Signer(s) Other Than Named Above: _None_

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910

Page 2

_RMB 10,346,211 of total compensation payment_

4.  Regarding Order No. 9 of the final judgement, considering that both of the 1st Petitioner and the 2nd Petitioner agree that the compensation payment of RMB 10,346,211 must be divided into two equal amounts and remitted into the respective bank accounts of the 1st Petitioner and the 2nd Petitioner. The Respondent agrees to pay the 2nd Petitioner compensation in the amount of RMB 5,173,105.5. However, since the cash available for payment by the Respondent is all located within China, and considering the long period of time required to process the application to transfer money out of China, the Respondent again invites the 2nd Petitioner to provide a bank account within China (if the 2nd Petitioner does not have an account within China, it could consider instructing the Respondent to remit the compensation payment to the domestic bank account of Siji Huacheng). The Respondent further agrees that within five (5) business days of receiving of the above domestic bank account information, it will remit RMB 5,173,105.5 into said bank account.

# SIDLEY盛德

SIDLEY AUSTIN
39/F, TWO INT'L FINANCE CENTRE
CENTRAL, HONG KONG

盛德律師事務所
香港中環國際金融中心二期三十九樓
+852 2509 7888
+852 2509 3110 FAX 傳真

美洲　●　亞太地區　●　歐洲
AMERICA ● ASIA PACIFIC ● EUROPE

fyeoh@sidley.com
+852 2509 7652
yan.zhang@sidley.com
+852 2509 7849

Our Ref: 368873-10021

2018 年 4 月 30 日

<u>电邮及平邮</u>

贝克 ● 麦坚时国际律师事务所
<u>香港办事处</u>
<u>香港中环夏悫道, 和记大厦 14 楼</u>
<u>Attn: Mr Simon Hui /Ms Hailin Cui /Ms Tracy Shen</u>
（电邮：Simon.Hui@bakermckenzie.com/Hailin.Cui@bakermckenzie.com
/Tracy.Shen@bakermckenziefenxun.com 及平邮）

敬启者：

关于：（**1**）徐宏标（**2**）柯铮光 　　诉
（**1**）绿洲投资集团有限公司（**2**）俞乃奋（**3**）俞乃雯（**4**）俞乃筹
（**案件编号：HKIAC/A13028**）

1. 兹提及（1）仲裁庭日期为2018年2月28日的《最终裁决（利息与仲裁费除外）》
（"**最终裁决**"），（2）本所日期为2018年4月2日致贵所及第一申请人代理人
之信函，以及(3)贵所日期为2018年4月13日以及4月26日致本所之信函。

2. 针对贵所之信函，被申请人回复如下：

*四季花城股权转让*

3. 被申请人已经在联络相关机关确认办理四季花城股权转让手续所需的文件，并
正在起草股权转让协议。被申请人会于2018年5月10日前将股权转让所需文件提
供给申请人。此外，如本所2018年4月2日信函第7段所述，烦请申请人方提供四
季花城最新的审计报告（根据贵所日期为2018年4月26日之信函，该审计报告编
制工作已经完成）、营业执照和公司章程，并确认四季花城之董事会（包括董
事长、法定代表人）在本次股权转让前后不发生变化。

Partners | Desmond Ang C.K., (Christopher) Cheng C.H., Constance Choy H.M., Gloria Lam S.C., (Sherlyn) Lau S.Y., (Timothy) Li H., (Raymond) Oh C.H., Yuet Ming Tham, (Friven) Yeoh K.H, Yan Zhang
Registered Foreign Lawyers | Thomas W. Albrecht (Illinois)*, Joy Lam (New South Wales)*, (Carrie) Li J. (New York)*, Mengyu Lu (New York)*, G. Matthew Sheridan (New York)*
Effie Vasilopoulos (New South Wales)*, (Renee) Xiong Y. (New York)*, Vivek R. Baid (New York)*, Damien Yeow N. W. (Singapore)*, (Michael) Yu X. (New York)*
Consultants | Hon Au Yeung, Jennifer Cheung P.Y., Ann Ho A.C., Dominic D. James, Robert A. Mason, Olivia Ngan S.M., Felicity Wong K. Y.,
(Mandy) Wong S.W., Holly Yeung S. M., Claudia Yu K.W., Iris Yeun L.S.

* Partner of Sidley Austin Holding LLP (a Delaware Limited Liability Partnership)
* Foreign Legal Consultant / Legal Counsel

# SIDLEY 盛德

第 2 页

*人民币10,346,211元的总赔偿款*

4.　　就最终裁决命令第9项，鉴于第一、第二申请人均同意人民币10,346,211元的赔偿款应当由被申请人平分二等份后汇入第一、第二申请人分别指定的银行账户，被申请人同意向第二申请人支付人民币5,173,105.5元的赔偿款。然而，被申请人目前可支配的现金在中国境内，鉴于境内资金出境需办理境外汇款审批手续且时间会较长此，因此，被申请人再次邀请第二申请人考虑提供一个中国境内的银行账户（如果第二申请人无中国境内账户，可以考虑指示被申请人将赔偿款汇入四季花城的境内银行账户）。被申请人同意在收到上述境内银行账户信息后的五（5）个工作日内将人民币5,173,105.5元汇入该银行账户。

*清结第一被申请人与四季花城的往来账目*

5.　　被申请人注意到，第二申请人在其2018年4月6日提交的《第二申请人之解释／更正／补充裁决申请书》中，请求仲裁庭对最终裁决第3项命令下"四季花城与第一被申请人的债务"应当如何结清及支付作出补充裁决。第一申请人也在其2018年4月21日提交的第一申请人对于第二申请人之解释／更正／补充裁决申请书的书面回应中表示同意此补充裁决申请。据此，被申请人理解应在仲裁庭就这一补充裁决申请作出决定后再履行其第3项命令下的相关义务。如果申请人方对此有不同理解，被申请人愿意讨论。

*九亭商铺的转让*

6.　　第二申请人在2018年4月13日信函第6段提到，"*申请人将向被申请人提供一份共同提议（包括九亭商铺的受让人信息在内），以供被申请人履行转让九亭商铺的义务。*"因此，被申请人会等待申请方的该等共同提议。

*其他*

7.　　被申请人特此提请申请人方尽快回复本所2018年4月2日信函中第8a 和8b段所提问题。

8.　　在此保留被申请人的一切权利。

此致

盛德律师事务所

抄送：
周卓立 陈启球 陈一理律师事务所
香港干诺道中 130-136 号，诚信大厦 3 楼
（电邮：clc015@clcmc.com.hk / clc028@clcmc.com.hk 及平邮）

# EXHIBIT 5

# Baker McKenzie.
## 貝克·麥堅時律師事務所

**Baker & McKenzie**

14th Floor, Hutchison House
10 Harcourt Road, Central
Hong Kong SAR

香港中環
夏慤道十號
和記大廈十四樓

Tel: +852 2846 1888
Fax: +852 2845 0476
DX: 009086 Central 1
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East & Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh*
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**Latin America**
Bogota
Brasilia**
Buenos Aires
Caracas
Guadalajara
Juarez
Lima
Mexico City
Monterrey
Porto Alegre**
Rio de Janeiro**
Santiago
Sao Paulo**
Tijuana
Valencia

**North America**
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Francisco
Toronto
Washington, DC

* Associated Firm
** In cooperation with Trench, Rossi e Watanabe Advogados

9 May 2018
2018 年 5 月 9 日

**By Email 电子邮件送达:**
yan.zhang@sidley.com
/ fyeoh@sidley.com

Messrs SIDLEY AUSTIN 盛德律师事务所
39/F, Two Int'l Finance Centre
Central, Hong Kong
香港中环国际金融中心二期三十九楼

**Attention 收件人: Ms. Yan Zhang / Mr. Friven Yeoh**

Dear Sirs,
敬启者

**Case No.**            **HKIAC Arbitration No. 13028**
**Claimants:**          **(1) 徐宏标 (2) 柯铮光**
**Respondents:**    **(1) 绿洲投资集团有限公司 (2) 俞乃奋 (3) 俞乃雯 (4) 俞乃筠**

1.  We refer to your letter to us dated 30 April 2018. As instructed by our clients, we hereby reply as follows:

    兹提及贵方于 2018 年 4 月 30 日致我们的函件。依我方客户指示，我方答复如下：

**Transfer of Shares in SJHC**

**四季花城股权转让**

2.  With respect to SJHC's audit report, business licence and articles of association ("**SJHC's Documents**"), as indicated by our letter dated 26 April, the Fengxian Economic Commission requires only SJHC, rather than SJHC's shareholders, to submit SJHC's Documents and other documents required for the share transfer. SJHC's Documents are not necessary for the Respondents' preparation of the share transfer agreements and should not be used as a pretext for Respondents to delay the performance of their obligations under Order 5 and Order 7 of the Award. Therefore, the Respondents are requested immediately upon receipt of this letter to provide the Claimants with all

**Partners**

CHAN, Edmond
CHAN, Edmund
CHAN, Elsa SC
CHAN, Pierre
CHAN, Rico WK
CHAN, Ruby
CHENG, Barry WM
CHENG, Milton
CHEUNG, Debbie F
CHEUNG, Kwun Yee
CHONG, Hank
CROSSWELL, Stephen
FLEMING, David
HORMAN, Michael
HUNG, Sally

KENDALL, Susan
KEOY, Soo Khim
KOO, Dorothea
LEE, Christina
LEE, Lawrence
LEIGH, Nancy
LIU, Isabella
LOCKHART, Andrew W
LOO, Shih Yann
MAN, Karen
MAN, Sophia
MCKENZIE, Rowan
MURRAY, Liza
NG, Allen
NG, Bryan

NG, Jason
POON, Anthony KS*
SBUTTONI, Paolo
SEIB, Gary
SIEKER, Steven
SMITH, Christopher
SMITH, David
TAM, Martin
TAN, Loke-Khoon
TAN, Paul
TANG, Cynthia**
TSO, Grace
WAN, Shiu Man
WUT, Tracy

**Registered Foreign Lawyers**

ISAACS, Jonathan (New York)
LAU, May (New Zealand)
LEE, Won (New York)
LING, Amy (New York)
VANDEPOL, Mini (Melbourne, Australia)
WEISMAN, Richard (Massachusetts, New York)

* Notary Public | ** China-Appointed Attesting Officer

Baker & McKenzie, a Hong Kong Partnership, is a member of Baker & McKenzie International, a Swiss Verein.

relevant documents in the Respondents' possession that SJHC requires for the purpose of SJHC's submission to relevant authority for the share transfer. As per the list previously provided in our letter dated 26 April, the Respondents are requested to provide the Claimants with a copy of the new shareholder's (i.e. Shibang) incorporation certificate that are notarized by a China appointed attesting officer in Hong Kong. In addition, the Respondents also need to provide the copies of the incorporation certificates of the existing shareholders (i.e. Lvting Zhiye and Kechuang) . In particular, the copy of the incorporation certificate of Lvting Zhiye needs to be notarized by a China appointed attesting officer in Hong Kong.

