# EXHIBIT E

# 香港国际仲裁中心
# HKIAC/A13028 号仲裁案

_____

徐宏标

第一申请人

柯铮光之遗产

第二申请人

-及-

绿洲投资集团有限公司

第一被申请人

俞乃奋

第二被申请人

俞乃雯

第三被申请人

俞乃筠

第四被申请人

_____

## 对仲裁裁决书的解释、更正和补充

（依据香港国际仲裁中心 2008 年 9 月 1 日生效之仲裁规则作出）

_____

**仲裁庭：杨炎龙（首席仲裁员）、黄旭仑资深大律师（仲裁员）、王雪华（仲裁员）**

1

# 对仲裁裁决书的解释、更正和补充

1. 本案在原仲裁庭（由黄旭仑资深大律师、郑若骅资深大律师及首席仲裁员杨炎龙先生组成）在 2018 年 2 月 28 日作出《最终裁决（利息与仲裁费除外）》（下称"**原仲裁裁决书**"）后，仲裁庭因故作出调整且各方当事人亦有新的请求，为方便叙述，仲裁庭对本案程序作出以下回顾：

    （1） 2018 年 3 月 7 日，本案各方当事人收到原仲裁裁决书；

    （2） 2018 年 3 月 12 日，被申请人指定的仲裁员郑若骅资深大律师因履行公职正式辞任本案仲裁员；

    （3） 2018 年 4 月 6 日，第二申请人提交了《第二申请人之解释/更正/补充裁决申请书》及其附件。在该申请书中，第二申请人请求仲裁庭就原仲裁裁决书中第 1、3、7 及 8 项命令作出解释，更正或补充；

    （4） 2018 年 4 月 21 日，第一申请人提交了《第一申请人对于第二申请人之解释/更正/补充裁决申请书的书面回应》（下称"**《第一申请人的书面回应》**"）及《第一申请人的诉讼与利息陈述》。在第一申请人的书面回应中第一申请人就原仲裁裁决书中第 1 项命令要求仲裁庭作出补充；

    （5） 2018 年 4 月 24 日，原仲裁庭指出《第一申请人的书面回应》中的请求已超出香港国际仲裁中心机构仲裁规则（2008）（下称"**《2008 年仲裁规则》**"）第 34 条及 35 条规定的时限，并要求第一申请人向香港国际仲裁中心秘书处作出正式书面延期；

    （6） 2018 年 5 月 3 日，第一申请人提交书面意见并指出仲裁程序应在仲裁员得以替换之后继续，因此其 4 月 21 日所提交的请求并未超出《2008 年仲裁规则》第 34 条及 35 条的时限规定。与此同时，第一申请人强调其立场是不需要委派替换仲裁员。同日，被申请人提交其书面意见并指定王雪华博士作为本案替换仲裁员；

    （7） 2018 年 5 月 11 日，香港国际仲裁中心秘书处（下称"**港仲秘书处**"）批准了第一申请人就原仲裁裁决书中第一项命令作出补充的请求的延期申请。 同时港仲秘书处将就被申请人指定王雪华博士为替换仲裁员的申请一事联络王博士，并向其提供一份签署后的仲裁员任职，公正性与独立性声明，以及提供他在本案中的任职条件；

    （8） 2018 年 5 月 14 日，被申请人提交其书面意见对原仲裁裁决书的第 1 项命令、第 3 项命令、第 5 项命令、第 7 项命令以及第 9 项命令的问题作了相关陈述；

    （9） 2018 年 5 月 18 日，第一申请人提交其书面意见并对原仲裁裁决书的第 8 项命令作了陈述；

    （10） 2018 年 5 月 21 日，仲裁庭指示各方当事人将等到香港国际仲裁中心就被申请人指定的替换仲裁员问题进行确认后再处理相关问题。香港国际仲

裁中心随后于 5 月 25 日将王雪华博士填妥并签署的仲裁员任职声明、简历及收费建议发给各方当事人；

(11) 2018 年 6 月 5 日，港仲秘书处通知各方当事人已启动确认替换仲裁员的确认程序；

(12) 2018 年 8 月 28 日，香港国际仲裁中心在听取各方当事人数轮意见和评论之后，确认了王雪华博士作为被申请人方的替代仲裁员；

(13) 2018 年 9 月 5 日，仲裁庭通知本案各方当事人将对第二申请人的解释/更正/补充裁决申请和讼费事宜作出进一步指示；

(14) 2018 年 9 月 8 日，第二申请人向仲裁庭请求允许各方当事人就第二申请人解释/更正/补充裁决申请和讼费事宜进行先行协商。被申请人随后于 2018 年 9 月 11 日向仲裁庭表示同意第二申请人的前述提议，而第一申请人于 2018 年 9 月 12 日向仲裁庭表示不同意第二申请人的提议，并要求仲裁庭对上述问题作出指示；

