# EXHIBIT F



450 Seventh Ave.
Tenth Floor
New York, NY 10123
(212) 643-8800

# TRANSLATION CERTIFICATION

Date: January 21, 2019

To whom it may concern:

This is to certify that the attached translation from Chinese into English is an accurate representation of the documents received by this office.

The documents are designated as:
- Award on Interpretation and Clarification (19 Dec 2018)

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

Signature of Winifred Chang, Translator

Hong Kong International Arbitration Centre
HKIAC/Arbitration Case No. A13028

Xu Hongbiao                                                          First Claimant

Estate of Mr. Ke Zhengguang
                                                                     Second Claimant

- AND -

Oasis Investment Group Limited
                                                                     First Respondent
Yu Naifen Stephany
                                                                     Second Respondent
Yu Naiwen
                                                                     Third Respondent
Yu Naiyun
                                                                     Fourth Respondent

Interpretation, Correction, and Supplementation of Arbitration Award

(Issued in accordance with valid Arbitration Rules Effective on September 1, 2008 at Hong Kong International Arbitration Centre)

Arbitral Tribunal: Yang Ing Loong (Chief Arbitrator), Senior Counsel Horace Wong (Arbitrator), Wang Xuehua (Arbitrator)

1

Interpretation, Correction, and Supplementation of Arbitration Award

1. In this case, after the original Arbitral Tribunal (comprised of Senior Counsel Horace Wong, Senior Counsel Teresa Cheng, and Chief Arbitrator Mr. Yang Ing Loong) made the *Final Award (Excluding Interest and Arbitration Fee)* (hereinafter "the original Arbitration Award") on February 28, 2018, the Arbitral Tribunal was adjusted for certain reasons and the Parties had made new claims; to facilitate the narrative, the Arbitral Tribunal summarizes the procedures in this case as follows:

   (1) On March 7, 2018, Parties to this case received the original Arbitration Award;

   (2) On March 12, 2018, the arbitrator Senior Counsel Teresa Cheng appointed by Respondents formally resigned as arbitrator in this case due to performance of public duties;

   (3) On April 6, 2018, Second Claimant submitted *Second Claimant's Application to Interpret/Correct/Supplement Award* and its annexes. In the application, Second Claimant requested the Arbitral Tribunal to interpret, correct, or supplement the award to Orders 1, 3, 7, and 8 of the original Arbitration Award;

   (4) On April 21, 2018, First Claimant submitted *First Claimant's Written Response to Second Claimant's Application to Interpret/Correct/Supplement Award* (hereinafter "**First Claimant's Written Response**") and *First Claimant's Statement of Litigation and Interest*. In *First Claimant's Written Response*, First Claimant sought a supplemental award from the Arbitral Tribunal based on Order 1 in the original Arbitration Award;

   (5) On April 24, 2018, the original Arbitral Tribunal pointed out that the claims in *First Claimant's Written Response* exceeded the time frame stipulated by Article 34 and Article 35 of Hong Kong International Arbitration Centre Administered Arbitration Rules (2008) (hereinafter "**2008 Arbitration Rules**," and required First Claimant to issue a formal written extension to Hong Kong International Arbitration Centre Secretariat;

   (6) On May 3, 2018, First Claimant submitted a written opinion, pointing out that since arbitration proceedings continued after the arbitrator was replaced, the claims submitted on April 21 did not exceed the time frame stipulated by Article 34 and Article 35 of *2008 Arbitration Rules*. At the same time, First Claimant stressed that its position was that there was no need to appoint a replacement arbitrator. On the same day, Respondents submitted their written opinion and appointing Dr. Wang Xuehua as the replacement arbitrator in this case;

   (7) On May 11, 2018, Hong Kong International Arbitration Centre Secretariat (hereinafter "**HKIAC Secretariat**") approved First Claimant's extension application for a supplemental award in regards to Order 1 in the original Arbitration Award. At the same time, HKIAC Secretariat contacted Dr. Wang Xuehua regarding Respondents' appointment of him as the replacement arbitrator, and provided him with a copy of the signed arbitrator appointment and the declaration of impartiality and independence, as well as the his appointment terms and conditions in this case;

