Michael J. Baratz
202 429 6468
mbaratz@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

August 16, 2019

**By CM/ECF**

Hon. Paul W. Grimm
United States District Court
District of Maryland
6500 Cherrywood Lane
Suite 465A
Greenbelt, Maryland 20770

Re:     *Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.)

Dear Judge Grimm:

    We represent respondent Stephany Yu in the above proceeding, and write to briefly respond to Monday's letter from the petitioner (the "Estate") (ECF 47) objecting to our submission of a supplemental declaration (ECF 46) that alerted the Court to certain developments in a related proceeding in China.

    Contrary to the Estate's letter, we view it as our obligation to update the Court with factual or legal developments that are pertinent to a pending motion. To the extent the Court agrees with the Estate's suggestion that leave of Court was required, we respectfully request that the Court treat our prior submission as a request for leave.[1]

---

    [1] We have recently conferred with the Estate's counsel in an effort to dispense with the procedural dispute and obtain its agreement that it is appropriate for the Court to consider new evidence from the Chinese proceedings. The Estate has refused to agree. It has informed us that it does not believe additional submissions are necessary and that it reserves the right to respond.

Hon. Paul W. Grimm
August 16, 2019
Page 2



     The Estate's letter also addresses the substance of Ms. Yu's submission, but, in doing so, makes several misstatements that merit correction.

     *First*, the Estate characterizes the evidence Ms. Yu presented as merely a "self-created board resolution" that amounted to nothing "new." (ECF 47, at 1.) But the board resolution is not "self-created"; it bears the signature of Xu Hongbiao, the petitioner's co-claimant in the arbitration giving rise to this proceeding. Mr. Xu's signature is significant because it authorizes Shibang Company Ltd. ("Shibang") to participate in the Chinese litigation and shows that Mr. Xu will be directing Shibang in this regard. The Chinese court has formally accepted the case (*see* Ex. A), which is further evidence that the litigation abroad is proceeding apace, with the imminent participation of individuals and entities (such as Mr. Xu, Shibang and SJHC) outside this Court's reach. That the Court lacks jurisdiction over these and other key stakeholders was a major ground for Ms. Yu moving to dismiss this case.

     *Second*, the Estate tries to downplay the importance of the Chinese litigation by pointing out that it is not a party to that case, which instead involves Shibang and SJHC.[2] In doing so, the Estate underscores a key point Ms. Yu has been making all along — that the transactions contemplated by the final award involve parties beyond the two that are before this Court.

     *Third*, the Estate argues that Ms. Yu "had the ability to timely" raise the Chinese proceedings as part of her motion to dismiss. (ECF 47, at 1.) In fact, Mr. Yu *did* direct the Court to the parallel case in China in her motion, and explained why it was significant. (ECF 45, at 14-15; ECF 45-1 ¶ 10 & Exs. B and C.)

     *Finally*, the Estate argues that the corporate transactions at issue in the Chinese litigation are "not a part of the underlying 4.28 arbitral agreement or award." (ECF 47, at 2.) This is simply untrue. Orders 5 and 6 of the final award specifically refer the transfer of 80% of SJHC's equity to Shibang, and cite to the provisions of the April 28, 2010 agreement calling for those same transactions to occur. (ECF 40-4, at 3.) The Chinese litigation thus represents a critical step in implementing the final award, and strongly illustrates why this dispute is better suited to litigation before the courts in China, instead of the courts here in the United States. That the claimants state otherwise is troubling and simply highlights why this matter, involving complex issues of Chinese corporate law and regulation, should be heard in China, not here.

---

     [2] The claimants have argued in separate Chinese proceedings that they do not control SJHC. This is untrue, but, regardless, it further underscores the importance of having these matters resolved before a court with jurisdiction over stakeholders like SJHC.



Hon. Paul W. Grimm
August 16, 2019
Page 3

Respectfully,

/s/ *Michael J. Baratz*
Michael J. Baratz (Bar No. 16391)

/s/ *Charles Michael*
Charles Michael (*Pro Hac Vice*)

*Attorneys for Respondent Stephany Yu*

cc:   Michael D. Cilento (Counsel for the Estate)
      (via CM/ECF)