

240-490-1070
Allanpoteshman@gmail.com
103 Mariam Pass
Middletown, MD 21769

Law Offices of

# ALLAN POTESHMAN, LLC

March 13, 2020

Honorable Paul W. Grimm, District Judge
United States District Court for the District of Maryland, Southern Division
6500 Cherrywood Lane
Suite 465A
Greenbelt, MD 20770

Re: *Estate of Ke Zhengguang v. Yu Naifen Stephany*, No. 8:18-cv-03546-PWG

Dear Judge Grimm,

We write on behalf of petitioner Estate of Ke Zhengguang ("Petitioner") in response to the Court's February 24, 2020 Memorandum Opinion (the "Order") granting Petitioner's request to recognize and enforce a final arbitration award (the "Final Award") against respondent Yu Naifen Stephany ("Respondent").   *See* ECF. No. 53.

The Order directed the parties to submit by March 13, 2020 either (1) "an agreed proposed judgment order, consistent with the Final Award and this opinion," or (2) a letter from each party "containing a concise summary of [each party's] position with respect to the exchange rate and pre- and post-judgment interest, and the legal support for it."    (Order at 20).    The parties reached agreement on the exchange rate and post-judgment interest, but could not reach agreement on the availability of prejudgment interest or (to the extent prejudgment interest is available) the prejudgment interest rate.    Petitioner also disputes certain language that Respondent has proposed to include in the judgment (discussed below) that is unrelated to prejudgment interest.    In this letter, Petitioner explains its position on these disputed issues.    Attached to this letter is Petitioner's proposed judgment.

**Availability of pre-judgment interest**

As several circuit courts have held, "post-award, prejudgment interest is available in an action to confirm an arbitration award under the New York Convention." *Ministry of Def. and Support for the Armed Forces of the Islamic Republic v. Cubic Def. Sys., Inc.,* 665 F. 3d 1091, 1102 (9th Cir. 2011) (citing *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH,* 141 F.3d 1434, 1446–47 (11th Cir. 1998); *Waterside Ocean Navigation Co. v. Int'l Ltd.,* 737 F. 2d 150, 153–54 (2d Cir. 1984).    Further, in the District of Columbia Circuit, "a presumption exists in favor of" prejudgment interest "in actions to confirm arbitral awards under the New York Convention," such that "'absent any reason to the contrary,' prejudgment interest 'should normally be awarded when

damages have been liquidated by an international arbitral award.'" *LLC Komstroy v. Republic of Moldova*, No. 14-cv-01921 (CRC), 2019 WL 3997385, at *14 (citing *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 163-64 (D.D.C. 2013).

Here, consistent with the foregoing authorities, prejudgment interest is appropriate in order to compensate Petitioner for Respondent's significant delay in complying with the award. *See LLC Komstroy*, 2019 WL 3997385, at *14 (stating that awarding prejudgment interest is appropriate given multi-year delay in compliance).

**Prejudgment Interest Rate**

This Court has endorsed the use of the prime rate in calculating prejudgment interest. *See Neel v. Mid–Atl. of Fairfield, LLC,* No. SAG–10–CV–405, 2012 WL 3264965, at *12 (D. Md. Aug. 9, 2012) (citation omitted) ("Courts often award pre-judgment interest at the prime interest rate. In this case, the Court finds that the appropriate rate of prejudgment interest to properly compensate [the plaintiff] is the prime interest rate, compounding annually."). Courts in the District of Columbia Circuit (which routinely address enforcement of international arbitration awards) have "indicated a preference for the use of the prime rate in cases confirming foreign arbitral awards." *See LLC Komstroy*, 2019 WL 3997385, at *14 (citing *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 164-65 (D.D.C. 2013) (citing *Forman v. Korean Air Lines Co., Ltd*., 84 F.3d 446, 450 (D.C. Cir. 1996)). Specifically, courts in the D.C. Circuit have found that "prejudgment interest should be calculated, on a compound basis, using the average daily prime rate between the date of the Award and the date of judgment." *See id.* at 163–65 (citing *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 5 F. Supp. 3d 25, 43 (D.D.C. 2013).

Accordingly, Petitioner proposes that the Court award prejudgment interest, compounded annually, using the average daily prime rate between the date of the award and the date of judgment.

**Additional Language Proposed by Respondent**

Respondent has proposed that the following italicized language be added to the proposed judgment: "The Final Award is confirmed, and its Orders, are hereby entered as the judgment of the Court, *insofar as those Orders pertain to the parties before the Court, the Estate and Stephany Yu, but not as to Arbitral Claimants, Arbitral Respondents, or other parties not before the Court*."

Respondent respectfully submits that italicized language is unnecessary and ambiguous. It is unnecessary because the Order sought input from the parties only on the issues of the exchange rate and pre and post judgment interest. The italicized language is unrelated to the specific topics that the Court invited the parties to address.

