Michael J. Baratz
202 429 6468
mbaratz@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

**Steptoe**

April 2, 2020

**By ECF**

Hon. Paul W. Grimm
United States District Court
District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, Maryland 20770

Re:   *Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.)

Dear Judge Grimm:

    We write on behalf of Respondent Stephany Yu to alert the Court to two recent developments relevant to the Court's pending decision as to the proper form of judgment to enter in the above case.

    First, after the parties submitted their competing forms for the judgment on March 13, the Petitioner, Estate of Ke Zhengguang (the "Estate"), stated in an email that it plans to move to amend the judgment to include a new award that the arbitral tribunal issued on March 16, concerning certain costs and interest. (Ex. A at 1, 3.) We will oppose the motion, but wanted the Court to be aware of it before entering either party's proposed judgment.

    Second, the correspondence between the parties regarding the new award includes a critical concession from the Estate which supports Ms. Yu's position that she had been trying to pay the arbitral award in China in good faith, and that any judgment should therefore exclude prejudgment interest.

    The Estate has argued that Ms. Yu's previous efforts to pay in China were made in bad faith because she supposedly knew that the Estate, as a Hong Kong entity, could not receive funds in Mainland China (ECF No. 36, at 6), and that any payment must be "deposited into the Estate's HK bank account." (ECF 43-1 ¶ 16.)

    However, as explained in our submission with our proposed judgment, the Estate is *not a separate legal entity under Hong Kong or Chinese law* and cannot independently negotiate

Hon. Paul W. Grimm
April 2, 2020
Page 2

Steptoe

currency in *any* jurisdiction. Instead, funds paid to the Estate must flow through its administrators, in this case Mr. Ke's wife and daughter.

Confirming this point, the Estate has demanded payment of the above-referenced new award to a Hong Kong bank account in the names of "Yeying Ke and Yuejin Zhang" — that is, to an account **in the name of Mr. Ke's wife and daughter** (Ex. A at 4) — the exact same payees as designated on the 2018 check Ms. Yu tendered in China. (ECF No. 31-2, at Page 86 of 89.) If these administrators must accept payment towards the award into bank accounts in their own name, then surely they can accept such payments in China, a jurisdiction in which they have extensive business dealings and assets. (ECF No. 55, at 2 n.1.)

In short, when Ms. Yu tried to pay the Estate repeatedly in China, she was not, as the Estate argues, attempting the impossible. In reality, the Estate's administrators could have accepted those funds (contrary to their representations to the Court), but have simply demanded payment elsewhere, without regard for China's currency control laws.

We respectfully urge the Court to consider this new information, along with our prior submissions, when exercising its discretion to decide whether or in what amount to impose prejudgment interest upon Ms. Yu.

Respectfully,

/s/ *Michael J. Baratz*
Michael J. Baratz (Bar No. 16391)

/s/ *Charles Michael*
Charles Michael (*Pro Hac Vice*)

*Attorneys for Respondent Stephany Yu*

cc:   Amiad Kushner (Counsel for the Estate)
      (by ECF)