

240-490-1070
Allanpoteshman@gmail.com
103 Mariam Pass
Middletown, MD 21769



Law Offices of

# ALLAN POTESHMAN, LLC

April 7, 2020

Honorable Paul W. Grimm, District Judge
United States District Court for the District of Maryland, Southern Division
6500 Cherrywood Lane
Suite 465A
Greenbelt, MD 20770

Re: *Estate of Ke Zhengguang v. Yu Naifen Stephany*, No. 8:18-cv-03546-PWG

Dear Judge Grimm,

We write on behalf of petitioner Estate of Ke Zhengguang ("Petitioner") in response to the April 2, 2020 letter (the "Letter") submitted to the Court by counsel for respondent Yu Naifen Stephany ("Respondent"). *See* ECF. No. 56.

The Letter purports to notify the Court of potential proceedings related to an arbitration award issued on March 16, 2020. Yet the real purpose of the Letter is to seek improperly to relitigate an issue that was already decided by the Court in its February 24, 2020 decision (ECF No. 53). Petitioner addresses each of these topics below.

**March 16 Award**

On March 16, 2020, a Final Award on Arbitration Fees and Interest (the "March 16 Award") was issued by the Hong Kong tribunal in the arbitration underlying this action. The March 16 Award orders Respondent to pay to Petitioner (1) HK $7,800,000 in legal fees, (2) HK $4,961,030 in arbitration fees, and (3) interest according to a formula contained in the award.

On March 25, 2020, Petitioner's counsel requested that Respondent pay these amounts. In response, Respondent refused to pay the awarded amounts, on the purported basis that it plans to file a motion to "clarify and correct" the award. Respondent refused to explain whether or how the purported motion would affect the calculation of any of the payments that Respondent was ordered to make. Nor did Respondent provide any authority to support its position that the mere filing of a such a motion would, as a matter of law, render the award not "binding" under the New York Convention.[1]

---

[1] The parties' respective positions as referenced in this paragraph were set forth in the email correspondence attached as Exhibit A to Respondent's April 2, 2020 Letter.

If Respondent continues to refuse to pay the amounts awarded by the March 16 Award, Petitioner intends to seek leave to enforce the award in this Court.

**Respondent's Improper Attempt to Relitigate the Court's February 24, 2020 Decision**

In its Letter, Respondent contends that Petitioner (1) "*could have accepted*" Respondent's attempt to tender payment in mainland China in 2018 and is not entitled to prejudgment interest because it declined to accept that payment, and (2) made a "*critical concession*" by requesting payment of the March 16 Award to a Hong Kong account in the name of the same payees to whom Respondent attempted to tender payment to in China in 2018.

These arguments improperly seek to relitigate Respondent's prior arguments regarding its attempted tender of payment in mainland China in 2018.   In its February 24, 2020 decision, the Court held:

> I do not agree that Stephany Yu's efforts to tender payment from her China-based company in a form that was unacceptable to the Estate constitutes an unconditional tender that moots this case.   *Even if the Estate had accepted the payment, it is still entitled to an order recognizing the Final Award and the ability to pursue pre- and post judgment interest.* The Estate indicated it was willing to accept payment in RMB, but it required a negotiable instrument capable of being deposited into its Hong Kong bank account.   *Stephany Yu did not provide a payment that could be accepted by the Estate's Hong Kong bank account as requested.*[2]

Respondent did not move for consideration of the February 24 decision.   Respondent cannot now attempt to relitigate or re-open the issue of whether Petitioner could (or should) have accepted payment in mainland China in 2018, under the guise of determining whether prejudgment interest is appropriate.

Further, the Hong Kong account to which Petitioner requested payment (and the identity of its payees) are not "new" information; Respondent has long known this information.   Indeed, Respondent's Letter fails to disclose to the Court the material fact that this is the very same Hong Kong account to which Respondent, in January 2020, *already paid amounts awarded to Petitioner in a December 2019 costs award issued in the same arbitration.*[3]   Notably, in paying those amounts, Respondent did not contend (as it continues to do before this Court, including in the Letter) that payment to the Hong Kong account would violate Chinese currency control regulations. Respondent is attempting improperly to relitigate the issue of whether Petitioner could (or should) have accepted payment in mainland China in 2018, while falsely cloaking its relitigation gambit with the aura of "new" information.   Respondent's gambit is made solely in order to delay or

---

[2]  February 24, 2020 Memorandum Opinion (ECF. No. 53), at 14-15 (citations omitted; emphasis added).

[3]  *See* Ex. 1 (correspondence between counsel for the parties regarding payment of amounts awarded in a December 2019 costs award relating to a Consent Award dated July 25, 2019 that was clarified on October 15, 2019).

evade its mandatory payment obligations.

For these reasons and the reasons stated in Petitioner's March 13, 2020 letter, the Court should adopt the form of judgment proposed by Petitioner, including an award of prejudgment interest.

