Michael J. Baratz
202 429 6468
mbaratz@steptoe.com



1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

April 10, 2020

**By ECF**

Hon. Paul W. Grimm
United States District Court
District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, Maryland 20770

Re:   *Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.)

Dear Judge Grimm:

We write on behalf of Respondent Stephany Yu to respond briefly to the letter from the Petitioner, Estate of Ke Zhengguang (the "Estate"), dated April 7, 2020.  (ECF No. 57.)

First, the central purpose of our April 2, 2020 letter was to highlight that the Estate's administrators were always legally capable of accepting the December 2018 check issued to them by Ms. Yu in satisfaction of Order 9 of the award in China— despite the sworn testimony of Ke Yeyang (one of the Estate's administrator) that the Estate could accept funds "only in Hong Kong" via "the Estate's HK bank account."  (ECF No. 56, at 1-2; ECF 43-1 ¶ 16 (Ke Decl.)  Critically, the Estate's response letter **does not dispute that this statement was and remains a misrepresentation to this Court**.

This new information shows that Ms. Yu's efforts to pay the award in China were genuine, which bears heavily on whether she should be forced to pay prejudgment interest on the very amounts she tried to pay.  We understand and respect that this Court has now ruled that (i) the Estate has a right to enter the award as a judgment and (ii) that the judgment can direct payment of Order 9 in U.S. dollars.  While we respectfully disagree with that ruling and plan to appeal it, that does not negate the reasonableness of Ms. Yu's prior actions.

Second, Ms. Yu's payment of a certain cost award in the arbitration to a Hong Kong bank account last year is consistent with her position on Order 9.  Order 9 is governed by the Chinese currency control laws because it "refers to a payment in RMB, and concerns damages under a contract executed in China for rental payments associated with commercial property located in

Steptoe

China."  (ECF No. 40-1, at 13.)  Costs ancillary to an arbitration conducted in Hong Kong and denominated in Hong Kong Dollars do not raise the same issues.

      Finally, the Estate complains that Ms. Yu has not promptly paid an award that Ms. Yu will be imminently seeking to correct and clarify.  This new award is not before the Court, and, so long as Ms. Yu is pursuing the internal review procedures of the arbitral body itself, the award is not yet "binding" under Article V(1)(e) of the New York Convention.  If the Court permits the Estate to bring its contemplated motion, we would be happy to brief this or any other relevant issues at the appropriate time.

                                                    Respectfully,

                                                    /s/ *Michael J. Baratz*
                                                 Michael J. Baratz (Bar No. 16391)

                                                 /s/ *Charles Michael*
                                                 Charles Michael (*Pro Hac Vice*)

                                                 *Attorneys for Respondent Stephany Yu*

cc:    Amiad Kushner (Counsel for the Estate)
       (by ECF)