Michael J. Baratz
202 429 6468
mbaratz@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

Steptoe

August 18, 2020

**By ECF**

Hon. Paul W. Grimm
United States District Court
District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, Maryland 20770

**Re:**   *Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.)
    *Estate of Ke Zhengguang v. Stephany Yu*, 8:20-cv-02260-PWG (D. Md.)

Dear Judge Grimm:

    We write on behalf of Respondent Stephany Yu in the above two cases in order to set forth for the Court (a) why the cases have been designated as related and (b) how we would propose to proceed towards an efficient resolution of both (on which the parties are currently in discussions).

    In sum, we believe consolidation is appropriate here so that there can ultimately be a single, consolidated judgment in both the first action (18-cv-03546) and the second action (20-cv-02260), allowing for a single, consolidated appeal.  Therefore, we respectfully request that the Court not enter judgment in the first action (18-cv-03546) until either (a) the parties have completed their discussions as to whether they will agree to consolidation or (b) Ms. Yu has an opportunity to move for consolidation.  We are hopeful that the parties will present the Court with a consent motion that will consolidate the actions, but if the parties cannot agree, we will seek permission to file a motion for consolidation.

    By way of background, both actions seek to enforce, under the "New York Convention," *see* Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 33 U.N.T.S. 38, international arbitration awards that were issued as part of the same arbitral proceeding in Hong Kong.

    The petitioner in both cases is the estate of a deceased Chinese businessman, Ke Zhengguang (the "Estate"), who in the 2000s was partners in a real estate business with (i) Ms.

Hon. Paul W. Grimm
August 18, 2020
Page 2

Steptoe

Yu, (ii) Ms. Yu's two sisters, and (iii) a third-party not present in this action named Xu Hongbiao. In April 2010, the partners entered into a written agreement to separate their interests, involving a complex combination of real estate, stock and cash transactions (and involving several affiliated companies). (18-cv-03546, ECF 35-2.) Various disputes arose in implementing the agreement, which led to the arbitration in Hong Kong, and a "Final Award" that was issued in February 2018. (*Id.* ECF 35-4.)

In November 2018, the Estate filed a Petition, and later an Amended Petition, to enforce the Final Award against Ms. Yu in Maryland, where she lives. (*Id*. ECF 1, 35.) Ms. Yu moved to dismiss the Amended Petition on the following four grounds:

- *Forum non conveniens*: The case has little connection to the United States and involves complex regulatory issues that can only be resolved in China, particularly given that enforcement outside China is intended, in our view, to circumvent China's currency control laws.

- Rule 19: Only a small subset of the arbitral parties are before the Court, and among the missing parties is the Estate's co-claimant, Mr. Xu. His participation is necessary given that he has quite different views from the Estate as to how to implement the Final Award, leaving Ms. Yu at great risk of inconsistent obligations unless at least Ke's Estate, Mr. Xu and Ms. Yu can be within one forum.

- Mootness: Ms. Yu tendered payment repeatedly of one aspect of the damage award (referred to as "Order 9") in Chinese currency in China, but the Estate refused to accept it, presumably because it prefers to be paid in freely tradeable currency elsewhere.

- Public Policy: Forcing Ms. Yu to pay Order 9 in the United Sates violates China's currency control laws, risking severe sanction to Ms. Yu personally.

(*See generally id*. ECF 40-01.)

In February 2020, the Court denied Ms. Yu's motion and ruled that the Final Award should be enforced as a judgment. (*Id*. ECF 53.) As directed, the parties provided the Court with competing forms for a judgment, and several letters addressing their divergent positions. (*Id*. ECF 54-58.) The primary dispute with respect to this form of judgment was and remains whether and at what rate to award post-award interest.

In March 2020, the arbitral tribunal issued a further award imposing certain interest payments and apportioning the costs of the arbitration. (20-cv-02260 ECF 01-04.) In June 2020, the tribunal issued a correction and clarification to the March 2020 award. (*Id*. ECF 01-06.)

Hon. Paul W. Grimm
August 18, 2020
Page 3

Steptoe

On August 5, 2020, the Estate filed a second, petition to enforce the two cost and interest awards. (*Id*. ECF 1.)

We believe that the same arguments Ms. Yu raised with respect to the first petition would apply to the second one. For example, a portion of the interest awarded pertains to Order 9, which we continue to believe cannot not be paid in the United States without violating Chinese law, and exposing Ms. Yu to severe risk.

Nonetheless, we respect the Court's ruling, and do not believe it would be efficient or sensible to move and brief for a second time the same arguments that the Court considered and ruled upon. We would prefer to consolidate the two cases and stipulate that the same arguments raised in the first case are preserved for a consolidated appeal of both. We also believe that consolidation is especially important because of the overlap in the two petitions. For example, the Estate argues in its second petition that certain of the interest it is seeking will have to be offset from whatever the Court decides to award in connection with the first. (*Id*. ECF 1 at 8 n.4.) The two thus must obviously be considered together.

We have had preliminary discussions with counsel for the Estate as to these matters, but to date have not reached any agreement. We will work in good faith with the Estate, but wanted to alert to Court as to these matters now, so that the Court does not enter judgment in the first case (18-cv-03546) before affording the parties (or, if necessary, Ms. Yu on her own) the opportunity to move to have these cases consolidated for purposes of a single, final judgment.

\* \* \*

We thank the Court for its consideration of these matters.

Respectfully,

/s/ *Michael J. Baratz*
Michael J. Baratz (Bar No. 16391)

/s/ *Charles Michael*
Charles Michael
(signed by Michael J. Baratz with permission of Charles Michael)
(*Pro Hac Vice* in 18-cv-03546;
application pending in 20-cv-02260)

*Attorneys for Respondent Stephany Yu*

cc:   All Counsel of Record
      (by ECF)