UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| ESTATE OF KE ZHENGGUANG,<br><br>                                Petitioner,<br><br>—*against*—<br><br>YU NAIFEN STEPHANY<br>(a/k/a/ STEPHANY YU,<br>a/k/a/ STEPHANY NAIFEN YU<br>a/k/a/ STEPHANY N. DOMBROWSKI),<br><br>                                Respondent. | 8:18-cv-03546-PWG |

| | |
|---|---|
| ESTATE OF KE ZHENGGUANG,<br><br>                                Petitioner,<br><br>—*against*—<br><br>YU NAIFEN STEPHANY<br>(a/k/a/ STEPHANY YU,<br>a/k/a/ STEPHANY NAIFEN YU<br>a/k/a/ STEPHANY N. DOMBROWSKI),<br><br>                                Respondent. | 8:20-cv-2260-PWG |

**STIPULATION AND ORDER**

WHEREAS Ke Zhengguang and Respondent Yu Naifen Stephany (a/k/a/ Stephany Yu, a/k/a/ Stephany Naifen Yu a/k/a/ Stephany N. Dombrowski) ("Stephany Yu") are among the parties to that certain "Agreement on the Implementation of 'The Preliminary Share Restructuring Agreement,'" which called for disputes to be resolved via arbitration in Hong Kong (18-cv-03546, ECF No. 35-1) (the "2010 Agreement");

WHEREAS in February 2013, Ke Zhengguang and Xu Hongbiao (the "Arbitral Claimants") filed an arbitration against the remaining parties to the 2010 Agreement, Stephany Yu, Oasis Investment Group Limited, Yu Naiwen and Yu Naiyen (the "Arbitral Respondents");

WHEREAS the Petitioner the Estate of Ke Zhengguang (the "Estate") was substituted by the arbitral tribunal in the arbitration for Ke Zhengguang following his death;

WHEREAS the arbitral tribunal issued a final award, dated February 25, 2018 (*id.* ECF No. 35-3), as clarified in a supplemental award, dated December 19, 2018 (*id.* ECF No. 35-5) (collectively, the "Final Award");

WHEREAS the Estate filed an Amended Petition in this Court against Stephany Yu (*id.* ECF No. 35) under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 33 U.N.T.S. 38 and 9 U.S.C. § 207 (the "New York Convention"), to confirm the Final Award (the "First Petition") (18-cv-03546);

WHEREAS Stephany Yu moved to dismiss the First Petition (18-cv-03546, ECF Nos. 40-45);

WHEREAS, on February 24, 2020, the Court issued a Memorandum Opinion (the "February 24, 2020 Opinion") denying the motion and granting the First Petition (*id*. ECF No. 53);

WHEREAS in March and April 2020 the parties submitted letter briefs to the Court as to the appropriate form of judgment for the First Petition (including the appropriate amount of post-award of interest, if any (*see id*. ECF 54-58), and those matters have not been resolved by the Court;

WHEREAS in March 2020 the arbitral tribunal issued a ruling relating to costs and interest (20-cv-2260 ECF 1-3) and, in June 2020, issued a ruling clarifying and/or correcting the March 2020 ruling (*id.* ECF 1-5) (collectively, the "Costs and Interest Rulings");

WHEREAS in August 2020, the Estate filed a Petition under the New York Convention to confirm the Costs and Interest Rulings (*id.* ECF 1) (the "Second Petition") (20-cv-2260);

WHEREAS the parties have conferred in good faith in effort to draft a consolidated judgment that would address both the First Petition (18-cv-03546) and Second Petition (20-cv-2260), but have reached an impasse as to the amount and timing of post-award interest (if any) that is appropriate under the terms of the Final Award and the Costs and Interest Rulings, and as to when pre-award interest becomes payable; and

WHEREAS the parties desire to have the Court (i) resolve the Second Petition, as well as the remaining issues concerning the First Petition, in a consistent manner, (ii) rule on the Second Petition without having to address the same arguments and issues already addressed in the February 24, 2020 Opinion, and (iii) issue a single, consolidated judgment addressing all issues presented by the First and Second Petitions, in order to facilitate a consolidated appeal;

NOW THEREFORE, it is hereby STIPULATED, AGREED and ORDERED:

1. The above related cases (18-cv-03546 and 20-cv-2260) are consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure for all purposes, including resolving disputes as to the form of a consolidated judgment pertaining to both the First Petition and the Second Petition. All future filings shall be filed only under the lower number case, 18-cv-3546.

2. In lieu of moving to dismiss or otherwise challenging the propriety of entering a judgment relating to the Second Petition, the parties' arguments on the motion to dismiss the First Petition are deemed to have been made and preserved with respect to the Second Petition, and resolved on the same terms as the Court resolved those issues with respect to the First Petition in its February 24, 2020 Opinion.

3. Among the matters that will not be disputed for purposes of the parties' briefing on the form of a consolidated judgment (but for which Stephany Yu continues to preserve the arguments that were advanced in the First Petition) are the following: (i) the imposition of costs and legal fees, as set forth in the Costs and Interest Rulings, (ii) the imposition of 36 months'

3

pre-award interest with respect to Order 8 of the Final Award (though the parties dispute when this amount would be payable, and whether, upon issuance of the Final Award, any post-award interest should accrue and, if so, at what rate), and (iii) the imposition of pre-award interest with respect to Order 9 of the Final Award.

4. By October 23, 2020, the parties will exchange between themselves but not file proposed forms of a consolidated judgment.

5. By November 16, 2020, the parties will simultaneously file opening briefs to the Court setting forth their position as to the appropriate form of consolidated judgment.

6. By December 11, 2020, the parties will simultaneously file opposition briefs.

7. The parties' opening and opposition briefs shall not exceed 20 pages each, exclusive of exhibits, unless otherwise ordered by the Court. The parties are directed to highlight the relevant language in any exhibits so the Court can readily determine the relevant information in the exhibit. Local Rules 102.2 and 105 remain in effect other than the page limits as stated.

BRAMNICK CREED, LLC

By: /s/ Joseph M. Creed
    Joseph M. Creed (Bar. No. 17134)
    4520 East West Highway, Suite 700
    Bethesda, MD 20814
    (301) 760-3344
    jcreed@bramnickcreed.com

    Amiad M. Kushner*
    SEIDEN LAW GROUP LLP
    469 7th Ave. Ste. 500
    New York, NY 10018
    (212) 523-0686
    akushner@seidenlegal.com
    *admitted *pro hac vice*

*Counsel for Petitioner*
*Estate of Ke Zhengguang*

STEPTOE & JOHNSON LLP

By: /s/ Michael Baratz
    Michael Baratz (Bar No. 16391)
    1330 Connecticut Ave NW
    Washington, DC 20036
    (202) 429-3000

    Charles Michael*
    1114 Avenue of the Americas
    New York, New York 10036
    (212) 506-3900
    cmichael@steptoe.com
    *admitted *pro hac vice*

*Counsel for Respondent Stephany Yu*

**SO ORDERED, on October 19, 2020.**

/S/
Hon. Paul W. Grimm
United States District Judge