# Exhibit A


**Document information**

**Publication**

A Guide to the HKIAC Arbitration Rules

**Organization**

Hong Kong International Arbitration Centre

**Entry into force**

1 November 2013

**Link(s) to Related Rules**

KLI-KA-Moser-Bao-2020-b003

# 11. Awards, Decisions, and Orders of the Arbitral Tribunal (HKIAC Rules, Articles 32–40)

**11.01** Section V of the Rules provides the framework for making awards, decisions, and orders by the arbitral tribunal in HKIAC arbitrations. It also addresses the costs of arbitration and deposits for such costs. The process of rendering an award under the HKIAC Rules involves the following stages, although not always in the stated order:

(1) *Closure of hearings.* When the arbitral tribunal is satisfied that all parties have had a reasonable opportunity to present their respective cases, the arbitral tribunal shall declare the proceedings closed. (1) After the formal declaration of closure, the arbitral tribunal will not accept any further submissions from the parties, unless the proceedings are reopened. (2)

(2) *Deliberation.* After the closure of oral or documentary hearings, the arbitral tribunal will generally retire to deliberate on the decision. For minor procedural rulings, the decision may be issued without formal deliberation. Different arbitral tribunals may adopt different approaches to the deliberation phase. Some arbitrators prefer to deliberate on the decision in person shortly after the hearing. Other arbitrators may prefer to reach their decisions independently, and exchange their reasons in writing.

(3) *Reaching a decision.* The arbitral tribunal will normally be able to reach a decision after deliberation. Most disputes submitted to HKIAC are decided unanimously. A small minority of cases is determined by majority. (3) In such cases, the dissenting arbitrator may issue a dissenting opinion as an addendum to the main award. In rare circumstances, there may be no clear majority. In such circumstances, the presiding arbitrator will make the decision alone. In relatively uncontroversial procedural rulings, the tribunal may devolve the decision-making function to the presiding arbitrator.

P 246

(4) *Assessment of costs.* The arbitral tribunal will invite submissions on the quantum and apportionment of costs after the submission of substantive pleadings, and render a decision on costs as part of the award. However, the arbitral tribunal may elect to issue a separate costs award independently of the award on the substantive issues in dispute. Under the Rules, only certain categories of costs are recoverable. These include HKIAC's Registration and Administrative Fees, arbitral tribunal's fees and expenses, costs of any assistance required by the tribunal, expenses of witnesses and experts, as well as costs of legal representation. (4) The costs of legal representation may be capped early in the proceedings by a direction issued by the arbitral tribunal prior to incurring the costs. (5) Costs are ordinarily awarded to the successful party on the standard basis. (6) Under the Rules, however, an arbitral tribunal has authority to make a variety of categories of costs orders, including issues-based, proportional, or indemnity costs orders. (7)

(5) *Rendering of the award.* The arbitral tribunal will generally render a final award, but may issue a series of partial awards on certain aspects of the dispute. (8) The award will typically comprise the following elements: (a) identification of the parties; (b) specification of the date of the award and the seat of the arbitration; (c) the procedural history; (d) summary of the factual background and the issues in dispute; (e) substantive analysis for the decision; and (f) ==specification of any orders to be carried out by the parties.== (9) For a three-member tribunal, each arbitrator is required to each sign the award, even if any of them dissents in the decision. If, for any reason, an arbitrator is unable or unwilling to sign the award, the award must provide an explanation for the omission of the arbitrator's signature. (10)

(6) *Transmission of the award.* After the arbitral tribunal completes its award, it will send the original copies to HKIAC to release to the parties. HKIAC will not scrutinize the award, but may proofread and review the non-substantive parts of the award upon the tribunal's request. HKIAC will then affix its seal to the award and dispatch one original copy to each party on behalf of the arbitral tribunal. (11) Where possible, electronic copies will also be supplied.

## A. Article 32—Decisions

### 1. Article 32.1—majority rulings

> When there is more than one arbitrator, any award or other decision of the arbitral tribunal shall be made by a majority of the arbitrators. If there is no majority, the award shall be made by the presiding arbitrator alone.

P 247

**11.02** This provision provides that any decision taken by a three-member tribunal, whether in the form of an award or otherwise, will be decided by majority. Where a

© 2020 Kluwer Law International, a Wolters Kluwer Company. All rights reserved.

