**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| ESTATE OF KE ZHENGGUANG,<br><br>Petitioner,<br><br>—*against*—<br><br>YU NAIFEN STEPHANY<br>(a/k/a/ STEPHANY YU,<br>a/k/a/ STEPHANY NAIFEN YU<br>a/k/a/ STEPHANY N. DOMBROWSKI),<br><br>Respondent. | 8:18-cv-03546-PWG |
| ESTATE OF KE ZHENGGUANG,<br><br>Petitioner,<br><br>—*against*—<br><br>YU NAIFEN STEPHANY<br>(a/k/a/ STEPHANY YU,<br>a/k/a/ STEPHANY NAIFEN YU<br>a/k/a/ STEPHANY N. DOMBROWSKI),<br><br>Respondent. | 8:20-cv-2260-PWG |

**MEMORANDUM IN SUPPORT OF PETITIONER'S PROPOSED FORM OF CONSOLIDATED JUDGMENT**

Pursuant to the Stipulation and Order entered by this Court on October 19, 2020 (the "**Stipulation**") in the above-referenced consolidated actions, Petitioner Estate of Ke Zhengguang ("**Petitioner**"), by its undersigned counsel, hereby submits this memorandum, together with the accompanying Declaration of Amiad Kushner ("**Kushner Declaration**") and the exhibits attached thereto,[1] setting forth its position in support of Petitioner's proposed form of consolidated judgment.[2]

**PRELIMINARY STATEMENT**

On February 24, 2020, the Court issued a Memorandum Opinion (the "**February 24, 2020 Opinion**") granting Petitioner's request to recognize and enforce a final arbitration award (the "**Final Award**") against respondent Yu Naifen Stephany ("**Respondent**"). *See* 8:18-cv-03546-PWG, ECF. No. 53. Pursuant to the Court's direction, the parties submitted letter briefs to the Court concerning the appropriate pre- and post-judgment interest, as well as the exchange rate.

In March 2020, the arbitral tribunal issued an award relating to costs and interest (the "**March 2020 Award,**" 20-cv-2260, ECF 1-3) and, in June 2020, issued a ruling clarifying and/or correcting the March 2020 ruling (the "**June 2020 Award**," *id*. ECF 1-5) (collectively, the "**Costs and Interest Awards**").[3] Petitioner filed a new petition in this Court to enforce the Costs and Interest Rulings. Pursuant to the Stipulation, the parties have agreed to consolidate all matters relating to the Final Award and the Costs and Interest Rulings, in order to facilitate the entry of a

---

[1] Citations to "Ex. __" are to the exhibits attached to the Kushner Declaration.

[2] *See* Ex. A (Petitioner's Proposed Consolidated Final Judgment).

[3] Copies of the February 24, 2020 Opinion, the March 2020 Award, and the June 2020 Award are attached to the Kushner Declaration as Exhibits C, E and F respectfully.

single, consolidated judgment. Further, pursuant to the Stipulation, the parties have exchanged proposed consolidated judgments.[4]

As further explained below, the Court should enter Petitioner's proposed judgment because it is consistent with the February 24, 2020 Opinion, the Final Award, and the Costs and Interest Rulings.

## I. JUDGMENT SHOULD BE ENTERED ON THE AMOUNT AWARDED TO PETITIONER IN ORDER 9 OF THE FINAL AWARD

In Order No. 9 of the Final Award, the arbitral tribunal ordered Respondent to pay RMB 10,346,211. *See* Ex. C, February 24, 2020 Opinion at 4 (citing Final Award, Section VIII, at pp. 95-96).

Since there were two claimants in the underlying arbitration (Petitioner and Xu Hongbiao), Petitioner is entitled to 50% of the amount awarded under Order No. 9.

After taking into account this 50% discount, the parties have agreed that, as to Order No. 9, judgment should be entered against Respondent in the amount of $817,350.67 (excluding interest). Both parties have calculated that amount by discounting RMB 10,346,211 by 50%, and converting RMB 5,173,105.50 to U.S. dollars at the exchange rate published by the Wall Street Journal on February 28, 2018, the date of the Final Award.[5] Accordingly, as to Order No. 9, judgment should be entered against Respondent in the amount of $817,350.67 (excluding interest, which is discussed separately below).

