# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| ESTATE OF KE ZHENGGUANG,<br><br>                                                 Petitioner,<br><br>—*against*—<br><br>YU NAIFEN STEPHANY<br>(a/k/a/ STEPHANY YU,<br>a/k/a/ STEPHANY NAIFEN YU<br>a/k/a/ STEPHANY N. DOMBROWSKI),<br><br>                                                 Respondent. | 8:18-cv-03546-PWG |
| ESTATE OF KE ZHENGGUANG,<br><br>                                                 Petitioner,<br><br>—*against*—<br><br>YU NAIFEN STEPHANY<br>(a/k/a/ STEPHANY YU,<br>a/k/a/ STEPHANY NAIFEN YU<br>a/k/a/ STEPHANY N. DOMBROWSKI),<br><br>                                                 Respondent. | 8:20-cv-2260-PWG |

## RESPONDENT STEPHANY YU'S OPPOSITION TO PETITIONER'S MEMORANDUM IN SUPPORT OF ITS PROPOSED FORM OF CONSOLIDATED JUDGMENT

December 11, 2020

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

DISCUSSION .................................................................................................................... 2

    I.      The Court Should Not Impose Post-Award,
           Prejudgment Interest For Order 8 ............................................................ 2

    II.     The Court Should Not Impose Post-Award,
           Prejudgment Interest For Order 9 ............................................................ 5

CONCLUSION .................................................................................................................. 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*CSX Transportation, Inc. v. Transportation–Communications International Union*,
 413 F. Supp. 2d 553 (D. Md. 2006) ...................................................................................... 4

*STMicroelectronics, N.V. v. Credit Suisse Securities (USA) LLC*,
 648 F.3d 68 (2d Cir. 2011) .................................................................................................... 4

**INTRODUCTION**

The primary dispute between the parties is whether the arbitral tribunal required respondent Stephany Yu to pay post-award interest as to a certain *conditional* amount, referred to as Order 8, that has yet to come due. The tribunal did not. That much is clear from what arbitrators wrote in their rulings, and from the fact that it would make no sense for Ms. Yu to bear the full cost for the delay in satisfying conditions that are outside her control and with which the petitioner (the "Estate") is actively interfering.

The Estate incorrectly focuses on two passages from the tribunal's June 2020 Costs and Interest Ruling that supposedly support its position. Neither does.

The first, as explained in Ms. Yu's opening brief, refers only to the rate that would apply *if* an enforcement court were to later impose interest. It does not contradict the tribunal's own Orders, which provide only for a fixed timeframe of *pre*-award interest, and do not refer to *post*-award interest at all.

The second passage is one the Estate has misrepresented to the Court. The Estate's brief quotes a passage from the ruling that was *summarizing the Estate's arguments*, but presents the quote as if the tribunal were speaking for itself or adopting that view. The quoted passage actually cuts *against* the Estate's position here. It shows that the tribunal recognized that the Estate was advocating for post-award interest, but chose instead to issue an Order that was exactly in the form Ms. Yu had proposed—and that said nothing about post-award interest.

This Court should not impose judgment against Ms. Yu for amounts the arbitrators considered and rejected.

## DISCUSSION

**I.  THE COURT SHOULD NOT IMPOSE POST-AWARD, PREJUDGMENT INTEREST FOR ORDER 8**

Ms. Yu's opening papers provided three reasons why this Court should not impose post-award, prejudgment interest for Order 8:

- **Plain Language**. The Orders of the underlying arbitration rulings provide for a fixed period of pre-award interest for Order 8—36 months—and do not provide for post-award interest.  (ECF 70 "Yu Br." 12-13.)

- **Conditional Nature of the Payment**. Given that the payment obligation in Order 8 is *conditional*, and requires the Estate's cooperation to be triggered, the tribunal could not possibly have intended to rule that Ms. Yu would be automatically responsible for all delays going forward.  (*Id*. at 13-15.)

- **Estate's Obstruction**. To the extent the Court believes it has discretion on this issue, the circumstances weigh heavily *against* awarding any post-award interest because the Estate has for years *impeded* the satisfaction of the conditions to Order 8, so as to gain an advantageous tax position.  (*Id*. at 5-8, 10-11, 15.)

The Estate is well-familiar with all three of these points, but chose in its brief to address only the first, concerning the text of the arbitration rulings themselves.  But the rulings do not support its position.  The arbitral tribunal awarded interest *only* for "36 months." (June 2020 Costs and Interest Ruling at 12 (¶ 44).)  That was based on a proposal by Ms. Yu and the other respondents focused on pre-award events.  Specifically, 36 months was the length of the arbitration, less delays for which the respondents could not be responsible.  (March 2020 Costs and Interest Ruling at 26 (¶ 61(2)).)  If the tribunal wanted interest on Order 8 to carry forward indefinitely, it would have said so, instead of fixing a specified period.

Against the plain language of what the tribunal ordered, the Estate makes two arguments, neither of which is persuasive.

First, the Estate takes out of context a passage from the March 2020 Costs and Interest Ruling that refers to establishing a particular interest rate (Hong Kong Prime, Plus 1 %) "as the

applicable interest rate after the arbitration award until the Respondents pay off the money," as opposed to the default, higher 8% rate set by a Hong Kong statute. (March 2020 Costs and Interest Ruling, at 41 (¶ 103).) As detailed in Ms. Yu's opening brief, whatever the tribunal intended by this passage, the language above did not make it into the operative "Orders" section of the either of the Costs and Interest Rulings. (Yu Br. 15-16.) Regardless, the more natural reading of this passage is that *if* an enforcement court were to later apply post-award interest, the rate should be *lower* than the 8% statutory rate. Thus, for example, if the conditions for Order 8 were satisfied at some point in the future, the tribunal appears to have intended that the interest rate from that time would vary from the default, statutory rate of 8% otherwise applicable in Hong Kong (assuming enforcement were to occur in Hong Kong).

