Michael J. Baratz
202 429 6468
mbaratz@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

Steptoe

May 6, 2021

**By ECF**

Hon. Paul W. Grimm
United States District Court
District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, Maryland 20770

**Re:**  *Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.)
*Estate of Ke Zhengguang v. Stephany Yu*, 8:20-cv-02260-PWG (D. Md.)

Dear Judge Grimm:

We write on behalf of respondent Stephany Yu in the above two consolidated cases to provide the Court an update on relevant developments. In both cases, the petitioner, the estate of Chinese businessman Ke Zhengguang (the "Estate"), is seeking to enforce arbitration awards issued from the same Hong Kong arbitral proceedings. Before the Court are competing applications from the Estate and Ms. Yu as to the proper form of a final Judgment. (ECF Nos. 70-73.)

A key dispute is whether the arbitral tribunal awarded post-award interest against the arbitral respondents (including Ms. Yu) with respect to certain contingent payments arising from "Order 8" of the initial award. This payment is conditional on specific steps being completed relating to the separation of the parties' interests in a real estate business in China.

Ms. Yu has argued that (1) the awards' plain language requires only certain fixed periods of pre-award interest for Order 8; (2) regardless, Ms. Yu has acted in good faith at all times to advance the Order 8 conditions, only to be faced with manufactured impediments from the Estate; and (3) an enforcement court would be in a better position to entertain an application for interest once the Order 8 conditions are satisfied and a complete record of the intervening events is before it. The Estate's position, that the tribunal intended to apply post-award interest on Order 8, would require Ms. Yu to bear the cost for all delays, even those intentionally caused by the Estate.

There are two developments bearing on the above.

Hon. Paul W. Grimm
May 6, 2021
Page 2

Steptoe

First, on April 29, 2021, Ms. Yu filed claims in the Hong Kong Court of First Instance seeking to enforce the arbitral awards against the Estate and Xu Hongbiao (the second claimant in the arbitration), and specifically to compel the Estate's cooperation in completing the conditions to the Order 8 payment. (*See* Exhibit A). This first development is relevant to the application before the Court because: (1) it provides further evidence that Ms. Yu is proactively trying to advance the arbitration awards; (2) it brings all three essential parties into the same enforcement action; and (3) the Hong Kong court is a special court with wide latitude to interpret arbitration awards under common law principles, and has experience in Chinese local and international laws and Mandarin, making it particularly suited to hear the issues in this case, including those surrounding Order 8.

Second, in our briefing on the form of final judgment, we noted that the Estate is actively working to impede the satisfaction of the Order 8 conditions in China, including by successfully opposing a litigation in China brought, at Ms. Yu's direction, by Greencourt Properties Limited ("HK Greencourt") to move forward certain corporate transactions that are among the Order 8 conditions. The Estate defended the case with a new argument that was inconsistent with its position throughout the arbitration, and inconsistent with the arbitration award itself. (*See* ECF 70, at 5-8, 13-15.) On April 20, 2021, a Chinese Superior Court agreed to hear HK Greencourt's request for a retrial, giving Ms. Yu further opportunity to move these disputes forward in China. (*See* Exhibit B).

Taken together, these two developments confirm that the facts surrounding the issue of post-award interest are complex and evolving, and better addressed on the type of complete record that will be before the court in Hong Kong.

\* \* \*

We thank the Court for its consideration of these matters.

Respectfully,

/s/ *Michael J. Baratz*
Michael J. Baratz (Bar No. 16391)

/s/ *Charles Michael*
Charles Michael
(signed by Michael J. Baratz with permission of Charles Michael)
(Admitted *Pro Hac Vice* in 8:18-cv-03546; and 8:20-cv-02260)

*Attorneys for Respondent Stephany Yu*

cc:   All Counsel of Record
      (by ECF)