关于四季花城的审计报告、营业执照和公司章程（"四季花城的文件"）事宜，如我于 4 月 26 日的函件中所述，奉贤区经济委员会只要求四季花城，而非四季花城的股东，提交四季花城的文件以及股权转让所需其他文件。四季花城的文件对被申请人准备股权转让协议而言并非必要，也不应作为被申请人迟延履行其第 5 项和第 7 项命令之义务的借口。因此，我们要求被申请人在收到此信函后立即向申请人提供，被申请人所持有的四季花城为股权转让而需向相关部门提交的一切相关文件。根据之前我们在 4 月 26 日信函中所提供的文件清单，被申请人需要向申请人提供新股东（即世邦公司）经香港的中国委托公证人公证的主体资格证明。此外，被申请人也需要提供现有股东（即绿庭置业及科创公司）的主体资格证明文件。特别是，绿庭置业的主体资格证明也需要经香港的中国委托公证人公证。

If there are other legitimate purposes for which the Respondents require the information requested in their last letter, please provide us with the above purposes so that we can assist to facilitate the transfer of shares as quickly and efficiently as possible.

被申请人在其上一封信函中所要求提供的信息如果是另有其他合法目的，请将上述目的告知我方，以便我方能够尽量快速、高效地协助贵方完成股权转让。

2.   According to your letter dated 30 April, we understand that the Respondents are preparing, and will provide, documents and agreements required for the transfer of SJHC shares to the Claimants by 10 May. Given the ample time the Respondents have had to prepare, we look forward to receiving such documents on 10 May.

根据贵方 4 月 30 日的信函，我们了解被申请人正在准备，并即将于 5 月 10 日前向申请人提供四季花城股权转让所需的文件和协议。鉴于被申请人早已被给予了充足的准备时间，我们期待于 5 月 10 日收到上述文件。

3.   With respect to the governance structure of SJHC, this issue is not related to the HKIAC Arbitration No. 13028, and shall not constitute any excuse for Respondents' further delay in performing any of their obligations under the Award. The change of the governance structure of SJHC is a matter to be discussed and agreed by both Claimants, and is to be exercised by the

2

Claimants after the share transfer of SJHC is completed under the Award. Any continued mention of changing the governance structure of SJHC prior to fulfilling the Respondents' obligations under the Award will be considered as a further attempt to delay or refuse compliance with the Award, and our client will pursue all necessary actions to claim damages that might arise from such delay or violation of the Award.

关于四季花城的治理结构，该等事宜与香港国际仲裁中心第 13028 号仲裁案件无关，也不应构成被申请人进一步迟延履行其在裁决项下任何义务的任何理由。此外，四季花城治理结构的变更应经两位申请人的讨论和同意，并在四季花城股权转让完成之后由申请人实施。在被申请人履行其裁决义务之前，如继续提及改变四季花城治理结构的事宜，将被视为进一步企图迟延或拒绝遵守裁决，我方客户将采取所有必要措施，对可能因该种迟延或违反裁决而产生的损失进行求偿。

**Damages in the amount of RMB 10,346,211**

**数额为人民币 10,346,211 元的损失**

4.  As specified in our letter dated 13 April, our client has nominated the bank account for receiving payment of their 50% portion of damages under Order 9. In our letter, we pointed out clearly that, as a creditor under the Award, our client is entitled to designate whichever bank account, be it a PRC or foreign bank account, that it considers appropriate and to the extent permitted by law as the recipient of the monetary award. Our client wishes to reemphasize that only payment of 50% of RMB 10,346,211 (i.e., RMB 5,173,105.5) to a foreign bank account will be accepted by our client. Moreover, our client will not negotiate further with the Respondents on this matter, and we will commence legal proceedings in the competent jurisdictions without further notice in the event that Respondents continue to fail to comply with Order 9.

如我方 4 月 13 日的信函所述，我方客户已指定银行账户以接收其在第 9 项命令下 50%的赔偿金。我方信函中明确指出，作为裁决中的权利人，我方客户有权在法律允许的范围内指定其认为适当的银行账户（无论是中国或境外的银行账户）用以接收被申请人的付款。我方客户希望再次强调，只有我方客户仅接受双方将 10,346,211 元人民币的 50%（即5,173,105.5 元人民币）支付至境外银行账户。此外，我方客户不会再就此问题与被申请人作进一步协商，如果被申请人继续不遵守第 9 项命令，我们将在不另行通知的情况下于有管辖权的法域提起法律程序。

**Settlement of the Intercompany-debts between the 1st Respondent and SJHC**

**清结第一被申请人与四季花城的往来账目**

5.  Our client is confused with Respondents' comments regarding the Outstanding Amount in your letter dated 30 April 2018. We understand that both Respondents and Claimants have no dispute over the Outstanding Amount as defined in our letter dated 23 March. In addition, at Respondents' request, our

client has also provided the exchange rate applicable to HKD 42,115 and SJHC's bank account for receiving the Outstanding Amount in our letter dated 13 April. Is it Respondents' position that they now disagree with the Outstanding Amount payable to SJHC? Do the Respondents now disagree with the exchange rate applied to HKD 42,115? If so, Respondents are requested to provide their reasons for the disagreement in the planned letter of 10 May. Any failure to respond will be deemed as Respondent's confirmation of the Outstanding Amount.

我方客户对贵方 2018 年 4 月 30 日信函中关于欠付金额的意见感到困惑。我方认为被申请人与申请人对我方 3 月 23 日信函中所定义的欠付金额均无争议。此外，依被申请人要求，我方客户也于 4 月 13 日信函中提供了 42,115 元港币适用的汇率和四季花城用以接收欠付金额的银行账户。被申请人的立场是否为其现在对于应当支付给四季花城的未付金额持有异议？是否对 42,115 元港币适用的汇率持有异议？如确有异议的，被申请人应在其 5 月 10 日计划发出的信函中说明其产生异议的原因。若被申请人未作回应，将视作被申请人已确认上述欠付金额。

6.   For the benefit of your client's understanding, the purpose of the request to the Tribunal for the additional award on Order 3 is to ensure the efficiency and effectiveness of domestic enforcement proceedings, which is the natural and necessary next step if your client fails to comply with the Order voluntarily.

为便于贵方客户理解，我方特此说明，向仲裁庭提出的关于第 3 项命令的补充裁决请求，其目的在于确保国内执行程序的效率和效力，而执行程序是贵方客户未能自愿遵守命令的情况下将当然且有必要进行的下一步骤。

7.   In light of the above, we cannot see any reason for the Respondents' continued delay in paying the Outstanding Amount under Order 3 of the Award, which were due on 28 March. If the Respondents fail to make payment immediately, our client will have no choice but to pursue all necessary actions to claim damages plus accrued interests and legal costs against the Respondents.

鉴于以上，我们未能看到被申请人有任何原因可以继续迟延支付已于 3 月 28 日到期的裁决第 3 项命令中的未付款项。若被申请人未能立即付款，我方客户将别无选择，而只能采取一切必要的行动向被申请人要求赔偿损失、应计利息以及法律费用。

**Transfer of two A2 Houses and Jiuting Property**

**两幢 A2 型别墅和九亭商铺的转让**

8.   As previously requested by our client, please provide the following information and documents as soon as possible:

如之前我方客户所要求的，请尽快提供以下资料和文件：

•   the detailed information of the transferee(s) for the A2 Houses;

A2 型别墅受让人的具体信息；

- the allocation of the total price between the two A2 Houses, if desired (absence of a specific request for allocation will be construed as acceptance of an equal allocation of price between the two A2 Houses of RMB 36,000,000 each); and

如被申请人希望对总价进行分配的，烦请提供两幢 A2 型别墅之间的总价分配（若无特定分配需将视作被申请人接受在两幢 A2 型别墅之间平均分配价格，每幢别墅各为 36,000,000 元人民币）；以及

- a draft "Shanghai Real Estate Sale Contract" for the Jiuting Commercial Property.

九亭商铺的《上海市房地产买卖合同》初稿一份。

9.  All of our client's rights are hereby expressly reserved.

兹明确保留第二申请人的所有权利。

Yours faithfully

此致

**Baker & McKenzie**

**贝克 • 麦坚时国际律师事务所**

**cc**

**抄送**

**Messrs C.L CHOW & MACKSION CHAN**

**周卓立 陈启球 陈一理 律师事务所**

By Email 电子邮件送达： clc015@clcmc.com.hk / clc028@clcmc.com.hk

# EXHIBIT 6

City of Redondo Beach, State of California, County of Los Angeles

I, Michael John Moss Jr., am a linguist hired by TransPerfect, a translation services that operates under both ISO 9001:2008 and EN 15038:2006 certification. I have been speaking the Mandarin dialect of Chinese for 22 years. I am a recipient of Certificate with distinction from the Court Interpretation and Translation Program at UCLA Extension and a voting member of the American Translators Association, membership number: 261961. I have studied Mandarin Chinese to English translation for 15 years.
The following document is, to the best of my knowledge and belief a true and accurate translation from Chinese into English:

2018.05.14 Letter

TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years' experience translating in the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

Sworn to before me this
Monday, December 10, 2018

Michael John Moss Jr, Translator

_____

Signature, Notary Public

_____

Stamp, Notary Public

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**    GOVERNMENT CODE § 8202

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

_Michael J. Moss_

_Signature of Document Signer No. 1_          _Signature of Document Signer No. 2 (if any)_

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ___Los Angeles___

PAUL W. PEDERSON
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2187280
LOS ANGELES COUNTY
My Comm. Exp. April 18, 2021

*Place Notary Seal Above*

Subscribed and sworn to (or affirmed) before me

on this __10 th__ day of __December__, 20 __18__,
         *Date*              *Month*          *Year*

by

(1) __Michael J. Moss__

(and (2) _____ ),
                *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

*Signature of Notary Public*

———————————— **OPTIONAL** ————————————

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: __translation cert.__    Document Date: __12/10/18__

Number of Pages: __1__  Signer(s) Other Than Named Above: __None__

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5910

Page 2 of 6

**I.** *Order No. 9 (Regarding Jiu Ting Commercial's compensation payment of RMB 10,346,211)*

5.    Order No. 9 of the Final Judgement reads "*The 2nd Respondent, 3rd Respondent and 4th Respondent are ordered to jointly pay the Respondent **RMB**10,346,211 as the compensation for damages...*" It is an evident that Order No. 9 explicitly stipulates that the compensation payment must be made in RMB and does not require the respondent to make any overseas payments. In consideration of this fact, compensation payed domestically is not only permitted under Order No. 9, but also a more reasonable interpretation of this Order. In accordance with the relevant Chinese foreign exchange management regulations and operating practice, and in consideration of the fact that the Final Judgement does not require this payment to be made to a foreign account at a foreign entity, the probability of obtaining the relevant approval for a foreign exchange conversion and payment is very low.