(15) 2018 年 9 月 13 日，仲裁庭通知各方当事人表示支持第二申请人的上述请求，并指示各方当事人先行就第二申请人解释/更正/补充裁决申请和讼费事宜的时间表进行协商。若各方当事人无法在 9 月 21 日前就上述问题达成协议，届时再向仲裁庭申请程序性指令；

(16) 2018 年 9 月 27 日，因各方当事人并未协商成功，仲裁庭指示各方当事人在 2018 年 10 月 25 日之前就解释/更正/补充裁决申请提交书面陈述，并同时指示各方当事人在对上述事宜作出裁定以后再行处理讼费和利息问题；

(17) 2018 年 10 月 25 日，被申请人向仲裁庭申请将提交关于原仲裁裁决更正/解释/补充意见的时限短暂延长至 2018 年 10 月 29 日。同日，仲裁庭批准了被申请人的前述延期要求。

2. 现根据（1）第二申请人提交于 2018 年 4 月 6 日提交的《第二申请人之解释/更正/补充裁决申请书》；（2）第一申请人于 2018 年 4 月 21 日提交的《第一申请人对于第二申请人之解释/更正/补充裁决申请书的书面回应》；（3）第一申请人于 2018 年 10 月 25 日提交的"第一申请人对于第二申请人之解释/更正/补充裁决申请书的书面回应"；（4）第二申请人于 2018 年 10 月 29 日提交的"第二申请人就解释、更正、补充裁决申请之补充书面意见"；以及（5）被申请人于 2018 年 10 月 29 日提交的对申请人解释/更正/补充裁决请求作出的书面意见回复，同时根据《2008 年仲裁规则》第 33、34 及 35 条的规定，仲裁庭现就第一申请人与第二申请人提出的 5 项请求作出如下决定：

(1) <u>驳回就原仲裁裁决书裁决第 1 项命令进行补充及更正的请求</u>

理由：原仲裁裁决书第 1 项命令内容为："*命令被申请人（从裁决作出之日起的 4 周内）促使绿庭房产与申请人或其指定的第三方签署一份有*

3

> *关九亭商铺的《上海市房地产买卖合同》并将九亭商铺的所有权转让给参股股东或其指定的第三方。"*

第一申请人在《第一申请人的书面回应》中请求仲裁庭对该项命令作出补充,并请求将命令更改为:"命令被申请人(从有关更正作出之日起的 4 周内),促使绿庭房地产与申请人或其指定的第三方签署一份有关九亭商铺的上海市房地产买卖合同并将九亭商铺的所有权转让给参股股东或其指定第三方,而九亭商铺实际为上海市松江区涞寅路 658 弄 25-36 号(无 34 号)店铺,建筑面积约为 2,140.30 平方米,及上海市松江区沪亭北路 607 弄 38 号 3 层 301、302、303 店铺,建筑面积约为 6,625.15 平方米。"

第一申请人主张该请求的理由为:原仲裁裁决的涉争协议和原仲裁裁决书中对于九亭商铺的定义并不详尽,因此,即便各方当事人并未在仲裁过程中对该问题有过任何争议,第一申请人与第二申请人认为依然有必要把九亭商铺所代表的实际财产列明,以免日后就履行或执行命令时产生不确定性。

被申请人在其书面意见中主张,因两位申请人在整个仲裁过程中并未就上述问题提出过任何质疑或意见,且认为《4.28 协议》第 3.1 条对九亭商铺已有详尽的描述,因此仲裁庭并无就上述问题作出补充裁决的必要。与此同时,被申请人还强调,第一申请人所提及的执行裁决命令的不确定性问题,真正原因却是因两位申请人本身无法就如何分割九亭商铺问题达成共识所导致的,而并非因为裁决的表述问题。