   (8) On May 14, 2018, Respondents submitted their written opinions, in which they provided statements to the issues related to Order 1, Order 3, Order 5, Order 7, and Order 9 of the original Arbitration Award;

   (9) On May 18, 2018, First Claimant submitted its written opinion and provided a statement with regard to Order 8 in the original Arbitration Award;

   (10) On May 21, 2018, the Arbitral Tribunal instructed the Parties to handle relevant issues after they receive confirmation from Hong Kong International Arbitration Centre regarding the arbitrator replacement appointed by Respondents. Hong Kong International

Arbitration Centre then issued the arbitrator appointment statement completed and signed by Dr. Wang Xuehua, his curriculum vitae, and fee recommendation to the Parties on May 25;

(11) On June 5, 2018, HKIAC Secretariat notified the Parties that the confirmation procedure for arbitrator replacement had been initiated;

(12) On August 28, 2018, after hearing several rounds of opinions and commentary from the Parties, Hong Kong International Arbitration Centre confirmed Dr. Wang Xuehua as the replacement arbitrator of Respondents;

(13) On September 5, 2018, the Arbitral Tribunal notified Parties in the case that it will make further instructions regarding Second Claimant's application to interpret/Correct/Supplement award and matters related to the arbitration fee;

(14) On September 8, 2018, Second Claimant requested the Arbitral Tribunal's permission for the Parties to undertake negotiations regarding Second Claimant's application to interpret/Correct/Supplement award and matters related to the arbitration fee. Respondents subsequently expressed their consent to Second Claimant's aforementioned proposal to the Arbitral Tribunal on September 11, 2018; First Claimant expressed disagreement with the proposal from Second Claimant to the Arbitral Tribunal and sought instructions from the Arbitral Tribunal regarding the aforementioned issues on September 12, 2018;

(15) On September 13, 2018, the Arbitral Tribunal notified the Parties to express support for Second Claimant's aforementioned claims, and instructed the Parties to engage in negotiation regarding the time table of Second Claimant's application to interpret/Correct/Supplement award and matters related to the arbitration fee. If the Parties are unable to reach an agreement regarding the aforementioned issues by September 21, they should then apply for procedural instructions from the Arbitral Tribunal;

(16) On September 27, 2018, because the Parties failed to come to a consensus through negotiation, the Arbitral Tribunal instructed the Parties to submit written statements related to the application to interpret/Correct/Supplement award by October 25, 2018. At the same time, the Parties were instructed to make decisions regarding the aforementioned matters before dealing with the arbitration fee and interest issues;

(17) On October 25, 2018, Respondents applied to the Arbitral Tribunal for a short extension to interpret/Correct/Supplement award based on the original Arbitration Award to October 29, 2018. On the same day, the Arbitral Tribunal approved the extension request from Respondents.

2. Now, based on (1) *Second Claimant's Application to Interpret/Correct/Supplement Award* submitted by Second Claimant on April 6, 2018; (2) *First Claimant's Written Response to Second Claimant's Application to Interpret/Correct/Supplement Award* submitted by First Claimant on April 21, 2018; (3) "First Claimant's Written Response to Second Claimant's Application to Interpret/Correct/Supplement Award" submitted by First Claimant on October 25, 2018; (4) "Second Claimant's Supplemental Written Opinion Regarding the Application to Interpret/Correct/Supplement Award" submitted by Second Claimant on October 29, 2018; and (5) Written response to the Claimants' application to interpret/Correct/Supplement award submitted by Respondents on October 29, 2018; at the same time, pursuant to the stipulations in Article 33, Article 34, and Article 35 of *2008 Arbitration Rules*, the Arbitral Tribunal hereby makes the following decisions regarding the 5 claims made by First Claimant and Second Claimant:

(1) **Rejected the claim to supplement and correct Order 1 of the original Arbitration Award**

Rationale: Order 1 of the original Arbitration Award stated: "*Respondents are ordered to (within 4 weeks from the decision date) prompt Greencourt Properties to*