Moreover, the italicized language introduces an ambiguity into the judgment, because it provides that the award is being confirmed only to the extent that it "*pertain[s] to the parties before the Court*" without any explanation of what that qualifier means. Given that the award may require Respondent to seek the cooperation or consent of non-parties to this action who were parties to the underlying arbitration,[1] the italicized language could be read to limit (or eliminate) Respondent's

---

[1] *See* Order at 3-4 (quoting the nine orders contained in the underlying arbitration award, such as order No. 1, which

obligations to seek or obtain such cooperation or consent, in a manner that may conflict with the award itself. Stated differently, Respondent's proposed language is contrary to the Order's unambiguous and unqualified recognition and enforcement of the award. *See* Order at 20.[2]

For the reasons outlined in this letter, Petitioner respectfully requests that the Court enter the attached proposed judgment.

Respectfully Submitted,

Allan Poteshman, Esq.
Law Offices of Allan Poteshman, LLC
Counsel for the Petitioner
Bar No. 20879
allanpoteshman@gmail.com
103 Mariam Pass
Middletown, MD 21769
240-490-1070

---

requires *all respondents* to the arbitration to "cause Greencourt Real Estate to sign a 'Shanghai Real Estate Sale and Purchase Contract'"[]).

[2] The Order enforced the award without any conditions or limitations. As the Court stated:

> In sum, the Petitioner has provided the required documentation for recognition and enforcement of the Final Award. The Respondent has not sought to modify or annul or vacate the award, and the award has not been set aside or suspended in Hong Kong, where it was rendered. The Respondent asserted only one defense under the New York Convention—enforcement would violate public policy—but she did not satisfy the substantial burden to overcome the presumption favoring enforcement. Therefore, I shall GRANT Petitioner's request to recognize and enforce the Final Award. Respondent's dismissal motion shall be DENIED.

Order at 20.

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| ESTATE OF KE ZHENGGUANG,<br><br>          Petitioner,<br><br> —*against*—<br><br>YU NAIFEN STEPHANY<br>(a/k/a/ STEPHANY YU,<br>a/k/a/ STEPHANY NAIFEN YU<br>a/k/a/ STEPHANY N. DOMBROWSKI),<br><br>          Respondent. | 8:18-cv-03546-PWG |

**[PETITIONER'S PROPOSED] FINAL JUDGMENT**

  **WHEREAS** Ke Zhengguang and Respondent Yu Naifen Stephany (a/k/a/ Stephany Yu, a/k/a/ Stephany Naifen Yu a/k/a/ Stephany N. Dombrowski) ("Stephany Yu") are among the parties to that certain "Agreement on the Implementation of 'The Preliminary Share Restructuring Agreement,'" which called for disputes to be resolved via arbitration in Hong Kong (ECF No. 35-1) (the "2010 Agreement");

  **WHEREAS** in February 2013, Ke Zhengguang and Xu Hongbiao (the "Arbitral Claimants") filed an arbitration against the remaining parties to the 2010 Agreement, Stephany Yu, Oasis Investment Group Limited, Yu Naiwen and Yu Naiyen (the "Arbitral Respondents");

  **WHEREAS** the Petitioner the Estate of Ke Zhengguang (the "Estate") was substituted as a party in the arbitration for Ke Zhengguang following his death;

  **WHEREAS** the arbitral tribunal issued a final award, dated February 25, 2018 (ECF No. 35-3), as clarified in a supplemental award, dated December 19, 2018 (ECF No. 35-5) (collectively, the "Final Award");

**WHEREAS** the Estate filed an Amended Petition in this Court against Stephany Yu (ECF No. 35) under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 33 U.N.T.S. 38 and 9 U.S.C. § 207, to confirm the Final Award; and

**WHEREAS** the Court has granted the Amended Petition. (ECF No. 53.)

It is hereby **ADJUDGED** as follows:

1.   The Final Award is confirmed, and its Orders are hereby entered as the judgment of the Court.

2.   With respect to Order 9, judgment is entered against Stephany Yu in the amount of **$796,658.25**,[1] plus (i) pre-judgment interest, compounded annually, using the average daily prime rate between the date of the Final Award and the date of entry of this Final Judgment, and (ii) post-judgment interest based on the rate specified in 28 U.S.C. § 1961, from the date of entry of this Final Judgment until its satisfaction.

3.   Each party is to bear its own costs and fees.

　　　　　　　　　　　　　　　　　　　　　　　Hon. Paul W. Grimm, U.S.D.J.
　　　　　　　　　　　　　　　　　　　　　　　Dated:

---

[1] This is calculated as the Estate's one-half portion of the award amount, RMB 10,346,211, times the currency exchange rate published in the Wall Street Journal from RMB to U.S. Dollars of 0.1540, as of February 28, 2018.