Respectfully Submitted,

_____
Allan Poteshman, Esq.
Law Offices of Allan Poteshman, LLC
Counsel for the Petitioner
Bar No. 20879
allanpoteshman@gmail.com
103 Mariam Pass
Middletown, MD 21769
240-490-1070

/s/ Amiad Kushner (*admitted pro hac vice*)
**Amiad Kushner**
Partner, Head of Litigation
Seiden Law Group LLP
469 Seventh Avenue, 5th Fl.
New York, NY 10018
Office: (646) 766-1914

cc:  All Counsel of Record (via ECF)

# Exhibit 1

## RE: Estate of Ke v. Yu (Maryland enforcement proceeding)

### Michael, Charles <cmichael@Steptoe.com>
Fri 1/3/2020 3:33 PM

**To:** Michael Cilento <mcilento@seidenlegal.com>; Baratz, Michael <MBaratz@steptoe.com>
**Cc:** Robert Seiden <rseiden@seidenlegal.com>; Amiad Kushner <akushner@seidenlegal.com>

Michael –

I am trying to pin down the exact day the wire will go out, but am told this is happening imminently.  I'll let you know as soon as I have details, or a wire confirmation to forward.

Regards,

Charles

**From:** Michael Cilento <mcilento@seidenlegal.com>
**Sent:** Thursday, January 2, 2020 10:39 AM
**To:** Michael, Charles <cmichael@Steptoe.com>; Baratz, Michael <MBaratz@steptoe.com>
**Cc:** Robert Seiden <rseiden@seidenlegal.com>; Amiad Kushner <akushner@seidenlegal.com>
**Subject:** Re: Estate of Ke v. Yu (Maryland enforcement proceeding)

Charles and Michael: can one of you give me a call today to discuss? Basically, if your client will not agree to pay the costs award this week, please let me know, because I have been directed to file a motion early next week seeking to add the consent and costs award to the recognition petition.

Thanks
Mike


--

**Michael D. Cilento, Esq.**

Seiden Law Group

469 7th Ave, 5th Floor

New York, NY 10018
(Office) 646.766.1723

www.seidenlegal.com

**SEIDEN LAW GROUP**LLP

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and  may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容。

---

**From:** Michael Cilento <mcilento@seidenlegal.com>
**Sent:** Monday, December 23, 2019 11:50 AM
**To:** Michael, Charles <cmichael@Steptoe.com>; Baratz, Michael <MBaratz@steptoe.com>
**Cc:** Robert Seiden <rseiden@seidenlegal.com>; Amiad Kushner <akushner@seidenlegal.com>
**Subject:** Re: Estate of Ke v. Yu (Maryland enforcement proceeding)

Gentlemen - see below wiring instructions for the costs award to be paid in HKD. If you could please get your client to pay this asap, it would be a much appreciated sign of good faith as we further work to come to an agreement re: the consent award.

**Bank account details**
Bank name: Standard Chartered Bank (Hong Kong) Limited
Bank address: 4-4A Des Voeux Road, Central, Hong Kong
SWIFT/Clearing code: SCBLHKHHXXX

Account name: Yeying Ke and Yuejin Zhang
Account number: 36885514831

This account can receive HKD and USD only, not RMB.


--

**Michael D. Cilento, Esq.**

Seiden Law Group

469 7th Ave, 5th Floor

New York, NY 10018
(Office) 646.766.1723

www.seidenlegal.com

**SEIDEN LAW GROUP**LLP

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and  may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容。

---

**From:** Michael Cilento <mcilento@seidenlegal.com>
**Sent:** Friday, December 20, 2019 5:17 PM
**To:** Michael, Charles <cmichael@Steptoe.com>; Baratz, Michael <MBaratz@steptoe.com>
**Cc:** Robert Seiden <rseiden@seidenlegal.com>; Amiad Kushner <akushner@seidenlegal.com>
**Subject:** Re: Estate of Ke v. Yu (Maryland enforcement proceeding)

Thanks. Have a good weekend. If you are in the office Monday, please give me a call to discuss very briefly.

Thanks
Mike


--

**Michael D. Cilento, Esq.**

Seiden Law Group

469 7th Ave, 5th Floor

New York, NY 10018
(Office) 646.766.1723

www.seidenlegal.com

SEIDEN **LAW GROUP**LLP

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.


保密申明：本电邮(包括任何附件)可能含有机密资料并受法律保护。如您不是正确的收件人，请您立即通知寄信人并删除本邮件。请不要将本电邮进行复制并用作任何其他用途、或透露本邮件之内容。

---

**From:** Michael, Charles <cmichael@Steptoe.com>
**Sent:** Friday, December 20, 2019 5:06 PM
**To:** Michael Cilento <mcilento@seidenlegal.com>; Baratz, Michael <MBaratz@steptoe.com>