**11.129** HKIAC closely monitors the dispute amount and level of deposit for each arbitration. If it appears that there may not be sufficient funds to cover the costs of the arbitration, HKIAC will request supplementary deposits from the parties after consulting with the arbitral tribunal.

**11.130** Typically, HKIAC will ask for supplementary deposits after a new claim or a counterclaim is filed, or consolidation of arbitrations is ordered. Once the arbitral tribunal is constituted, HKIAC will act upon the tribunal's directions regarding supplementary deposits. The general practice is that the tribunal will notify HKIAC the timing and amount of any supplementary deposits and HKIAC will communicate this request to the parties.

### 4. Article 40.4—failure to pay

> If the required deposits are not paid in full to HKIAC within 30 days after receipt of the request, HKIAC shall so inform the parties in order that one or another of them may make the required payment. If such payment is not made, the arbitral tribunal may order the suspension or termination of the arbitration or continue with the arbitration on such basis and in respect of such claim or counterclaim as the tribunal considers fit.

**11.131** Article 40.4 sets out the consequences if the parties fail to make the requested deposit within the applicable time limit. The time limit is thirty days from the date of receipt of the request by the last intended recipient in accordance with Article 2.2.

**11.132** After the expiry of the thirty-day period, HKIAC will proceed as follows:

(1) Where one party has paid its share of the deposit and the other party has failed to pay its share, HKIAC will invite any of the parties to pay the outstanding amount and inform them of the consequences under Article 40.4.

(2) Usually, HKIAC will allow seven days to pass and then inform the arbitral tribunal of the parties' failure to pay.

**11.133** The discretion then lies with the arbitral tribunal as to how they wish to proceed. Article 40.4 provides the tribunal may suspend, terminate, or continue with the proceedings as it considers appropriate. In practice, arbitral tribunals hesitate to terminate the proceedings immediately. They will normally give the paying party a further opportunity to make the payment on behalf of the non-paying party and notify them that the proceedings will be suspended or terminated if payment is not made. If payment remains outstanding, the tribunal may suspend the proceedings until payment is received. If payment is not made during the suspension period, the tribunal may consider terminating the proceedings.

### 5. Article 40.5—accounting in final award

> In its final award, the arbitral tribunal shall render an account to the parties of the deposits received by HKIAC. Any unexpended balance shall be returned to the parties by HKIAC.

**11.134** The arbitral tribunal will attach to its final award a statement of the deposit account maintained by HKIAC. If HKIAC holds unexpended funds on account after the final award has been made, it will return the amounts to the parties as instructed by the tribunal or as the parties may have agreed. Where no instruction or agreement has been provided, HKIAC will refund the amounts in the same proportions and to the same parties as the deposits were received.●

P 273

### 6. Article 40.6—deposit holding accounts

> HKIAC shall place the deposit(s) made by the parties in interest bearing deposit account(s) at a reputable licensed Hong Kong deposit-taking institution. In selecting the account(s), HKIAC shall have due regard to the possible need to make the deposited funds available immediately.

**11.135** The funds held by HKIAC must be held in interest-bearing deposit accounts at a reputable Hong Kong bank. At the time of writing, HKIAC maintains two interest-bearing deposit accounts at HSBC. One account is designated for the arbitral tribunal's fees and expenses, and another account is for HKIAC's fees and expenses.●

P 273

### References

1) HKIAC Rules, art 30.1.
2) ibid, art 30.2.

© 2020 Kluwer Law International, a Wolters Kluwer Company. All rights reserved.