---

[4] *See* Ex. A; Ex. B (Respondent's Proposed Consolidated Final Judgment).

[5] *See* Ex. A at ¶ 2, fn. 1; Ex. B ¶ 2, fn. 1; Ex. D (A printout from the Wall Street Journal's website showing the exchange rate from RMB to USD on February 28, 2018).

## II. JUDGMENT SHOULD BE ENTERED ON THE ATTORNEYS' FEES AND COSTS THAT WERE AWARDED TO PETITIONER

In the March 2020 Award, the arbitral tribunal ordered Respondent to pay Petitioner a total of HKD 12,761,030, which represented Petitioner's attorneys' fees and costs in the underlying arbitration (HKD 7,800,000 for lawyer's fees and HKD 4,961,030 for arbitration fees). *See* Ex. E, March 2020 Award at ¶ 107.

In the June 2020 Award, the arbitral tribunal clarified the above-referenced amounts awarded in the March 2020 Award, explaining that:

> The arbitral tribunal agrees to correct Paragraph 107 of the *Fee Award* [original text: "The respondents must pay the second claimant HK$ 7,800,000 of lawyer fee and HK$ 4,961,030 of arbitration fee (including the fee of the arbitral tribunal and the fee of the HKIAC)"] as:
>
> **"The respondents must pay the second claimant HK$ 6,599,822 of lawyer fee and HK$ 1,377,978.55 of arbitration fee (including the fee of the arbitral tribunal and the fee of the HKIAC)."**

*See* Ex. F, June 2020 Award at ¶¶ 43-44.

Accordingly, Petitioner should be awarded the U.S. dollar equivalent of HKD 7,977,801 (which includes HKD 6,599,822 of attorneys' fees and HKD 1,377,978.55 for HKIAC fees). Petitioner has calculated the U.S. dollar equivalent of HKD 7,977,801 to be $1,027,286.03, using the currency conversion rate published in the Wall Street Journal as of March 16, 2020 (each US dollar equals 7.7659 HK dollars),[6] which is the date of the March 2020 Award.

Accordingly, judgment should be entered in favor of Petitioner in the amount of $1,027,286.03, which represents Petitioner's attorneys' fees and costs in the arbitration (excluding applicable interest due on such amount, as detailed below).

---

[6] *See* Ex. G (A printout of the Wall Street Journal's website showing the exchange rate of HKD to USD on March 16, 2020).

## III. JUDGMENT SHOULD BE ENTERED ON THE PRE-AWARD INTEREST AWARDED TO PETITIONER FOR ORDERS 8 AND 9 OF THE FINAL AWARD

In the March 2020 Award, the arbitral tribunal awarded pre-award interest on Orders 8 and 9. The arbitral tribunal specified that interest on Orders 8 and 9 should be calculated as follows: "Simple interest with the principal amount of RMB 145,974,006 multiplied by the interest rate which is the most preferential loan interest rate of HSBC in Hong Kong plus 1%."[7]

In the June 2020 Award, the arbitral tribunal clarified this ruling as follows:

> According to the 8th and 9th orders of the arbitral tribunal in the *Final Award (Except Interest and Arbitration Fees)*, the respondents must pay interest. The calculation method of the interest is: (i) RMB 135,627,795 of the principal × simple interest (HSBC prime rate + 1%) × 36 months of interest period (applicable to the 8th order of the *Final Award*); + (ii) RMB 10,346,211 of the principal × simple interest (HSBC prime rate + 1%) × 204 days of interest period (from 8 August 2017 to 28 February 2018) (applicable to the order of the *Final Award)*."

Ex. F at ¶ 37.