Second, the Estate misrepresents a portion of the June 2020 Costs and Interest Ruling that, in fact, cuts *against* its position. Specifically, the Estate quotes a portion of the June 2020 Costs and Interest Ruling that states that there is "no room for ambiguity" that the respondents must "pay interest at HSBC prime rate + 1% after the award is issued." (ECF 71 ("Estate Br.") 7 (quoting June 2020 Costs and Interest Ruling, at 10 (¶ 35).) But the Estate fails to tell the Court that the passage was below the heading "Reply opinions raised by the second claimant [the Estate] on 15 May 2020*,*" making clear that the tribunal in the quoted passage was *summarizing the Estate's arguments*, not adopting them. (June 2020 Costs and Interest Ruling, at 10.) It is standard practice for HKIAC rulings to summarize each side's position before setting forth the Orders, and this one is no exception. It includes a detailed summary of the arbitral respondents' positions, as well, under the heading "Reasons of the respondents." (*See id*. at 8-9 (¶¶ 31-32).)

A few lines below what the Estate has quoted to this Court as the tribunal's views is the heading "Decision of the arbitral tribunal." (*Id*.) That is where the tribunal's views can be found.

- 3 -

Importantly, in this section, the arbitral tribunal issued an Order in *exactly* the form that Ms. Yu had proposed, without any indication that it was adopting or agreeing with the Estate's views. (*Compare id*. at 8 (¶ 30) *with id*. at 11 (¶ 37).)  The resulting Order is clear that the interest period is "36 months." (*Id.*)  This shows that the tribunal, clearly well aware of the Estate's belief that post-award interest should be awarded, chose to issue an award that provided otherwise. The Court should not countermand the tribunal by awarding interest that the tribunal chose *not* to award.  *STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 83 (2d Cir. 2011) ("silence on the subject of post-award interest strongly suggests by negative implication that the arbitrators contemplated and rejected" post-award interest); *CSX Transp., Inc. v. Transportation–Comm. Int'l Union*, 413 F. Supp. 2d 553, 572 (D. Md. 2006), *aff'd*, 480 F.3d 678 (4th Cir. 2007) (no prejudgment interest where underlying awards did not provide for it).

  The plain language of the operative Order accords with common sense.  The tribunal could not have intended for Ms. Yu to bear the full cost of any delay when the Order 8 payment is conditional on matters outside her control, such as the cooperation of the Estate (and its co-claimant Mr. Xu), and with various regulatory approvals in China and Hong Kong. (Yu Br. 12-13.)  The Estate simply ignores the issue of how its proposal makes any practical sense.

  The Estate also ignores the history of its efforts to *impede* the conditions being satisfied, which are the primary reasons why the Order 8 conditions are not yet satisfied and which make it especially inappropriate for Ms. Yu to bear the cost of delay. (*Id*. at 5-8, 10-11, 15.)  The Estate should not be financially compensated for impeding the completion of the tribunal's Orders.  The tribunal's rulings do not indicate that that this result was intended and, to the extent the Court concludes it has any discretion on the issue, the facts should weigh decisively against any post-award interest.

## II. THE COURT SHOULD NOT IMPOSE POST-AWARD, PREJUDGMENT INTEREST FOR ORDER 9

The same Order that specifies a fixed (not open-ended) period of interest for Order 8 also specifies a fixed period for Order 9: "204 days of interest period (from 8 August 2017 to 28 February 2018)." (June 2020 Costs and Interest Ruling at 12 (¶ 44).) As summarized in Ms. Yu's opening brief, this clear directive should be enforced as written, just as with the similar directive for Order 8. (Yu Br. 17-19.) The Estate's brief does not address the fact that the tribunal specifically fixed a period of 204 days, and instead argues for a view that would replace the clear, fixed period with an open-ended one. (Estate Br. 6-9.)

Ms. Yu's opening brief further explained that, to the extent the Court concludes that post-award interest nonetheless falls within its discretion, the Court should decline to award any post-award interest for Order 9. (Yu Br. 17-19.) This would be the only fair and equitable result because Ms. Yu has repeatedly acted in good faith in trying to pay the Estate in China, in the face of serious risk of breaking Chinese law if she complied with the Estate's demands that it be paid elsewhere. (*Id*.) This is yet another known issue that the Estate chooses to ignore.

## CONCLUSION

For the stated reasons, and those in Ms. Yu's original brief, the Court should enter Ms. Yu's proposed form of consolidated, final judgment.

- 6 -

Dated: December 11, 2020                                Respectfully submitted,

                                                                        STEPTOE & JOHNSON LLP

                                                                        By:   */s/ Michael J. Baratz*

Charles Michael*                                                        Michael J. Baratz (Bar No. 16391)
(signed by Michael J. Baratz with permission     1330 Connecticut Avenue, NW
of Charles Michael)                                                 Washington, DC
Steptoe & Johnson LLP                                         (202) 429-3000
1114 Avenue of the Americas                              mbaratz@steptoe.com
New York, New York 10036
(212) 506-3900
cmichael@steptoe.com
**Admitted pro hac vice*

                                   *Counsel for Respondent Stephany Yu*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of December, 2020, copies of the foregoing Respondent Stephany Yu's Opposition to Petitioner's Memorandum in Support of Its Proposed Form of Consolidated Judgment was served via the Court's CM/ECF system to all counsel and parties receiving electronic notice of pleadings filed in this case.

      /s/ *Michael J. Baratz*
Michael J. Baratz (Bar No. 16391)
Steptoe & Johnson LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
mbaratz@steptoe.com

*Counsel for Respondent Stephany Yu*