6.    The Respondent has always been willing to perform the obligations under Order No. 9 of the Final Judgement, and in the last several weeks, it has been in constant contact with the two Petitioners regarding the mode of payment and account information.

7.    On March 28, the 1st Petitioner sent a letter to the Respondent, requesting a check from the Respondent for 50% of the corresponding amount in Order No. 9 in HKD made out to the 1st Petitioner's Agent [see Appendix 2]. The respondent sent a letter to the two Petitioners on April 2, inviting them to provide the name and account information of the recipient of the compensation payment, and to further clarify the partition ratio between the two Petitioners, while advising that *"Considering the fact that the currency of compensation for damages is in RMB, the petitioner is requested to provide a domestic account for payment by the controlling shareholder within Mainland China. If the petitioning party wishes the payment to be made into a foreign account, in accordance with the requirements of the laws of China foreign exchange control, the respondent requires that the petitioning parties go to a bank within China together to learn specific procedures for overseas payments, and the petitioning parties are required to prepare respective materials to be submitted to the bank for review."* However, the 2nd Petitioner has not sent a letter confirming that the compensation payment must be divided into two equal parts and remitted into the bank accounts designated by the 1st Petitioner and the 2nd Petitioner, respectively, until April 13. In addition, the 2nd Petitioner insisted on its request that the Respondent remit the payment into its foreign account in "*HKD or other non-RMB currency*" [see Appendix 3].

Page 3 of 6

8.   With regards to the 1st Petitioner's portion of the compensation payment, the 1st Petitioner had agreed to have the payment made to its domestic bank account, and the Respondent had made the payment for the corresponding amount on May 2 to the account provided by the first Petitioner on April 6, and the 1st Petitioner has confirmed the receipt of this payment. [See Appendices 4 and 5] However, in its May 4 letter, the 2nd Petitioner completely ignored this important fact.

9.   Regarding the 2nd Petitioner's portion of the compensation payment, on April 30, the Respondent again sent a letter to the 2nd Petitioner in the hope that the 2nd Petitioner would provide its domestic account as well as explaining the reason for requiring domestic payment of compensation [see Appendix 6]. The Respondent promised that if the 2nd Petitioner could provide a domestic account, the Respondent would pay the corresponding amount into said account within five business days after receiving the account information. Similarly, these facts were ignored and not mentioned in its May 4 letter either, and the Petitioner unilaterally accused the Respondent of deliberate delaying payment, which is neither objective nor fair.

**SIDLEY 盛德**

SIDLEY AUSTIN
39/F, TWO INT'L FINANCE CENTRE
CENTRAL, HONG KONG

盛德律師事務所
香港中環國際金融中心二期三十九樓
+852 2509 7888
+852 2509 3110 FAX 傳真

美洲 • 亞太地區 • 歐洲
AMERICA • ASIA PACIFIC • EUROPE

fyeoh@sidley.com
+852 2509 7652
yan.zhang@sidley.com
+852 2509 7849

Our Ref: 368873-10021

2018 年 5 月 14 日

<u>电邮及平邮</u>

杨炎龙先生
香港中环干诺道中 8 号
交易广场第一座 18 楼
（电邮：ingloong.yang@lw.com/Sonia.Chan@lw.com 及平邮）

黄旭伦资深大律师
香港中环雪厂街 10 号
新显利大厦 10 楼
（电邮：<u>horace@siroswald.com/clark@siroswald.com</u> 及平邮）

香港国际仲裁中心
香港中环干诺道中 8 号，交易广场第二座 38 楼
致：黄子宜
（电邮：<u>arbitration@hkiac.org / zhuang@hkiac.org</u> 及平邮）

敬启者：

关于：（1）徐宏标（2）柯铮光　　　诉
（1）绿洲投资集团有限公司（2）俞乃奋（3）俞乃雯（4）俞乃筠
（案件编号：HKIAC/A13028）

鉴于：

1.　　2018年3月7日各方当事人收到《最终裁决（利息与仲裁费除外）》（"**最终裁决**"）后，第二申请人于2018年4月6日提交了《第二申请人之解释/更正/补充裁决申请书》及其附件，要求对最终裁决的部分内容作出解释、更正和补充裁

**Partners** | Desmond Ang C.K., (Christopher) Cheng C.H., Constance Choy H.M., Gloria Lam S.C., (Sherlyn) Lau S.Y., (Timothy) Li H., (Raymond) Oh C.H., Yuet Ming Tham, (Friven) Yeoh K.H, Yan Zhang
**Registered Foreign Lawyers** | Thomas W. Albrecht (Illinois)*, Joy Lam (New South Wales)*, (Carrie) Li J. (New York)*, (Mengyu Lu (New York)*, G. Matthew Sheridan (New York)
Effie Vasilopoulos (New South Wales)*, (Renee) Xiong Y. (New York)*, Vivek R. Bald (New York)*, Damien Yeow N. W. (Singapore)*, (Michael) Yu X. (New York)*
**Consultants** | Hon Au Yeung, Jennifer Cheung P.Y., Ann Ho A.C., Dominic D. James, Robert A. Mason, Olivia Ngan S.M., Felicity Wong K. Y.,
(Mandy) Wong S. W., Holly Yeung S. M., Claudia Yu K.W., Iris Yeun L.S.

* Partner of Sidley Austin Holding LLP (a Delaware Limited Liability Partnership)
* Foreign Legal Consultant / Legal Counsel

决（"**第二申请人申请**"）。首席仲裁员于2018年4月9日要求第一申请人及被申请人于2018年5月7日下午6点之前针对第二申请人申请发表意见；

2.　被申请人于2018年4月27日致函香港国际仲裁中心（"**仲裁中心**"）、首席仲裁员和黄旭伦资深大律师，提出要求依据《香港国际仲裁中心规则》（2008 年9月1日生效）（《**2008仲裁规则**》）第12.1条指定替换仲裁员，并且于2018年5月3日正式向仲裁中心提请指定王雪华博士为替换仲裁员与仲裁庭剩余两位成员一起继续进行本案程序；

3.　依据首席仲裁员4月27日的指示，第一申请人、第二申请人分别于2018年5月3日以及5月4日提交了其对被申请人4月27日信函之回复（以下分称为"**第一申请人回复**"、"**第二申请人回复**"）；

4.　第二申请人回复中指控被申请人"*仍延续其一贯的拖延策略，寻求一切可利用之借口以试图不履行大部分履行期限已届满的命令*"。被申请人否认此不实指控并对第二申请人回复中片面和有误导性的阐述表示不满。被申请人认为：本仲裁现今的执行进度并非由于被申请人的故意拖延造成，而是诸多事宜需要得到第一申请人和第二申请人的配合和一致指示。被申请人与两位申请人自收到最终裁决后几周内的多封往来通讯可以证明这一点。例如，被申请人于2018年4月2日致申请人方的信函中表明要推进最终仲裁裁决书中命令的履行，希望两位申请人能提供相应信息，并提醒两位申请人沟通并达成共识，避免给出不一致的指示导致履行的延迟【见附件1】。但至今，被申请人仍未从两位申请人处收到一致的指示（相反，有的指示互相矛盾）和足够的信息以履行最终裁决。为便于仲裁庭了解事实全貌，被申请人将有关情况澄清如下：

一、　　*第9项命令（针对九亭商铺的人民币10,346,211元的赔偿款）*

5.　最终裁决第9项命令为"*命令第二被申请人、第三被申请人和第四被申请人共同支付给申请人人民币10,346,211元的损失作为损失赔偿……*"可见，第9项命令明确约定赔偿款须以人民币支付，且并未要求被申请人于境外支付。有鉴于此，以人民币于境内支付赔偿款不仅为第9项命令所允许，更是对该项命令更为合理的解读。根据中国外汇管理相关规定和操作实践，鉴于最终裁决中未要求该款项要支付至境外实体的境外账户，获得相关审批换汇支付的几率非常低。

6.　被申请人一直以来都愿意履行最终裁决第9项命令下的义务，并在过去的几周内就支付方式和账户信息一直与两位申请人有沟通。

7.　第一申请人于3月28日致函被申请人，要求被申请人支付第9项命令中金额50%对应的等值港币以支票形式送达第一申请人的代理人【见附件2】。 被申请人于4月2日致函邀请两位申请人提供赔偿款的接收人名称和账户信息、并明确两申请人间的分配比例，同时建议 "*鉴于赔偿金额为人民币，请申请人提供境内账户，由控股股东于中国大陆境内支付。如申请人方希望向境外账户支付，由于中国外汇管制法律的要求，被申请人需要申请人方共同到中国境内银行了解对外支付的具体手续要求，并按照要求分别准备资料提交银行审核。*" 然而，第二申请人直至4月13日才致函确认其同意总赔偿款应当由被申请人平分二等份后

汇入第一、第二申请人分别指定的银行账户，但是，第二申请人坚持要求被申请人以*"港元或其他非人民币的货币"* 将款项汇入其境外账户【见附件3】。

8. 就第一申请人的赔偿款部分，第一申请人同意支付入其境内银行账户，被申请人已于5月2日将相应金额支付进第一申请人4月6日提供的账户，且第一申请人已于5月3日确认收悉该款项。【见附件4、5】然而，对于这一重要事实，第二申请人却在其5月4日信函中完全忽略。