仲裁庭经查明发现,在本案涉争协议《关于执行<股份重组初步协议>的协议书》(即《4.28 协议》)中的第 3.1 条已经对"九亭商铺"的定义作了颇为详细的说明,且在原仲裁裁决书第 283 段中亦有所引述。具体引文如下:

> *"松江区九亭绿庭尚诚房产项目商业用房约 8000 平方米(具体包括绿庭尚诚一期沿街三层商业用房约 6000 平方米和二期中心广场西侧全部商业用房约 2000 平方米)"*

与此同时,仲裁庭认为,根据 2017 年 5 月 17 日庭审誊本第 3 至第 4 页显示,两位申请人在庭审前或庭审中都并未就上述问题提出过任何的质疑或争议。具体引文请参见如下:

> *"郑小姐:是不是在这一段时间,没有对这个九亭商铺有什么异议的。*
> *许先生:九亭商铺没有问题的。*
> *郑小姐:没有问题,没有争议的。*
> *许先生:没有争议的。唯一的争议就是,因为还没有交换。*
> *郑小姐:争议还是这两栋别墅的图纸收了没有,是不是约 1200 米。*

4

>   *许先生：对，对那个商铺本身的性质，或者是他们的质量，或者是面积，那个是没有异议的。"*

鉴于（1）本案涉争协议，即《4.28 协议》中已经对"九亭商城"的定义作了详细的描述；以及（2）第一申请人与第二申请人并未在开庭前或庭审过程中就九亭商铺的定义范围问题提出过任何质疑或意见，仲裁庭驳回第一申请人与第二申请人就原仲裁裁决书裁决第 1 项命令进行补充和更正的请求。

**（2） <u>批准更正原仲裁裁决书裁决第 2 项命令的请求。</u>**

>   理由：原仲裁裁决书裁决第 2 项命令内容为："*命令被申请人（从裁决之日起的 4 周内）促使第一被申请人指定的第三方与四季花城签署 A2 型别墅的《上海市商品房预售合同》并完成有关的预售登记手续。*"

>   第一申请人与第二申请人在申请中请求仲裁庭将该项命令更正为"命令被申请人（从有关更正作出之日起的 4 周内）促使第一被申请人指定的第三方与四季花城签署 A2 型别墅的《销售合同》并完成所有相关手续。"

>   第一申请人与第二申请人主张该请求的理由为本案所涉 A2 型别墅已于 2013 年取得《建设工程竣工规划验收合格证》，因此别墅的转让应当签署《销售合同》及完成与之有关的手续，而非商品房预售合同及预售登记手续。被申请人对上述问题都并无异议。

>   有鉴于此，仲裁庭同意并批准将原仲裁裁决书裁决第 2 项命令更正为："命令被申请人（从有关更正作出之日起的 4 周内）促使第一被申请人指定的第三方与四季花城签署 A2 型别墅的《销售合同》并完成所有相关手续。"

**（3） <u>驳回就原仲裁裁决书裁决第 3 项命令进行补充及更正的请求</u>。**

>   理由：原仲裁裁决书裁决第 3 项命令内容为："*命令各方按裁决 304 至 324 段的载示在裁决作出之日起 4 周内清结并支付有关四季花城与第一被申请人的债务。*"

>   第一申请人与第二申请人在申请中请求仲裁庭将该项命令作出补充，并建议将该命令更正为"为清结有关四季花城与第一被申请人的债务，被申请人应当向申请人指定的第三方（即四季花城）支付金额相当于'人民币 27,043,906.83 元扣除港币 42,115 元（注：港币应按照中国人民银行有关 2018 年 2 月 29 日当时日的汇率换算成人民币）和人民币 3,127,591.77 元'的人民币。"

>   第一申请人与第二申请人主张该请求的理由为仲裁庭仅对有争议的清结项目作出决定，但并未提及各方已达成一致的清结项目金额，也并未命令被申请人对达成一致的项目进行清洁和支付，属裁决遗漏事项。而被