3

*sign a* Shanghai Municipal Real Estate Purchase/Sale Contract *in relation to the Jiuting Stores with Claimants or a third party specified by Claimants, and transfer ownership of the Jiuting Stores to non-controlling shareholders or a third party specified by non-controlling shareholders*"

In *First Claimant's Written Response*, First Claimant claimed that the Arbitral Tribunal should supplement the Order, and to correct the Order to: "The Respondents are ordered (within 4 weeks from the date the correction is made) to prompt Greencourt Properties to sign a Shanghai Municipal Real Estate Purchase/Sale Contract in relation to the Jiuting Stores with Claimants or a third party specified by Claimants, and transfer ownership of the Jiuting Stores to non-controlling shareholders or a third party specified by non-controlling shareholders, and the Jiuting Stores is in fact the store at No. 25-36 (not No. 34) Laiyan Road Lane 658, Songjiang District, Shanghai, the area of which is approximately 2,140.30 square meters; and the stores at 301, 302, and 303 of 3F, No. 38 Huting North Road Lane 607, Songjiang District, Shanghai, the area of which is approximately 6,625.15 square meters."

First Claimant asserted the rationale for this claim: The agreement in question under the original arbitration and the original Arbitration Award did not define the Jiuting Stores in detail, therefore, even though the Parties had no controversy over this question in the arbitration process, First Claimant and Second Claimant believed that it was still necessary to list the actual property represented by "the Jiuting Stores," to prevent uncertainties from arising in the future performance or execution of the Orders.

Respondents asserted in their written opinion that because the two Claimants did not raise any objections or contrary opinions in regards to the aforementioned issues throughout the arbitration process, and because the Respondents believe that Article 3.1 of the *4.28 Agreement* had sufficiently described the Jiuting Stores, it was not necessary for the Arbitral Tribunal to supplement the award based on the aforementioned issues. At the same time, Respondents stressed that, the true cause of the uncertainty issue in execution of the award order as mentioned by First Claimant was due to the two Claimants' inability to reach a consensus on how to split the Jiuting Stores, and not due to the descriptions in the award.

The Arbitral Tribunal's investigation found that in the agreement in question in the present case, *Agreement Regarding Execution of Preliminary Agreement for Equity Restructuring* (namely the *4.28 Agreement*), Article 3.1 already gave a quite detailed explanation of the definition of "the Jiuting Stores," and was also cited in Paragraph 283 of the original Arbitration Award. The specific excerpt is as follows:

> "*Approximately 8000 square meters (specifically including approximately 6000 square meters in three floors of commercial housing along the street in Greencourt Shangcheng Phase 1 and approximately 2000 square meters in all commercial housing on the west side of the Phase 2 Center Square) in housing for commercial use in the Jiuting Greencourt Shangcheng Real Estate Project in Songjiang District*"

At the same time, it is the opinion of the Arbitral Tribunal that according to page 3 to page 4 of the arbitration hearing transcript on May 17, 2017, the two Claimants raised no objections or disputes regarding the preceding matters prior to or during the hearing. See the following excerpt:

> "*Miss Zheng: Is it true that during this period, there has not been any objection toward this Jiuting Store?*
> *Mr. Xu: There is no problem with the Jiuting Stores.*
> *Miss Zheng: No problem, no disputes.*
> *Mr. Xu: There's no dispute. The only dispute is because the exchange has not been made yet.*
> *Miss Zheng: The dispute is still over whether the drawings for these two buildings have been accepted, and whether they are around 1200 meters.*

*Mr. Xu: Right, as for the nature of the store itself, or their quality, or the area, there is no dispute over those things."*

In view of the facts that: (1) The agreement in dispute in this case, namely the *4.28 Agreement*, has already described the definition of "the Jiuting Stores" in detail; moreover (2) First Claimant and Second Claimant did not raise any objections or contrary opinions regarding the scope of definition of "the Jiuting Stores," therefore, the Arbitral Tribunal hereby rejects the claim of First Claimant and Second Claimant to supplement and correct Order 1 of the original Arbitration Award.