3) On the subject of dissenting opinions in international commercial arbitration, see generally Alan Redfern, 'The 2003 Freshfields Lecture—Dissenting Opinions in International Commercial Arbitration: The Good, the Bad and the Ugly' (2004) 20(3) Arbitration International 223.
4) HKIAC Rules, art 33.1.
5) ibid, art 33.3.
6) See John Choong and Romesh Weeramantry, *The Hong Kong Arbitration Ordinance: Commentary and Annotations* (2nd edn, Sweet & Maxwell 2015) at 412: 'in practice, the award of costs in Hong Kong generally follows the practice in England where a successful party is able to recover the arbitration costs from the unsuccessful party'.
7) HKIAC Rules, art 33.2.
8) ibid, art 34.1.
9) ibid, art 34.
10) ibid, art 34.5.
11) ibid, art 34.6.
12) See for example: CIETAC Rules (2015), art 50.1; SCC Rules (2010), arts 43–44; SIAC Rules (2016), arts 35–37.
13) HKIAC Rules, arts 24 (orders for security), 40.1 (deposits for costs). Note that art 40.1 expressly refers to the costs listed in art 33.1(a)–(c), (f).
14) Arbitration Ordinance, s 74(8).
15) ibid, s 74(9).
16) ibid, s 74(1). Costs may also be ordered in respect of any interlocutory or interim measure: ibid, s 74(3).
17) ibid, s 74(2).
18) UNCITRAL Rules (2010), art 40.2.
19) HKIAC Rules, art 33.1(a).
20) ibid, art 10.1; further Chapter 7, paragraphs 7.91–7.103.
21) HKIAC Rules, art 33.1(b).
22) ibid, sch 2, para 1.3 and sch 3, para 1.4.
23) HKIAC Practice Note on Arbitral Tribunal's Fees, Expenses, Terms and Conditions Based on Schedule 2 and Hourly Rates, para 5; HKIAC Practice Note on Arbitral Tribunal's Fees, Expenses, Terms and Conditions Based on Schedule 3 and Hourly Rates, para 5.
24) HKIAC Rules, art 25.
25) ibid, art 33.1(c).
26) UNCITRAL Rules (2013), art 40.2(c); SIAC Rules (2016), art 35.2(c); ICDR Rules (2014), art 34(b). This may be impliedly encompassed within the following institutional rules: ICC Rules (2012), art 37.1; LCIA Rules (2014), art 28.1; CIETAC Rules (2015), art 72.1; SCC Rules (2008), art 43.1(iii).
27) HKIAC Rules, art 33.1(d).
28) See eg CIArb 'Costs of International Arbitration Survey 2011' <https://www.international-arbitration-attorney.com/wp-content/uploads/CIArb-costs-of-International-A...> (last accessed 14 December 2016) at 10 ('74% of party costs were spent on external legal costs (including legal fees)'); 'ICC Commission Report: Decisions on Costs in International Arbitration', ICC Dispute Resolution Bulletin 2015, Issue 2 at 3 (on average, party costs make up 83 per cent of the overall costs of arbitration).
29) HKIAC Rules, art 33.3.
30) ibid, art 4.4, sch 1, para 1. At the time of writing, the Registration Fee as specified on the HKIAC website is HK$ 8,000.
31) HKIAC Rules, art 40.1, sch 1, para 2.
32) 'ICC Commission Report' (n 28) at 12.
33) ibid.
34) ibid., at 13.
35) See Arbitration Ordinance, s 74(7)(a). See also *Woon Lee Construction Co Ltd v Holroyd Ltd* [2011] HKEC 29; *Chinney Constructions Pty Ltd v Po Kwong Marble Factory* [2005] 3 HKLRD 758 [43].
36) See Gary Born, *International Commercial Arbitration* (2nd edn, Kluwer Law International 2014) vol III at 3095–96; Jeff Waincymer, *Procedure and Evidence in International Arbitration* (Kluwer Law International 2012) at 1212–13. In Hong Kong, see *Woon Lee Construction* (n 35) at [5]–[7].
37) 'ICC Commission Report' (n 28) at 30.
38) Arbitration Ordinance, s 74(8) and (9).
39) 'ICC Commission Report' (n 28) at 30.
40) *Woon Lee Construction* (n 35) [5]–[7].
41) See discussion in *Woon Lee Construction* (n 35).
42) Hong Kong Institute of Arbitrators, 'Report of Committee on Hong Kong Arbitration Law', LC Paper No CB(2)2261/08-09(03), 30 April 2003, at 43.21.
43) See commentary on art 13.1 in Chapter 9.
44) [2003] EWHC 807 (TCC).
45) ibid.
46) See Chapter 7, paragraph 7.129 regarding the process of fixing the tribunal's fees.

© 2020 Kluwer Law International, a Wolters Kluwer Company. All rights reserved.