Thus, according to the arbitral tribunal, (i) as to Order No. 8, pre-award interest is due on the principal amount of RMB 135,627,795 at the HSBC prime rate plus 1% for 36 months, and (ii) as to Order No. 9, pre-award interest is due on the principal amount of RMB 10,346,211 at the HSBC prime rate plus 1% for the period August 8, 2017 to February 28, 2018. The HSBC prime rate during the 36-month period prior to the date the Final Award was issued was either 5.0% or 5.125%, and thus the applicable interest rate is 5% plus 1%, or 5.125% plus 1%.[8]

Based on these orders of the arbitral tribunal, the interest due to Petitioner should be calculated as follows.

---

[7] *See* Ex. E, at ¶ 108.

[8] *See* Ex. H (A list of HSBC Prime Rates as shown on HSBC's website).

As to Order No. 8, fifty percent of the RMB 135,627,795 principal amount is RMB 67,813,897.50. Interest at the applicable HSBC prime rate plus 1% on the principal amount of RMB 67,813,897.50 over 36 months totals RMB 12,206,501.55.[9] Petitioner has calculated the U.S. dollar equivalent of RMB 12,206,501.55 to be $1,745,581.39, using the currency conversion rate published in the Wall Street Journal as of March 16, 2020 (each US dollar equals 6.9928 RMB),[10] which is the date of the March 2020 Award.

As to Order No. 9, fifty percent of the RMB 10,346,211 principal amount is RMB 5,173,105.50. Interest at the applicable HSBC prime rate plus 1% on the principal amount of RMB 5,173,105.50 for the period August 8, 2017 to February 28, 2018 totals RMB 174,326.57. Petitioner has calculated the U.S. dollar equivalent of RMB 174,326.57 to be $24,929.44, using the currency conversion rate published in the Wall Street Journal as of March 16, 2020 (each US dollar equals 6.9928 RMB),[11] which is the date of the March 2020 Award.

Based on the foregoing, pre-award interest is due on Order No. 8 in the amount of $1,745,581.39, and on Order No. 9 in the amount of $24,929.44, for a total of $1,770,510.83.

Accordingly, judgment should be entered in favor of Petitioner in the amount of $1,770,510.83, which represents the pre-award interest due to Petitioner.

## IV. JUDGMENT SHOULD BE ENTERED ON THE POST-AWARD INTEREST AWARDED TO PETITIONER FOR ORDERS 8 AND 9 OF THE FINAL AWARD

Paragraph 103 of the March 2020 Award requires that pre-award and post-award interest accrue at the HSBC preferential loan interest rate plus 1% *up until the date of payment by Respondent*:

---

[9] Petitioner's interest calculation was performed in an excel spreadsheet, which contains voluminous data entries. A copy of the spreadsheet shall be provided to the Court upon request.

[10] *See* Ex. I (A printout of the Wall Street Journal's website showing the exchange rate of RMB to USD on March 16, 2020).

[11] *See* Ex. I.

> With regards to the interest rate, the arbitration tribunal holds the opinion that the most appropriate interest rate is the most preferential loan interest rate of HSBC plus 1%. *The interest rate is applicable before and after the arbitration award until the Respondent makes payment.* The amount of principal for calculating the interest is RMB 145,974,006. Under the Article 80 (1) of the Arbitration Ordinance, the interest is payable on money awarded by an arbitral tribunal from the date of the award at the judgment rate, except when the award otherwise provides. This means that the arbitral tribunal may, at its discretion, determine the interest to be paid for the amount awarded not at the judgment rate (currently 8% per annum). *In this case, considering the relatively long time from the date of the award to the final award for the arbitration fees and interests, the arbitration tribunal decided that a more reasonable approach should be to adopt the most preferential loan interest rate of Hong Kong HSBC plus 1% as the applicable interest rate after the arbitration award until the Respondents pay off the money.*

Ex. E at ¶ 103 (emphasis added).

The June 2020 Award further confirmed that interest accrues up until the date of payment by Respondent:

> Paragraph 103 of the [March 2020] *Award* of the arbitral tribunal definitely specifies that the respondents shall also pay interest at HSBC prime rate + 1% after the award is issued in the 8th and 9th orders of the *Final Award* until the respondents have settled all payments. The above statement does not have any room for ambiguity or different understandings.