9. 就第二申请人的赔偿款部分，被申请人在4月30日再次致函第二申请人希望其提供境内账户并解释要求境内支付赔偿款的原因【见附件6】。被申请人承诺，如果第二申请人可以提供境内账户，被申请人会在收到此账户信息后的五个工作日内汇入相应金额。同样，这些事实，第二申请人在其5月4日的信函中也忽略不提，而片面地指责被申请人故意拖延履行，这不客观也不公平。

## 二、  *第1项命令（九亭商铺的转让）*

10. 针对第1项命令（九亭商铺的转让），第二申请人表示其与第一申请人商议后会将向被申请人提供受让方的具体信息。然而，第一申请人却要求被申请人将九亭商铺所有权的50%转给其指定之公司。

11. 有鉴于此，被申请人立即于4月2日致函申请人方，*"请申请人共同提供九亭商铺受让方的信息，包括身份证或营业执照"*，并要求两位申请人就九亭商铺的所有权如何分割进行澄清确认。第一申请人于4月6日信函中要求被申请人将商铺11个房产证的所有权权益按各自50%的份额分别转给两位申请人。【见附件4】第二申请人对此却并不支持，而是在其4月13日信函第6段仍表示，*"申请人将向被申请人提供一份共同提议（包括九亭商铺的受让人信息在内），以供被申请人履行转让九亭商铺的义务"*。然而，三周后，第二申请人在其5月4日信函中却表示申请人仍在协商九亭商铺的受让人，第一申请人也在5月3日的信函中表示其将另行回复【见附件5】。至今，申请人方仍未向被申请人提供达成一致的九亭商铺受让人及所有权分割等信息。

12. 因此，该项命令目前被申请人无法履行。显然，该等无法履行是由于两位申请人就此问题尚未达成共识而无法给出一致指令，而并非被申请人的延误导致。

## 三、  *第5项和第7项命令（四季花城股权转让）*

13. 被申请人准备了股权转让文件草稿，并于2018年4月2日即致函申请人方要求*"两位申请人提供四季花城最新的营业执照、公司章程和审计报告，以方便被申请人方准备股权转让文件。"* 第二申请人4月13日回函中称，*"申请人将提供四季花城的相关营业执照和公司章程，而审计报告一经完成也会一并提供"*，并于4月26日信函中表示审计报告编制工作已经完成。然而，第一申请人却在5月3日的信函中表示其还需*"与第二申请人确认有关审计报告的一些细节后再向被申请人作出正面回复"*。被申请人至今未收到任何该等材料。

14. 尽管申请人方未提供上述文件，被申请人仍主动与相关审批机关联系就股权转让手续进行了沟通。为配合四季花城递交材料，4月30日致第一、第二申请人的信函中，被申请人表示会于5月10日前提供股权转让文件草稿。【见附件6、7】

15. 然而，第一申请人又于5月3日致函被申请人，对四季花城股权转让提出了新的要求，即"*要求被申请人在**四季花城股权转让之前**，根据4.28协议及四季花城的章程，就四季花城的董事会成员、法人代表及总经理作出换届及重新委派*"。具体而言，就四位董事会成员，第一申请人建议两位申请人各自指定两位董事会成员，而就法人代表及总经理，两位申请人各自指定一位，并由第二申请人选择指定哪个职位。第一申请人表示，对此提议"*第二申请人应没有异议*"。【附件5】 但是，第二申请人却对第一申请人的要求并不支持，在其5月9日致被申请人的信函中提出，"*四季花城治理结构的变更应经两位申请人的讨论和同意，并在四季花城股权转让完成之后由申请人实施*"。第二申请人要求被申请人立即进行股权转让，表明被申请人"*如继续提及或改变四季花城治理结构的事宜，将被视为进一步企图迟延或拒绝遵守裁决，我方客户将采取所有必要措施，对可能因该种迟延或违反裁决而产生的损失进行求偿*"。【附件8】

16. 可见，两位申请人就四季花城的治理结构和股权转让进行顺序的指示完全矛盾，被申请人不知应当按第一申请人的要求暂停四季花城股权转让而先进行四季花城的董事会成员、法人代表及总经理的换届及重新委派，还是如第二申请人的指示，忽视第一申请人的要求而继续推进四季花城股权转让。这一点，两位申请人不达成一致，被申请人非常为难。显然，四季花城治理结构事宜是由第一申请人提出，而并非由被申请人提出，第二申请人将此归咎于被申请人企图延迟或拒绝遵守裁决完全无根据。

### 四、    第3项命令（清结第一被申请人与四季花城的往来账目）

17. 相信首席仲裁员及黄明裁员从当事人过去几周的往来信函可以看出，各方在最终裁决发出后就第3项命令的履行进行了多次书面的讨论和协商。被申请人早在4月2日致函两位申请人，请其确认第一被申请人需支付的最终金额并提供接收人四季花城的账户信息。没有四季花城的银行账户信息，被申请人无从支付。

18. 但是，4月6日，第二申请人在其申请中请求仲裁庭对最终裁决第3项命令下"四季花城与第一被申请人的债务"应当如何结清及支付作出补充裁决。那么，合理人的理解是被申请人应等待重组成的仲裁庭就澄清和补充裁决申请作出裁决。但是，提交该申请一周后，第二申请人又于4月13日致函被申请人，**首次提供了四季花城的中国银行账户信息**，并且确认了第一、第二申请人均同意的支付金额（即人民币23,882,261.71元，其中港币部分按照中国人民银行2018年2月28日的汇率换算）。【见附件3】鉴于申请人一方面向被申请人确认金额且要求被申请人按其要求的方式进行支付，另一方面同时又要求仲裁庭对于此项命令作出澄清/补充裁决，被申请人不知是否应当立刻按申请人的要求执行还是应当等待仲裁庭作出澄清/补充裁决。为了解除该等疑惑，被申请人于4月30日的信函中询问申请人方是否希望被申请人在相应的澄清/补充裁决申请得到处理后再进行支付，并表示愿意与申请人就此问题讨论。【见附件6、7】

19. 综上，相信各位可以看出，现今命令履行的进度并非是由于被申请方的故意拖延造成的，而是诸多事宜需要得到第一申请人和第二申请人的配合和一致指示。

**五、 对第二申请人指责被申请人拖延指定替换仲裁员之回应**

21. 被申请人注意到第二申请人回复中称其"*怀疑被申请人在郑若骅仲裁员辞职七周后才要求指定替换仲裁员，完全是被申请人为拖延甚至躲避履行裁决义务所使用的另一伎俩。*"对此无根据的指控，被申请人表示反对和抗议。被申请人认为，替换仲裁员申请符合相关规定，时间合理，且并未对申请人方权益造成损害，理据有以下两点：

22. 《2008仲裁规则》并无规定要求被申请人必须在某个期限内提出替换仲裁员申请，特别是在仲裁中心秘书处并没有指示的情况下。相反，《2008仲裁规则》第12.1条明确规定，"*除非当事人另有约定，在始终满足任何适用的强制性法律规定的前提下，若一方指定的仲裁员死亡或因任何其无法控制的原因而无法履行职责，* **仲裁中心秘书处** *应设定一个期限，由指定此仲裁员的一方指定一名替换仲裁员……[增加强调]*"。可见，若出现仲裁员辞职的情况，应先待仲裁中心主动设定一个期限后，被申请人再于该期限内提出替换仲裁员人选。因此，鉴于本案中，仲裁中心在郑大律师辞职后未设定此期限，且首席仲裁员和黄仲裁员也无相关指示，被申请人并无义务主动提出替换仲裁员申请。但是，被申请人主动提请仲裁中心启动替换仲裁员的程序并于短短的一周后向仲裁中心出了替换仲裁员人选，不仅不是拖延，还应当是积极主动推进程序。

23. 无论如何，被申请人提名替换仲裁员的时点，并不会对申请人方的权益造成损害。最终裁决于3月7日发出后，仲裁庭尚未对利息与仲裁费作出进一步指示，因而，当时并无申请指定替换仲裁员的紧迫性。直至第二申请人于4月6日提交申请要求对最终裁决的部分内容作出解释、更正和补充裁决，才使得指定替换仲裁员变得紧迫。之后三周内，在仲裁中心设定任何期限前，被申请人便主动提请仲裁中心启动替换仲裁员的程序，并很快提出了人选。可见，被申请人提出替换仲裁员申请的时间毫无延迟，更不会对申请人方的权益造成损害。

24. 被申请人还注意到，第二申请人回复第5段提请由当前仲裁庭就各方当事人的诉费与利息陈述给予指示。对此，被申请人认为，为了避免仲裁程序出现瑕疵，该等指示应待替换仲裁员得到确认后由重新组成的仲裁庭作出。

此致

盛德律师事务所

抄送：

周卓立 陈启球 陈一理律师事务所
香港干诺道中 130-136 号，诚信大厦 3 楼
（电邮：clc015@clcmc.com.hk / clc028@clcmc.com.hk 及平邮）

贝克 ●麦坚时国际律师事务所
香港办事处
香港中环夏悫道, 和记大厦 14 楼
致：Simon Hui 先生/Hailin Cui 女士/Tracy Shen 女士
（电邮：Simon.Hui@bakermckenzie.com/Hailin.Cui@bakermckenzie.com
/Tracy.Shen@bakermckenziefenxun.com 及平邮）

# EXHIBIT 7

City of Redondo Beach, State of California, County of Los Angeles

I, Michael John Moss Jr., am a linguist hired by TransPerfect, a translation services that operates under both ISO 9001:2008 and EN 15038:2006 certification. I have been speaking the Mandarin dialect of Chinese for 22 years. I am a recipient of Certificate with distinction from the Court Interpretation and Translation Program at UCLA Extension and a voting member of the American Translators Association, membership number: 261961. I have studied Mandarin Chinese to English translation for 15 years.
The following document is, to the best of my knowledge and belief a true and accurate translation from Chinese into English:

2018.10.29 Letter

TransPerfect Translations, Inc., a translation organization with over 90 offices on six continents, is a leader in professional translations. TransPerfect Translations, Inc. has over twenty years' experience translating in the above language pair, its work being accepted by business organizations, governmental authorities and courts throughout the United States and internationally.

TransPerfect Translations, Inc. affirms that the provided translation was produced in according to our ISO 9001:2015 and ISO 17100:2015 certified quality management system, and also that the agents responsible for said translation(s) are qualified to translate and review documents for the above language pair, and are not a relation to any of the parties named in the source document(s).