申请人主张就双方达成一致的清结项目，各方当事人已在庭审时明确表示无需仲裁庭处理该等问题，因此仲裁庭无须进行任何补充裁决。

仲裁庭认为，根据 2017 年 5 月 19 日庭审誊本第 8 页记录显示，各方当事人在庭审时已经达成一致并明确表示仲裁庭无须处理该等问题。具体引文如下：

> *a. 主席：我们这边，我们仲裁庭有几句话想跟大家，有一些想法想跟大家说一下。首先我们非常感谢三方律师合作，将这个，这些应该时属债务清结方面的问题，范围缩小了。本来我们时有一系列，一个比较长的清单里面，里面有相当多的项目，需要，双方有争议，现在是缩小了。我想仲裁庭想清楚了解的就是，对于那些双方已经达成协议的那些项目，是否双方的意思就是，三方的意思就是说，仲裁庭在这个仲裁裁决里面是不用再处理了，这是第一，这个应该是答案是'对的'，对吗？*
>
> *b. 彭先生：对。"*

鉴于各方当事人在庭审时已经达成一致并明确表述仲裁庭无须处理该等问题，仲裁庭驳回第一申请人与第二申请人就原仲裁裁决书裁决第 3 项命令进行补充和更正的请求。

**（4） 批准就原仲裁裁决书裁决第 7 项命令进行更正的请求。**

理由：原仲裁裁决书裁决第 7 项命令内容为："*命令第一被申请人（从裁决作出之日起的 2 个月内）促使绿洲科创转让其所持有的四季花城 20%的股权予绿豪贸易。*"

第一申请人与第二申请人在申请中请求仲裁庭将该项命令更正为"命令第一被申请人（从裁决作出之日起的 2 个月内）促使上海绿庭科创生态科技有限公司转让其所持有的四季花城 20%的股权予绿豪贸易"。

第一申请人与第二申请人主张该请求的理由是原仲裁裁决书中所述"绿洲科创"已于 2015 年 7 月 30 日被更名为"上海绿庭科创生态科技有限公司"，因此请求仲裁庭进行更正。被申请人则主张该项请求不符合《2008 年仲裁规则》第 34.1 条规定的更正条件，且两方申请人在庭审过程中从未提出过更名的问题，因此仲裁庭不应予以支持。

仲裁庭认为，原仲裁裁决书中提及的第一被申请人的"上海绿洲科创生态科技有限公司"已于 2015 年 7 月 30 日更名为"上海绿庭科创生态科技有限公司"，并在《国家企业信用信息公示系统》中已有体现，且被申请人对此事实并无争议。尽管第一申请人与第二申请人并未在庭审过程中提及此项更名请求，但考虑到裁决的整体性与有效性，仲裁庭在衡量公平与效率原则的基础上决定支持该请求。

有鉴于此，仲裁庭同意并批准将原仲裁裁决书裁决第 7 项命令更正为"命令第一被申请人（从裁决作出之日起的 2 个月内）促使上海绿庭科

6

创生态科技有限公司转让其所持有的四季花城 20%的股权予绿豪贸易"。

(5) **<u>驳回就原仲裁裁决书裁决第 8 项命令进行补充及更正的请求</u>**。

理由：原仲裁裁决书裁决第 8 项命令内容为："*命令被申请人（从上述第 16 项命令履行后的 4 周内）按 4.28 协议的第 2.2.1(4)条款及裁决第 232(4)(a)(b)(c)及第 233 段的载示支付调整后的最终金额。*"

第一申请人与第二申请人在申请中请求仲裁庭对该项命令进行补充说明，并建议更正为"[最终金额] = [1.5 亿人民币] + [申请人向被申请人支付的转让四季花城股权可能支付的对价（扣除上海绿庭科创生态科技有限公司转让四季花城 20%股权予绿豪贸易的应纳税款）] - [11,244,613.21 元人民币]"。

第一申请人与第二申请人主张该请求的理由是希望仲裁庭可就上述命令的细节作进一步解释以防止日后不必要的争议。被申请人则主张裁决对此问题作了清晰表述，亦无歧义，不属于遗漏部分，因此仲裁庭无权作出解释。

鉴于原仲裁裁决书正文第 232 段和第 233 段已对调整后的最终金额问题做出了明确且清晰的表述，且在仲裁庭无权进一步审理或审阅新证据的情况下，仲裁庭驳回第一申请人与第二申请人就原仲裁裁决书裁决第 8 项命令进行补充和更正的请求。

3. 本决定书构成仲裁裁决书的一部分，与仲裁裁决书具有同等的法律效力。

日期：2018 年 12 月 19 日

仲裁地：香港



_____
王雪华
仲裁员

_____
黄旭仑
仲裁员

_____
杨炎龙
首席仲裁员