(2) **Approved the claim to correct Order 2 in the original Arbitration Award.**

Rationale: Order 2 of the original Arbitration Award stated: "*Respondents are ordered (within 4 weeks of the Award date) to prompt the third party specified by First Respondent to sign a Shanghai Municipal Commodity Housing Pre-Sale Contract for the Model A2 Villa with Four-Season-Flower-City and complete the relevant pre-sale registration procedures.*"

In their application, First Claimant and Second Claimant requested the Arbitral Tribunal to correct the order to "Respondents are ordered (within 4 weeks of the date on which corrections were made) to prompt the third party specified by First Respondent to sign a Sale Contract for the Model A2 Villa with Four-Season-Flower-City and complete all relevant procedures."

First Claimant and Second Claimant asserted that the reason for this claim was that the *Construction Completion Plan Inspection Certificate* for the Model A2 Villa involved in this case was already obtained in 2013, thus the transfer of the Villa should involve the signing of a *Sale Contract* and completion of relevant procedures, rather than the Commodity Housing Pre-Sale Contract and pre-sale registration procedures. Respondents raised no objections to the above matters.

Therefore, the Arbitral Tribunal agrees and approves the amendment of Order 2 in the original Arbitration Award to: "Respondents are ordered (within 4 weeks of the date on which corrections were made) to prompt the third party specified by First Respondent to sign a Sale Contract for the Model A2 Villa with Four-Season-Flower-City and complete all relevant procedures."

(3) **Rejected the claim to supplement and correct Order 3 in the original Arbitration Award.**

Rationale: Order 3 of the original Arbitration Award stated: "*The Parties are ordered to comply with the instructions in Paragraphs 304 to 324 in the Award, to settle and pay the debts in relation to Four-Season-Flower-City and First Respondent within 4 weeks from the Award date.*"

In their application, First Claimant and Second Claimant requested the Arbitral Tribunal to supplement the Order, and recommended that it should be corrected to "In order to settle debts in relation to Four-Season-Flower-City and First Respondent, Respondents should pay to the third party specified by the Claimants (namely Four-Season-Flower-City) an amount in RMB equivalent to 'RMB 27,043,906.83 minus HKD 42, 115 (Note: HKD should be converted to RMB in accordance with the exchange rate of People's Bank of China on February 29, 2018) and RMB 3,127,591.77.'"

First Claimant and Second Claimant asserted that the reason for this claim was that the Arbitral Tribunal only made its decision based on the settlement items in dispute, but did not mention the settled item amounts on which the Parties have reached a consensus, and did not order Respondents to clear and pay the items for which there is consensus. Thus, these matters were omitted from the Award.

Respondents asserted that for the settlement items to which the Parties have reached a consensus, the Parties have clearly stated at the hearing that the Arbitral Tribunal was not needed to handle such issues, therefore, the Arbitral Tribunal did not need to supplement the decision.

It is the Arbitral Tribunal's opinion that, according to page 8 of the hearing transcript on May 19, 2017, each Party reached a consensus at the hearing, and clearly stated that there was no need for the Arbitral Tribunal to deal with such issues. The specific excerpt is as follows:

> "*a. Chair: On our side, we have a few things, a few thought to share with everyone. First, we are very grateful for cooperation of the attorneys on three sides, for shrinking the scope of the problems that should be considered a part of debt repayment and settlement. Originally, we had a series, a longer list with a significant number of items and needs; the Parties have disputes over them, and now the scope is smaller. I think what the Arbitral Tribunal wants to understand is, for the items to which the Parties have reached an agreement, is it both Parties' intent, all three Parties' intent, to say that the Arbitral Tribunal does not need to deal with these items in this Arbitration Award? This is the first thing. The answer to this should be 'Yes,' correct?*
> *b. Mr. Peng: Yes.*"

In view of the fact that at the hearing, the Parties had reached a consensus and definitively stated that there was no need for the Arbitral Tribunal to deal with such matters, the Arbitral Tribunal hereby rejects the claim of First Claimant and Second Claimant to supplement and correct Order 3 of the original Arbitration Award.