Ex. F at ¶ 35 (emphasis added).

Since Respondent has not paid any interest to date, Petitioner is entitled to post-award interest running from the date of the Final Award (February 28, 2018) until the date that this Court issues a final judgment. Given that the date of the final judgment is uncertain, Petitioner has included in its proposed final judgment a calculation of post-award interest for the period between February 28, 2018 and December 31, 2020, as described below. If, as is likely, a final judgment is entered after December 31, 2020, then the Clerk of the Court should enter additional post award

interest in accordance with a chart that has been submitted together with this submission.[12]

As to Order No. 8, as discussed in Point III above, the principal amount is RMB 67,813,897.50. Interest at the applicable HSBC prime rate plus 1% on the principal amount of RMB 67,813,897.50 for the period between February 28, 2018 and December 31, 2020 totals RMB 11,641,463.15. Petitioner has calculated the U.S. dollar equivalent of RMB 11,641,463.15 to be $1,664,778.51, using the currency conversion rate published in the Wall Street Journal as of March 16, 2020 (each US dollar equals 6.9928 RMB),[13] which is the date of the March 2020 Award.

As to Order No. 9, as discussed in Point III above, the principal amount is RMB 5,173,105.50. Interest at the applicable HSBC prime rate plus 1% on the principal amount of RMB 5,173,105.50 for the period between February 28, 2018 and December 31, 2020 totals RMB 888,055.68. Petitioner has calculated the U.S. dollar equivalent of RMB 888,055.68 to be $126,995.72, using the currency conversion rate published in the Wall Street Journal as of March 16, 2020 (each US dollar equals 6.9928 RMB),[14] which is the date of the March 2020 Award.

Based on the foregoing, post-award interest is due on Order 8 in the amount of $1,664,778.51, and on Order No. 9 in the amount of $126,995.72, for a total of $1,791,774.23.

Accordingly, judgment should be entered in favor of Petitioner in the amount of $1,791,774.23, which represents the post-award interest due to Petitioner.

In addition, if (as expected) a final judgment is entered on or after January 1, 2021, the Clerk of the Court shall include in the judgment an award of additional interest (which represents post-Final Award interest due on or after January 1, 2020), based on the same formula outlined above, calculated through the date of the final judgment, as follows. Interest shall be calculated

---

[12] *See* Ex. J (A printout showing additional post-award interest due if the final judgment in this action is entered between January 1, 2021 and December 31, 2021).

[13] *See* Ex. I.

[14] *See* Ex. I.

based on the principal amount of RMB 72,987,003 (which represents fifty percent of the principal amount awarded by the Tribunal in Orders 8 and 9 of the Final Award) at the HSBC prime rate plus 1% per annum, running from January 1, 2021 until the date that the Clerk of the Court enters the judgment. For the Court's convenience, a chart showing the additional post-award interest that would be due (if judgment is entered during 2021) is submitted herewith.[15]

## V. POST-JUDGMENT INTEREST SHOULD BE AWARDED TO PETITIONER

Upon entry of a final judgment in this action, post-judgment interest shall begin to accrue. Post judgment interest rate should accrue at the rate specified in 28 U.S.C. § 1961, until the amounts due under Orders 8 and 9, plus pre-award and post-award interest, are satisfied.

Dated: November 16, 2020

BRAMNICK CREED, LLC

By: /s/ Joseph M. Creed
Joseph M. Creed (Bar. No. 17134)
4520 East West Highway, Suite 700
Bethesda, MD 20814
(301) 760-3344
jcreed@bramnickcreed.com

Amiad M. Kushner*
SEIDEN LAW GROUP LLP
469 7th Ave. Ste. 500
New York, NY 10018
(212) 523-0686
akushner@seidenlegal.com
*admitted *pro hac vice*

*Counsel for Petitioner*
*Estate of Ke Zhengguang*

---

[15] *See* Ex. J.