Sworn to before me this
Monday, December 10, 2018

Michael John Moss Jr., Translator

_____

Signature, Notary Public

_____

Stamp, Notary Public

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**          GOVERNMENT CODE § 8202

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

_____
Signature of Document Signer No. 1

_____
Signature of Document Signer No. 2 (if any)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Los Angeles_

Subscribed and sworn to (or affirmed) before me
on this __10th__ day of __December__, 20_18_,
by          Date          Month          Year

(1)__ Michael J. Moss __

(and (2)_____ ),
Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature _____
Signature of Notary Public

```
PAUL W. PEDERSON
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 2187280
LOS ANGELES COUNTY
My Comm. Exp. April 16, 2021
```

Place Notary Seal Above

─────────────── OPTIONAL ───────────────

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _Translation Cert_          Document Date: _12/10/18_

Number of Pages: _1_   Signer(s) Other Than Named Above: _None_

©2016 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5910

### IX. Regarding Order No. 9 in the Final Judgement

50.    The Petitioners [sic: Respondent] have already made payment to the 1st Petitioner [see Appendix 7]; the 2nd Petitioner has been refusing to provide the Respondent with the information of a valid account within China, which has caused the Respondent to be unable to make payment to the 2nd Petitioner;

51.    The 1st Petitioner has already provided the Respondent with the information of a valid account within China. The Respondent, on May 2, 2018, has already paid 50% of the Final Judgement to the 1st Petitioner, i.e. RMB 5,173,105.5. The Respondent has thereby already performed its obligation to pay compensation for damages to the 1st Petitioner.

52.    As this arbitration judgement order confirms that the Respondent must use RMB as the currency for the payment, therefore, the Respondent is only obligated to make payment to the 2nd Petitioner in RMB, and that there is no obligation for the Respondent to make the payment in any other currency. As stated in the Respondent's April 2, 2018 letter, due to the requirements of the laws of China's foreign exchange control, if the petitioning party wishes the payment to be made into a foreign account, the  petitioning party shall go together to a bank in China to learn specific procedures for overseas payments. However, the 2nd Petitioner has never responded to this fact.

53.    Even though subsequently, the Respondent made multiple requests on April 30, 2018 and July 11, 2018 to the 2nd Petitioner for a valid domestic RMB account, the 2nd Petitioner has been refusing this request, therefore, responsibility for failure to perform this order should not be placed on the Respondent.

**SIDLEY 盛德**

SIDLEY AUSTIN
39/F, TWO INT'L FINANCE CENTRE
CENTRAL, HONG KONG
+852 2509 7888
+852 2509 3110 FAX 傳真

盛德律師事務所
香港中環國際金融中心二期三十九樓

美洲 • 亞太地區 • 歐洲
AMERICA • ASIA PACIFIC • EUROPE

fyeoh@sidley.com
+852 2509 7652
yan.zhang@sidley.com
+852 2509 7849

Our Ref: 368873-10021

2018 年 10 月 29 日

**电邮及平邮**

杨炎龙先生
香港中环干诺道中 8 号
交易广场第一座 18 楼
（电邮：ingloong.yang@lw.com/Sonia.Chan@lw.com）

黄旭伦资深大律师
香港中环雪厂街 10 号
新显利大厦 10 楼
（电邮：horace@siroswald.com/clark@siroswald.com）

王雪华博士
北京朝阳区安立路 68 号
阳光广场 B2 座 29 层
（电邮：wangxuehua@huanzhonglaw.com）

尊敬的各位：

关于：（1）徐宏标（2）柯铮光　　　诉
（1）绿洲投资集团有限公司（2）俞乃奋（3）俞乃雯（4）俞乃笃
（案件编号：HKIAC/A13028）

鉴于：

1.　　香港国际仲裁中心（"仲裁中心"）于2018年3月7日向各方发出了仲裁庭落款日
期为2018年2月28日的《最终裁决（利息与仲裁费除外）》（"**最终裁决**"）；

Partners | Desmond Ang C.K., (Christopher) Cheng C.H., Constance Choy H.M., Gloria Lam S.C., (Sherlyn) Lau S.Y., (Timothy) Li H., (Raymond) Oh C.H., Yuet Ming Tham, (Friven) Yeoh K.H. Yan Zhang
Registered Foreign Lawyers | Thomas W. Albrecht (Illinois)*, Joy Lam (New South Wales)*, (Carrie) Li J. (New York)*, Mengyu Lu (New York)*, G. Matthew Sheridan (New York)*
Effie Vasilopoulos (New South Wales)*, (Renee) Xieng Y. (New York)*, Vivek R. Baid (New York)*, Damien Yeow N. W. (Singapore)*, (Michael) Yu X. (New York)*
Consultants | Hon Au Yeung, Jennifer Cheung P.Y., Ann Ho A.C., Dominic D. James, Robert A. Mason, Olivia Ngan S.M., Felicity Wong K. Y.,
(Mandy) Wong S. W., Holly Yeung S. M., Claudia Yu K.W., Iris Yeun L.S.

* Partner of Sidley Austin Holding LLP (a Delaware Limited Liability Partnership)
* Foreign Legal Consultant / Legal Counsel

ACTIVE 236450631

2.　第二申请人于2018年4月6日提交了《第二申请人之解释/更正/补充裁决申请书》及其附件，要求对最终裁决的部分内容作出解释、更正和补充裁决（"**第二申请人申请**"）；

3.　2018年4月21日，第一申请人于其对于第二申请人之解释／更正／补充裁决申请书的书面回应中，要求对最终裁决的部分内容作出补充裁决（"**第一申请人申请**"）；

4.　仲裁中心已于2018年8月28日确认了王雪华博士担任替补仲裁员；及

5.　2018年3月23日至今，各方围绕裁决的更正、解释、补充，及执行提交了意见。遵循首席仲裁员2018年9月27日的指示，被申请人整理对第一申请人和第二申请人的申请意见如下，以方便重新组成的仲裁庭有效地处理该等申请。

**一、有关最终裁决第1项命令**

**（一）有关最终裁决第1项命令的补充**

6.　针对最终裁决第1项命令，第一申请人请求对"九亭商铺"简称所包含的完整财产作出补充裁决。对此，被申请人认为重新组成的仲裁庭不应也无必要对第1项命令作出补充裁决。具体理由如下：

7.　第一，《仲裁条例》第69条（即《贸法委示范法》第33条）以及《2008仲裁规则》第35.1条明确规定，当事人仅可就"仲裁程序中提出了而裁决中遗漏的请求"提请补充裁决。显然，本案并非前述情形。需要指出的是，申请人从未在书状或庭审中向仲裁庭提出主张要求对"九亭商铺"所对应的完整财产作出裁决，故裁决对"九亭商铺"的含义不存在遗漏。下述事实可充分证明，两位申请人一直以来都认可最终裁决第186（5）段，以及《4.28协议》第3.1条（最终裁决第283段）对于"九亭商铺"的界定，且从未提出过异议，如：

　　a.　第一申请人在其补充裁决请求中承认"......至今仲裁各方就部分商铺的控制权移交[D2/117/823]或本仲裁过程中并未有因为4.28协议没有就九亭商铺的实际财产作出更详细的说明而有过争议......"

　　b.　2017年5月17日庭审誊本第3-4页【见附件一】也有关于《4.28协议》下物业互换履行情况的以下明确记录：

- *"郑小姐：是不是在这一段时间，没有对这个九亭商铺有什么异议的。*
- *许先生：九亭商铺没有问题的。*
- *郑小姐：没有问题，没有争议的。*
- *许先生：没有争议的。唯一的争议就是，因为还没有交换。*
- *郑小姐：争议还是这两栋别墅的图纸收了没有，是不是约1200米。*
- *许先生：对，对那个商铺本身的性质，或者是他们的质量，或者是面积，那个是没有异议的。"*

8.   有鉴于此，对"九亭商铺"简称作出补充不属于仲裁程序中提出了而裁决中遗漏的请求，因此第一申请人无权就此提请补充裁决，其申请应当予以驳回。

9.   第二，即使仲裁庭认为第一申请人可以针对"九亭商铺"提请补充裁决（被申请人对此不予认可），被申请人认为其依据的理由也不够充分。

   a.   一方面，第一申请人称《4.28协议》和最终裁决第186（5）段将"九亭商铺"定义为"绿庭地产持有的上海市松江区九亭绿庭尚诚房产项目物业商业用房约8000平方米"，不够清晰确定。但事实上，第一申请人援引的仅为最终裁决第186（5）段对"九亭商铺"的定义，而忽略了《4.28协议》第3.1条对"九亭商铺"更为详细的描述（最终裁决第283段），即"*松江区九亭绿庭尚诚房产项目商业用房约8000平方米（具体包括绿庭尚诚一期沿街三层商业用房约6000平方米和二期中心广场西侧全部商业用房约2000平方米）【增加强调】*"。暂且不论绝大部分商铺早已处于申请人的控制和经营之下，仅该条对"九亭商铺"项目名称、位置以及大致面积的描述便已足够明确清晰令各方当事人履行第1项命令。这也可以解释为何如第一申请人在庭审时承认的那样，申请人方对"九亭商铺"所对应的财产未有异议。

   b.   另一方面，被申请人还注意到第一申请人提出认为补充裁决是为避免履行或执行命令时有任何不确定性。需要重申的是，第1项命令至今无法履行的原因并非是由于"九亭商铺"界定不够详细而存在不确定性，而是由于两位申请人就"九亭商铺"受让人及如何分割"九亭商铺"等问题尚未达成共识而无法给出一致指令（见下文10段）。不论如何，被申请人认为《4.28协议》对于"九亭商铺"的描述足够清晰，仲裁庭对此无作出进一步补充裁决的必要。

## （二）有关最终裁决第1项命令的执行

10.   就第一项命令的执行，两申请人迟迟未达成共识向被申请人提供商铺受让信息，这是导致该仲裁裁决指令难以顺利推进的原因。具体情况如下：

   a.   2018年3月28日和2018年4月6日，第一申请人向被申请人发送的两封函件中均要求将九亭商铺的50%所有权转让至上海景筌文化发展有限公司。这显然与最终裁决第1项命令的规定不同。对此，第二申请人未表明其是否同意或反对。

   b.   2018年3月23日，2018年4月13日，以及2018年5月4日，第二申请人先后在发送给被申请人的两封函件，及在发送给仲裁庭的邮件中表明其将与第一申请人商议后提供九亭商铺的受让方具体信息。但是，第二申请人却一直未能提供两位申请人一致认可的受让方信息。