(4) **Approved the claim to correct Order 7 in the original Arbitration Award.**

Rationale: Order 7 of the original Arbitration Award stated: "*The First Respondent (within 2 months from the Award date) is ordered to prompt Oasis Kechuang to transfer its holdings of 20% of equity in Four-Season-Flower-City to Lyuhao Trading.*"

In their application, First Claimant and Second Claimant requested the Arbitral Tribunal to correct the Order to "The First Respondent is ordered (within 2 months from the Award date) to prompt Shanghai Greencourt Kechuang Shengtai Keji Limited to transfer its holdings of 20% of equity in Four-Season-Flower-City to Lyuhao Trading."

First Claimant and Second Claimant asserted this claim because "Oasis Kechuang" described in the original Arbitration Award had changed its name to "Shanghai Greencourt Kechuang Shengtai Keji Limited" on July 30, 2015, thus it sought the correction from the Arbitral Tribunal. Respondents asserted that the claim did not meet the correction conditions set out in Article 34.1 of *2008 Arbitration Rules*, and the Claimants never raised the issue of renaming in the hearing process, thus this claim should not be supported by the Arbitral Tribunal.

It is the Arbitral Tribunal's opinion that First Respondent's "Shanghai Oasis Kechuang Shengtai Keji Limited" as mentioned in the original Arbitration Award had changed its name to "Shanghai Greencourt Kechuang Shengtai Keji Limited" on July 30, 2015, which has been evidenced in *National Enterprise Credit Information Publicity System*; Respondents raised no objection to this fact. Although First Claimant and Second Claimant did not mention the issue of renaming in the hearing process, considering the integrity and effectiveness of the Award, based on balancing the principles of impartiality and efficiency, the Arbitral Tribunal decided to support this claim.

Therefore, the Arbitral Tribunal agrees and approves the correction of Order 7 in the original Arbitration Award to "The First Respondent is ordered (within 2 months from the Award date) to prompt Shanghai Greencourt

    Kechuang Shengtai Keji Limited to transfer its holdings of 20% of equity in Four-Season-Flower-City to Lyuhao Trading."

(5) Rejected the claim to supplement and correct Order 8 of the original Arbitration Award.

    Rationale: Order 8 of the original Arbitration Award stated: "*Respondents are ordered (within 4 weeks after the aforementioned Order 16 is performed) to pay the adjusted final amount pursuant to Clause 2.2.1(4) of 4.28 Agreement and instructions in Paragraph 232(4)(a)(b)(c) and Paragraph 233 of the Award.*"

    In their application, First Claimant and Second Claimant sought a supplementary explanation of the Order by the Arbitral Tribunal, recommending correction of the Order to "[Ultimate amount] = [RMB 150 million] + [Consideration that may be paid by Claimants to Respondents for the transfer of Four-Season-Flower-City equity (minus taxes payable for Shanghai Greencourt Kechuang Shengtai Keji Limited's transfer of 20% of equity in Four-Season-Flower-City to Lyuhao Trading)] - [RMB 11,244,613.21]".

    First Claimant and Second Claimant asserted this claim because they want the Arbitral Tribunal to further explain the details in the aforementioned order to prevent unnecessary controversy in the future. Respondents asserted that the Award has given clear descriptions regarding this issue, there is no divergence of opinions, and the matter has not been omitted, thus the Arbitral Tribunal has no right to make the interpretation.

    Therefore, since Paragraph 232 and Paragraph 233 of the original Arbitration Award's main text have already made definitive and clear descriptions of the adjusted final amount, and since the Arbitral Tribunal has no right to further inspect or review new evidence, the Arbitral Tribunal hereby rejects the claim from First Claimant and Second Claimant to supplement and correct Order 8 of the original Arbitration Award.

3. This Decision is a constituent part of the Arbitration Award and has the same legal force as the Arbitration Award.

Date: December [handwritten: 19], 2018
Location of arbitration: Hong Kong
                              [seal: Hong Kong International Arbitration Centre]

| [signature: Wang Xuehua] | [signature: Horace Wong] |
|---|---|
| Wang Xuehua | Horace Wong |
| Arbitrator | Arbitrator |

                [signature: Yang Ing Loong]
                    Yang Ing Loong
                    Chief Arbitrator