**SIDLEY 盛德**

c.　2018年9月11日，第二申请人指定上海青玄企业管理咨询有限公司受让九亭商铺50%的权益；这与最终裁决第1项命令的规定也不同。对此，第一申请人未表明其是否同意或反对。

d.　2018年9月19日，第一申请人又将之前其指定的九亭商铺受让人（即上海景筌文化发展有限公司），变更为第一申请人徐宏标本人。理由是商铺所有权在具体操作上不能由两个或两个以上的法人公司共同拥有。对此，第二申请人未表明其是否同意或反对。

e.　2018年4月2日，被申请人致信第一申请人和第二申请人，要求第二申请人确认其是否同意第一申请人的立场，并要求两位申请人澄清"九亭商铺的50%"的含义，以及如果需要对九亭商铺进行分割，实践中如何进行。然而，两位申请人至今也未给出正面答复。

f.　综上，被申请人至今未收到两申请人共同指定的九亭商铺受让人，或是两位申请人是否接纳按50/50分割商铺，以及如何进行分割。在这种情况下，被申请人无法进行九亭商铺的转让。

**二、有关最终裁决第2项命令**

11.　针对最终裁决第2项命令（A2型别墅的转让），第二申请人提出将"*被申请人（从裁决作出之日起的4周内）促使第一被申请人指定的第三方与四季花城签署A2型别墅的《上海市商品房预售合同》并完成有关的预售登记手续*"更正为："*命令被申请人（从有关更正作出之日起的4周内）促使第一被申请人指定的第三方与四季花城签署A2型别墅的《销售合同》并完成所有相关的手续*"。

12.　鉴于该问题在庭审中已经被提出，而且各方已达成共识，被申请人同意第二申请人对最终裁决第2项命令所提出的上述更正。

**三、有关最终裁决第3项命令**

**（一）有关最终裁决第3项命令的补充**

13.　针对最终裁决第3项命令（清结第一被申请人与四季花城的往来账目），第二申请人请求仲裁庭对"*如何结清及支付作出补充裁决，以明确该条命令项下的给付数额应包括各方在仲裁过程中已达成一致的清结项目。*"

14.　一方面，被申请人认为并无必要、也不应该提请仲裁庭就各方已达成一致的清结项目进行补充裁决。各方当事人在庭审时已经明确表示无需仲裁庭就达成一致的项目在仲裁裁决中进行处理。2017年5月19日庭审誊本第3-9页【见附件二】有以下明确的记录：

a.　"*主 席：我们这边，我们仲裁庭有几句话想跟大家，有一些想法想跟大家说一下。首先我们非常感谢三方律师合作，将这个，**这些应该是属债务清结方面的问题**，范围缩小了。本来我们是有一系列，一个比较长的清单里面，里面有相当多的项目，需要，双方有争议，现在是缩小了。我想，仲*

4

> *裁庭想清楚了解的就是，对于那些双方已经达成协议的那些项目，是否双*
> *方的意思就是，三方的意思就是说，仲裁庭在这个仲裁裁决里面是不用再*
> *处理了，这是第一，这个应该是答案是'对的'，对吗？*

    *b.  彭先生：对。"*

15. 另一方面，由仲裁庭进行补充裁决的前提并不具备。补充裁决适用的情况是申请人曾经明确提出请求但仲裁庭却遗漏裁判。显然，本案并非如此。仲裁庭并无补充裁决的必要。

    **（二）有关最终裁决第3项命令的执行**

16. 被申请人于2018年4月2日致函两位申请人，请其确认第一被申请人需支付的最终金额，并提供接收人的账户信息。鉴于金额为人民币且需支付至四季花城这一中国公司，被申请人请申请人提供四季花城的境内账户，由第一被申请人在中国大陆境内安排支付。

17. 第二申请人在4月13日，也就是提交了第二申请人申请（要求仲裁庭就与对帐款相关的命令3作出澄清/补充裁决）的一周后，向被申请人发出回复，首次提供了四季花城的中国银行账户信息，并且表示第一、第二申请人均同意被申请人应支付人民币23,882,261.71元（即人民币27,043,906.83元扣除港币42,115元和人民币3,127,591.77元，其中港币部分按照中国人民银行2018年2月28日的汇率换算）至该账户。鉴于申请人同时又要求仲裁庭对于此项命令作出澄清/补充裁决，被申请人不知是否应当立刻按申请人的要求履行还是应当等待仲裁庭作出澄清/补充裁决。为了解除该等疑惑，被申请人于4月30日的信函中询问申请人，并表示愿意与申请人就此问题讨论，但申请人也未给出正面的回应。

18. 导致最终裁决第3项命令的执行变得更为复杂的是，第一申请人于2018年5月25日致函被申请人称："*第一申请人的四季花城财务个人印章被非法废除，令第一申请人不能监察四季花城财务状况，所以第一申请人郑重要求被申请人只可在申请人方向被申请人方提供了一个第一申请人与第二申请人共同监管的四季花城银行账户后，才可将裁决第3项命令之对账款支付至该共同监管之四季花城账户......若被申请人不经第一申请人的同意向第二申请人提供的账户支付，第一申请人表明保留追责被申请人的权利。第一申请人的主张显然与第二申请人的主张发生了矛盾【见附件三】。* 至今，被申请人也未收到两申请人达成共识的四季花城账户信息或进一步的指示。

19. 在两申请人指示矛盾，且第二申请人又同时申请仲裁庭作出补充裁决的情形下，该项仲裁裁决无法实质推进，不应归责被申请人。

    **四、有关最终裁决第 4 项命令**

20. 提交审计报告系申请人应当履行的裁决义务。

21. 被申请人已经先后在2018年4月2日、2018年4月30日及2018年7月19日发出的函件中多次督促两申请人尽快按照仲裁裁决的要求出具审计报告。

**SIDLEY 盛德**

22. 在2018年4月13日，第二申请人便曾向被申请人表示："将提供四季花城的相关经营执照和公司章程，而审计报告一经完成也会一并提供"。2018年4月13日，第二申请人告知被申请人四季花城的审计报告编制工作已完成。

23. 2018年5月3日，第一申请人表示将同第二申请人确认有关审计报告的一些细节问题后再向被申请人作出正面回复。2018年6月11日，第一申请人则再次表示正研究及考虑被申请人要求审计报告的合理性，并将尽可能于该周周内向被申请人做出回复。

24. 然而，两申请人至今未能提供审计报告【见附件四】。被申请人再次敦促两位申请人履行最终裁决第4项义务。

**五、有关最终裁决第 5 项命令**

25. 关于最终裁决第5项命令，两申请人对于股权转让安排始终持有不同意见且第二申请人始终未能配合被申请人执行该项仲裁裁决命令。

26. 2018年5月3日、2018年5月18日、2018年6月30日、2018年9月19日，及2018年10月5日，第一申请人在先后向被申请人发出的函件中提出，因第二申请人剥夺第一申请人对公司控制权的原因，坚持要求四季花城股权转让必须在四季花城变更董事会成员及法定代表人、总经理后才能执行。为此，第一申请人反复要求被申请人变更四季花城的治理结构和管理人员，尽管被申请人早已将四季花城的控制权交由两申请人。

27. 2018年5月9日、2018年7月5日，及2018年9月11日，第二申请人则在向被申请人发出的函件中提出与第一申请人不同的意见，对于第一申请人提出的先变更四季花城董事及法定代表人再安排股权转让的提议表示明确拒绝。

28. 2018年8月6日，第二申请人在向被申请人发出的函件中，一方面表明四季花城的股权转让需由四季花城主导、要求被申请人与四季花城联络提供文件，另一方面又表明需要时间与四季花城讨论股权转让文件的提供并需要对股权转让价款的支付方式进一步研究。

29. 需要特别说明的是，鉴于第二申请人2018年8月6日之函件中明确告知被申请人就股权转让事宜直接联系四季花城总经理助理朱倩倩女士，被申请人已经先后于2018年8月7日、2018年8月21日两次联系朱倩倩女士，要求其配合提供四季花城股权转让相关文件。朱倩倩女士后在2018年9月7日的回函中（未加盖四季花城公章或附上两申请人的授权委托书）再次重申四季花城应为**80%股权转让的主导方**，并要求一并完成四季花城20%股权的转让。

30. 然而，矛盾的是，第一申请人在2018年9月19日和2018年10月5日的邮件中却表示四季花城80%的股权转让事宜应**由被申请人统筹和主导**。更意外的是，第一申请人还在2018年10月5日的邮件中对朱倩倩女士对四季花城的代表权限予以了明确否定【见附件五】。这无疑进一步地令被申请人陷于申请人的矛盾指令之中而难以推进四季花城股权的转让。

6

**SIDLEY** 盛德

31. 综上可知，四季花城股权转让无法推进，是两申请人意见指令不一且两申请人与四季花城未及时履行配合义务所致。申请人将最终裁决该项命令的迟延执行归咎于被申请人是不公平的。

### 六、有关最终裁决第 6 项命令

32. 该项命令仅能在四季花城股权转让完成后才可能执行，被申请人现阶段没有必要提供相应的协议文本。

33. 根据《4.28 协议》第 2.3.1 条约定，绿洲投资与喜盈国际集团和 Focus Town Limited 签署《股权购买权协议》的前提应当是世邦公司收购四季花城 80%股权（即仲裁裁决第 5 项命令）；同时，根据《4.28 协议》第 2.3.2 条约定，《托管协议》应在《股权购买权协议》签署后再相应安排签署。

34. 然而，诚如上所述，由于两申请人尚未就四季花城股权转让事宜向被申请人提供一致意见，且四季花城及第二申请人也未配合向被申请人提供股权转让所需文件，由此导致《股权购买权协议》及《托管协议》现阶段根本不具备签署的条件，被申请人现阶段提供《股权购买权协议》及《托管协议》并无实际意义。

35. 被申请人督促两申请人尽快就四季花城股权转让事宜达成一致意见，并督促四季花城尽快向被申请人提供相关文件，以便推进最终裁决相关命令的执行。

### 七、有关最终裁决第 7 项命令

36. 针对最终裁决第 7 项命令（四季花城股权的转让），第二申请人请求将"*促使绿洲科创转让其所持有的四季花城 20%的股权*"更正为"*促使上海绿庭科创生态科技有限公司转让其所持有的四季花城 20%的股权*"。

37. 被申请人认为第二申请人的上述提请并不满足裁决更正的条件。根据《2008 仲裁规则》第 34.1 条，裁决的更正仅限于"*裁决中的任何计算错误、笔误或排印错误或类似错误*"。一方面，更名不构成第 34.1 条下的笔误或类似错误，而且在整个仲裁程序过程中，没有任何一方提及绿洲科创更名这一点。

38. 另一方面，裁决更正的前提系仲裁庭在裁决做出过程中出现了"无心之失"。显然，本案仲裁庭并没有出现任何失误。因此，第二申请人无权根据该条就更名提请裁决的更正，仲裁庭也没有对此作出更正的必要。

39. 综上，鉴于第二申请人对第 7 项命令的请求不属于裁决的更正，因此被申请人提请仲裁庭不予支持。值得一提的是，虽然两位申请人认可涉及 20%的股权转让应与世邦收购 80%的股权同时办理手续，但第一申请人却不同意第二申请人主张的由四季花城主导手续【见附件五】。矛盾的指令导致被申请人不敢轻易推进第 7 项命令。

**SIDLEY 盛德**

**八、 有关最终裁决第 8 项命令**

**（一）有关最终裁决第8项命令的解释**

40.  针对最终裁决第8项命令（最终金额的调整），第二申请人提出：

a.  请求仲裁庭对最终金额应当如何调整作出解释。根据《4.28 协议》第2.2.1 （4）条，最终金额计应按如下公式进行调整"*[最终金额]= [1.5 亿元人民币] + [申请人向被申请人支付的转让四季花城股权可能支付的对价（扣除上海绿庭科创生态科技有限公司转让四季花城20%股权予绿豪贸易的应纳税款）] - [11,224,613.21 元人民币]*"。第二申请人还提出：值得注意的是，该"*计算公式中不涉及绿庭置业把四季花城的80%股权转给世邦公司有关的税费；参见裁决第221、222 及281 段*"；

b.  请求仲裁庭对最终金额的支付方式作出补充裁决，即"*最终金额应在香港以港币分成二等份分别支付予申请人提供之喜盈国际集团有限公司和Focus Town Limited 的银行账户*"。

41.  就第二申请人要求仲裁庭就最终金额应当如何调整作出解释的要求，被申请人认为仲裁庭不应支持。原因如下：

42.  其一，对于清晰无歧义的裁决，仲裁庭并无权力作出解释。仲裁裁决一经作出即具有终局性、对各方当事人具有约束力。除了未处理的讼费和利息问题以及《仲裁条例》第69条（即《贸法委示范法》第33条）许可的少数事项外，仲裁庭的委任以及管辖权也随仲裁裁决的作出而终止（*Functus officio*）。换言之，裁决作出后，仲裁庭即无权重启庭审或为更改或修改先前裁决之目的作出任何进一步的裁决（除《仲裁条例》第69条（即《贸法委示范法》第33条）允许的极为有限的例外情况外）。仲裁庭应当非常谨慎地对最终裁决作出解释，除非该部分或该事项的语言非常模糊或有歧义以导致各方当事人无法实行。如此做是为了避免使得不满意该项裁决的一方试图重启对某一个问题的审理或修改裁决的情况。否则，一旦该等情况发生，仲裁程序将产生重大瑕疵，并可能使得裁决有被不予承认与执行的风险。

43.  其二，根据《仲裁条例》第69条（即《贸法委示范法》第33条）注解[1]，申请裁决之解释需满足一定的条件。它要求仲裁庭针对裁决进行解释的当事人必须（1）明确指出裁决下需要解释部分的歧义之处（ambiguities），且（2）就其认为何以对该等事项或部分存在"歧义之处"给出清晰的理由，并提交相关的陈词以支持其主张。对于该等裁决解释申请，仲裁庭在考虑各方当事人的陈述及本案其它相关情况后，如果认为原本的仲裁裁决命令清晰且无歧义，则可拒绝就裁决做出解释。本案中，第二申请人的申请就上述解释的要求既没有明确指出裁决下需要解释部分的歧义之处，也没有清楚地解释为何其认为存在"歧义之

---

[1] 参见 Damon So YC、Christopher To 著，Annotated Ordinances of Hong Kong (Arbitration Ordinance (Cap 609)), LexisNexis, 2018 年 5 月 1 日版，第 69.11 和 69.12 段【见附件六】。

**SIDLEY 盛德**

处"的理由。因此，第二申请人的申请没有满足提请裁决解释所需要的条件，仲裁庭应当拒绝就裁决做出解释。

44. 其三，被申请人还认为，最终裁决第8项命令所援引的《4.28协议》第2.2.1(4)条以及裁决第232(4)(a)(b)(c)及第233段的表示已经清楚地、无歧义地表明了最终金额应当如何调整。正如以下裁决文本所显示，仲裁庭已作出的裁决中关于最终金额应当如何调整与第二申请人申请中提出的调整公式不同。

45. 针对四季花城80%股权转让所产生的税费，最终裁决载明该税费应当由申请人承担。最终裁决第232（4）(a)段有以下明确的阐述：

   *"232（4）现金对价之金额调整。各方同意，在支付第三期付款前，各方应根据如下各款之约定，计算并确定现金对价的调整全额，并以调整后之金额作为第三期付款的最终金额：*

   *(a) 按照《重组协议》及本协议的约定，绿洲投资及控股股东应以四季花城100%的股权作为股份回购的对价的一部分("股权对价")。如因任何法律法规要求该等股权转让必须标明股权转让价款并且须实际支付时，则参股股东因此向绿洲投资及控股股东实际支付的股权转让价款（扣除税费后的净额）部分应增加至现金对价中：*

   *1. 仲裁庭认为，上述第(a)款应解读为如有任何法律法规要求被申请人将四季花城100%股权转让给申请人时必须附有一个固定的价格，而该要求导致申请人将不得不为上述股权转让向申请人实际支付全额，则该等实际支付金额（扣除其所引发的税款后）应加入到被申请人理应支付申请人的现金对价中。其隐含之意则是，若各方必需为四季花城股权的转让定一个价格，则申请人应负担任何税款"*。[增加强调]

46. 虽然最终裁决第281段认为四季花城80%股权转让所产生的税费不属于协议2.3.4条约定的"另行协商"的范围，但是，最终裁决第232(4)(a)段明确指出：《4.28协议》第2.2.1(4)(a)款"隐含之意则是，若各方必需为四季花城股权的转让定一个价格，则申请人应负担任何税款"。任何税款，是说股权对价（即四季花城100%的股权作为股份回购的对价的一部分），也即针对100%股权转让所产生的税款，当然不仅包括四季花城20%股权转让所产生的税款，也包括四季花城80%股权所产生的税款。因此，四季花城80%股权转让的税收也应由申请人承担。换而言之，计算"申请人向被申请人支付的转让四季花城股权可能支付的对价"时，除需扣除四季花城20%股权转予绿豪贸易的应纳税款外，还需扣除绿庭置业转让四季花城80%的股份予世邦公司的应纳税款。

47. 被申请人指出，最终裁决第276段表明："三位专家对股权转让在中国法律下可能产生的纳税义务达成一致意见如下：（1）按照中国税法，绿庭置业作为世邦收购的股权转让方是企业所得税的纳税主体，但对于这笔税负经济上的实际承担，中国法律不禁止交易当事人自行约定……可见，《4.28协议》第2.2.1(4)(a)款是当事人对于四季花城80%股权转让所产生的税负经济上的实际承担所作出的自行约定，并不被法律禁止，是有效的，也得到了仲裁庭的认可。虽然仲裁

庭基于对第2.3.1条的解释而认为四季花城80%股权转让所产生的税费不属于《4.28协议》第2.3.4条约定的"另行协商"的范围，但这与仲裁庭对于《4.28协议》第2.2.1(4)(a)款的解释不矛盾。《4.28协议》第2.2.1(4)(a)款已经就四季花城80%股权转让所产生的税负经济上的实际承担作出了约定（约定如四季花城20%股权转让所产生的税负一样都应该由申请人承担），所以该问题不属于另行协商的范围。

48.  就第二申请人请求仲裁庭对最终金额的支付方式作出补充裁决的要求，被申请人认为仲裁庭无必要也不应就支付方式作出补充裁决。理由如下：

49.  回顾《仲裁条例》第69条第3款，以及《2008仲裁规则》第35.1条，第二申请人仅可就*"仲裁程序中提出了而裁决中遗漏的请求"*提请补充裁决。鉴于申请人从未在状书中或庭审中向仲裁庭提出要求对最终金额的支付方式作出裁决，这一请求不属于裁决中遗漏的请求。因此，第二申请人亦无权就此提出补充裁决。

**九、有关最终裁决第9项命令**

50.  申请人已经向第一申请人支付款项【见附件七】；第二申请人始终拒绝向被申请人提供有效的中国境内账户信息，导致被申请人无法向第二申请人付款：

51.  第一申请人已经向被申请人提供有效的中国境内银行账户。被申请人已于2018年5月2日向第一申请人支付裁决金额的50%，即人民币5,173,105.5元，故被申请人已履行向第一申请人的支付损失赔偿的义务。

52.  由于该项仲裁决命令确认的被申请人应付款项货币为人民币，因此，被申请人仅有义务向第二申请人支付人民币，而没有义务支付任何其他币种。如被申请人在2018年4月2日的函件中所述，由于中国的外汇管制法律要求，如第二申请人希望被申请人将款项支付至境外账户，第二申请人应与被申请人共同前往中国境内银行了解对外付汇的具体要求。对此，第二申请人未有响应。

53.  尽管被申请人此后又于2018年4月30日、2018年7月11日在先后向第二申请人发出的函件中多次要求第二申请人提供有效的境内人民币账户。然而，第二申请人始终拒绝。因此，未履行此项命令不应归责于被申请人。

**总结**

54.  综上，被申请人积极采取行动推进执行仲裁裁决指令，并善意敦促两申请人给出一致执行指令以便裁决的执行。相关仲裁裁决命令现阶段无法有效推进的原因并非被申请人怠于履行裁决义务导致，而是两申请人自身原因导致：或是两申请人提出截然相反的指示，或是第一申请人和第二申请人分别提出更正，解释或补充裁决的申请，或是两申请人或两申请人实际控制的四季花城拒绝配合提供相关必要文件，导致被申请人实质上无法推进仲裁裁决的执行。申请人罔顾事实，将仲裁裁决执行无法有效推进的责任完全归咎于被申请人，被申请人无法接受。

**SIDLEY 盛德**

55.  对于第一申请人和第二申请人分别提出的更正，解释或补充裁决申请，被申请人认为仲裁庭应审慎对待裁决之更正，解释或补充，避免重启程序并引发程序瑕疵。被申请人除同意最终裁决第2项请求之更正外，不同意两申请人其余一切更正，解释或补充裁决申请。

56.  上文所提及的第一申请人、第二申请人以及被申请人发出之相关函件，作为本函件附件供参考【见附件八】。

57.  被申请人在此保留一切权利。

此致

盛德律师事务所

抄送：

香港国际仲裁中心
香港中环干诺道中 8 号，交易广场第二座 38 楼
致：黄子宜
（电邮：arbitration@hkiac.org / zhuang@hkiac.org）

周卓立 陈启球 陈一理律师事务所
香港干诺道中 130-136 号，诚信大厦 3 楼
（电邮：clc015@clcmc.com.hk / clc028@clcmc.com.hk）

香港欧华律师事务所
香港中环皇后大道中十五号，置地广场公爵大厦 17 楼
致：Ernest Yang 先生 / Andrew Chin 先生 / Eva Yao 女士
（电邮：ernest.yang@dlapiper.com / andrew.chin@dlapiper.com /
eva.yao@dlapiper.com）

# EXHIBIT 8

 中国农业银行
AGRICULTURAL BANK OF CHINA    付款业务类一单笔支付

2018年11月01日

网银流水号：2018110110508320719                          录入日期：2018-11-01

| 付款方信息 | 账号 | ▓▓▓▓▓▓ | 收款方信息 | 账号 | ▓▓▓▓▓▓ |
|---|---|---|---|---|---|
| | 户名 | 上海绿庭房地产开发有限公司 | | 户名 | Cheergain International Group Ltd |
| | 开户行 | 上海分行 | | 开户行 | HSBC Hong Kong Central, Hong Kong |
| | 账户性质 | 支票户 | | 账户性质 | |

| 金额 | 小写 | ¥5,173,105.50 | | | |
|---|---|---|---|---|---|
| | 大写 | 伍佰壹拾柒万叁仟壹佰零伍元伍角零分 | 用途 | 商铺赔偿款 | |

| 网银客户号 | ▓▓▓▓▓▓ | 业务种类 | 单笔转账 |
|---|---|---|---|
| 是否加急 | | 预约日期 | |
| 联系人 | 陈红 | 联系电话 | 13564506669 |

| 录入员：0003  录入时间：10:51:12 | 复核员：0004  复核日期：2018-11-01 |
|---|---|
| 交易状态：交易失败 | |

由  扫描全能王  扫描创建

# EXHIBIT 9

Charles Michael
212 378 7604
cmichael@steptoe.com



1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

December 31, 2018

Eva Yao
DLA Piper
36/F, Shanghai World Financial Center 100 Century Avenue, Pudong
Shanghai  200120
China

**Re:     HKIAC / A13028**
**        Your Reference: EMY/EY/KNC/402610/1 / ASIAM/23775730.2)**

Dear Ms. Yao:

Our firm represents respondent Stephany Yu in the above arbitration.

On behalf of Ms. Yu, I enclose a check for RMB5,173,105.5 in full satisfaction of the remaining unpaid amount under Order No. 9 of the award dated February 28, 2018. The code to deposit the check is 6707 2186 4921 6586

Please do not hesitate to call or email me with any questions.

Sincerely,

*/s/ Charles Michael*

Charles Michael

cc:     Ernest Yang (ernest.yang@dlapiper.com)
        Andrew Chin (andrew.chin@dlapiper.com)



| 附加信息： | 被背书人 | 被背书人 | （贴粘单处） |
|---|---|---|---|
| | 背书人签章<br>年　月　日 | 背书人签章<br>年　月　日 | |
| | 身份证件名称：<br>号码 | 发证机关： | |

浙江某轻印刷股份有限公司·2017年印制

# EXHIBIT 10

**Michael, Charles**

---

| | |
|---|---|
| **From:** | Michael, Charles |
| **Sent:** | Wednesday, January 02, 2019 7:37 PM |
| **To:** | Cash, Steven A. |
| **Cc:** | Baratz, Michael |
| **Subject:** | Estate of Ke Zhengguang v. Stephany Yu, 8:18-cv-03546-PWG (D. Md.) |
| **Attachments:** | 2018.01.02  - Letter to S. Cash.pdf |

Mr. Cash:

Please see the attached letter.

Regards,

**Charles Michael**
Partner
cmichael@Steptoe.com

## Steptoe

| | |
|---|---|
| +1 212 378 7604 direct | Steptoe & Johnson LLP |
| +1 646 526 5131 mobile | 1114 Avenue of the Americas |
| +1 212 506 3950 fax | New York, NY 10036 |
| | www.steptoe.com |

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

Charles Michael
212 378 7604
cmichael@steptoe.com



1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

January 2, 2019

**By Email**

Steven A. Cash
Day Pitney LLP
1100 New York Avenue, NW Suite 300
Washington, D.C.  20005
scash@daypitney.com

Re:     *Estate of Ke Zhengguang v. Stephany Yu*, **8:18-cv-03546-PWG (D. Md.)**

Dear Mr. Cash:

As you know, we represent respondent Stephany Yu in the above case.

I enclose a copy of a letter sent to your client's counsel in China transmitting a check for RMB5,173,105.50 in full satisfaction of the remaining unpaid amount under the Order that is sought to be enforced by the petition in this case:  Order No. 9 of the HKIAC arbitration award dated February 28, 2018 (Case No. A13028).  The letter includes a copy of the check itself, and we have included for your convenience a certified translation of the check, as well.

You may be aware that Ms. Yu has at all times been willing to make this payment, and has repeatedly sought your client's cooperation in doing so, to no avail.  Your client has to date been unwilling to supply the bank account information necessary to send RMB5,173,105.50 via wire, apparently preferring to initiate this litigation instead.

In any event, with this payment, the petition in the above case is moot since there is no case or controversy to be heard.  We therefore request you voluntarily dismiss the petition.

Please let us know if you are agreeable to executing a stipulation of dismissal.

If you have any questions or would like to discuss the matter further, I can be available at your convenience.



Steven A. Cash
January 2, 2019
Page 2

Sincerely,

*/s/ Charles Michael*

Charles Michael

Enclosure

Charles Michael
212 378 7604
cmichael@steptoe.com



1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

December 31, 2018

Eva Yao
DLA Piper
36/F, Shanghai World Financial Center 100 Century Avenue, Pudong
Shanghai  200120
China

**Re:     HKIAC / A13028**
**Your Reference: EMY/EY/KNC/402610/1 / ASIAM/23775730.2)**

Dear Ms. Yao:

Our firm represents respondent Stephany Yu in the above arbitration.

On behalf of Ms. Yu, I enclose a check for RMB5,173,105.5 in full satisfaction of the remaining unpaid amount under Order No. 9 of the award dated February 28, 2018. The code to deposit the check is 6707 2186 4921 6586

Please do not hesitate to call or email me with any questions.

Sincerely,

/s/ Charles Michael

Charles Michael

cc:     Ernest Yang (ernest.yang@dlapiper.com)
Andrew Chin (andrew.chin@dlapiper.com)



| 附加信息： | 被背书人 | 被背书人 | （贴粘单处） |
|---|---|---|---|
| | 背书人签章<br>年　月　日 | 背书人签章<br>年　月　日 | |
| | 身份证件名称： | 发证机关： | |
| | 号码 | | |



translations@geotext.com
www.geotext.com

STATE OF NEW YORK          )
                          )     ss
                          )
COUNTY OF NEW YORK        )

## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Chinese into English of the attached Agricultural Bank of China

check, with check no. 10303130.

Laura Musich, Managing Editor
Geotext Translations, Inc.

Sworn to and subscribed before me

this _30th_ day of _December_, 20 _18_ .

HOA WIN LY
Notary Public, State of New York
No. 01LY6323702
Qualified in New York County
Term Expires April 27, 2019

New York
t: +1.212.631.7432

London
t: +44.20.7553.4100

Washington, D.C.
t: +1.202.828.1267

Paris
t: +33.1.42.68.51.47

Chicago
t: +1.312.242.3756

Stockholm
t: +46.8.463.11.87

Houston
t: +1.713.353.3909

Frankfurt
t: +49.69.7593.8434

San Francisco
t: +1.415.576.9500

Hong Kong
t: +852.2159.9143



**Agricultural Bank of China Check**

**10303130**

32361895

Payment deadline is ten days from the issue date

Issue date (in letters): December 28, 2018     Payer bank name: Agricultural Bank of China Changning District Dingxi Road Sub-Branch

Payer: [handwritten: Zhang Yuejin and Ke Yeying     Issuer account number: 03303400801065969

| RMB (in letters) | [handwritten: *Five Million, One Hundred and Seventy-Three Thousand, One Hundred and Five Yuan and Fifty Cents*] | Hundred Million | Ten Million | Million | Hundred Thousand | Ten Thousand | Thousand | Hundred | Ten | Yuan | Ten Cents | Cents |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | / | 5 | 1 | 7 | 3 | 1 | 0 | 5 | 5 | 0 |

Purpose: [handwritten: *Execution of Final Ruling HKIAC/A13028* Order 9     Password: _____

Please pay the above amount from my account

Bank number: 103290043098

Seal of issuer

[seal: Shanghai Lvting Real Estate Development Co., Ltd. Special Seal for Finance]

[seal: Seal of Yu Naifen]

[seal: Password verified]

Reviewer      Accountant

Zhejiang Laizhihua Printing Co., Ltd., printed in 2017

(Affix Form)

| Additional information: | Endorsee | Endorsee |
|---|---|---|
| | Seal of endorser<br>(month)   (day)   (year) | Seal of endorser<br>(month)   (day)   (year) |
| | Name of identification document: | Issuing authority: |
| | Number: | |



| 附加信息： | 被背书人 | 被背书人 | （ 贴 粘 单 处 ） |
| --- | --- | --- | --- |
| | 背书人签章<br>年　月　日 | 背书人签章<br>年　月　日 | |
| | 身份证件名称： | 发证机关： | |
| | 号<br>码 | | |

浙江某某包印刷股份有限公司 · 2017 年印刷