Michael J. Baratz
202 429 6468
mbaratz@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

**Steptoe**

January 20, 2022

**By ECF**

Hon. Paul W. Grimm
United States District Court
District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, Maryland 20770

**Re:** *Estate of Ke Zhengguang v. Stephany Yu*, 8:18-cv-03546-PWG (D. Md.)
*Estate of Ke Zhengguang v. Stephany Yu*, 8:20-cv-02260-PWG (D. Md.)

Dear Judge Grimm:

We write on behalf of respondent Stephany Yu in the above two consolidated cases to provide the Court an update on developments in the proceedings in Hong Kong because of their relevance to the disputes pending before this Court, namely the application of post-award interest to Order 8.

The most recent developments are: (1) that the Hong Kong court has approved Ms. Yu's application to serve, and Ms. Yu has so served, the administrators of Ke's Estate (the "Administrators") outside of Hong Kong (*see* Ex. A); and (2) the Administrators have filed a motion (a) to set aside the order for service of out of jurisdiction; or, in the alternative; (b) to dismiss all claims before the Hong Kong court; or, in the (further) alternative, (c) to halt the Hong Kong proceedings until resolution in this Court (*see* Ex. B).

As we have been arguing consistently to this Court, the Hong Kong court is the only court that can bind all relevant parties, making it the only forum capable of resolving all the interconnected Orders of the underlying arbitration award (the "Award"). That Ms. Yu is steadfastly pursuing relief there—in the face of stalling tactics from the Administrators like the above—is highly relevant to whether Ms. Yu has been acting in good faith and to the propriety of assessing post-Award interest against her. As the Court will recall, the Administrators' proposal in this case is for Ms. Yu to pay interest on Order 8 indefinitely, until the Award is fully performed on all sides, without allowing for an enforcement court to assess the facts at the time to determine who should bear the cost of the delays.

Hon. Paul W. Grimm
January 20, 2022
Page 2

**Steptoe**

    The Administrators' most recent motion in Hong Kong is exactly the type of stalling tactic that an enforcement court would consider in apportioning post-Award interest, particularly because the Administrators' motion in Hong Kong reflects positions that are in tension with their positions here.

    First, while the Administrators assured this Court in July 2021 that they had "voluntarily provided Respondent's counsel with an updated address for service of process on the administrators of the Estate" for purposes of the Hong Kong proceedings (ECF 77, at 1), the Administrators are now asking, as part of their newly filed motion to dismiss, that the Hong Kong court set aside service at that same address.

    Second, when Ms. Yu sought to dismiss this case on *forum non conveniens* grounds, the Court agreed with the Administrators that there was no reason to defer the case in favor of proceedings in China because there was nothing wrong with "multiple concurrent enforcement proceedings." (ECF 54, at 11.) Yet the Administrators are now telling the Hong Kong court that it should stay its own proceedings, pending proceedings in this Court. These two positions are difficult to square with one another, and the Administrators' new position appears designed to engender delay at Ms. Yu's expense and to avoid the Administrators being held accountable in Hong Kong for failing to live up to their own obligations under the Award.

    Third, while one Administrator stated in an affidavit to this Court that a key step in implementing the Award—transferring the real estate company referred to as "SJHC"—was "quite a simple process" (ECF ¶ 43-1 ¶ 23), the Administrators are now arguing in Hong Kong that the transfer cannot be done until the parties first "negotiate" so as to "reach a new agreement" regarding how to apportion the Chinese taxes they claim to be associated with their version of the transfer. (Ex. C ¶ 59.) As detailed in the briefing pending before this Court, this position is incorrect (*see* ECF 70, at 6-8), but, more fundamentally, would, if accepted, make the Administrators position on interest all the more unreasonable. They could unreasonably delay tax negotiations, while earning interest all along the way. Courts recognize that it is "grossly unfair to make [one party] pay interest which accrued solely due to the intransigence" of the other side, *Overbeek v. Heimbecker*, 101 F.3d 1225, 1228 (7th Cir. 1996), and yet that is exactly what the Administrators are proposing the Court do here.

    Finally, the Administrators have submitted to the Hong Kong court a legal opinion concerning the these proceeding that is misleading and that raises yet more concerns about the Administrators' efforts to stall. The legal opinion concludes that this Court has "jurisdiction to grant specific performance of the arbitration awards," notwithstanding that the proceedings "were only commenced against Ms. Stephany Yu." (Ex. D, at 4.) What is omitted from the discussion is the indisputable fact that this Court lacks jurisdiction over the various people or entities that are parties to the Award but not parties to the case, such as Mr. Xu. Any "specific performance" will necessarily be incomplete without their participation. The Administrators have never before disputed this point, and, in fact, suggested that other actions would be necessary when they told this Court that the forthcoming judgment should not "prejudice Petitioner's enforcement efforts against . . . non-parties in other jurisdictions." (ECF 73, at 9.)

Hon. Paul W. Grimm
January 20, 2022
Page 3

Steptoe

Here, too, the Administrators' earlier endorsement of multiple proceedings is being jettisoned in favor of a one-a-time approach, seemingly designed to accomplish only delay and to evade accountability.

      To be clear, Ms. Yu is not asking the Court to resolve any questions before the Hong Kong court or the propriety of the Administrators litigation tactics.  Rather, we seek to reiterate—based on the newest delays by the Administrators and continuing good-faith efforts towards resolution by Ms. Yu outlined above—that apportioning the cost of these delays to Ms. Yu on an all-or-nothing basis, before the fact, would not be equitable, providing further support for Ms. Yu's position that no post-award interest is granted under the terms of the Award.

<p style="text-align:center">* * *</p>

      We thank the Court for its consideration of these matters.

<div style="margin-left:40%">

Respectfully,

/s/ *Michael J. Baratz*
Michael J. Baratz (Bar No. 16391)

/s/ *Charles Michael*
Charles Michael
(signed by Michael J. Baratz with permission of Charles Michael)
(Admitted *Pro Hac Vice* in 8:18-cv-03546; and 8:20-cv-02260*)*

*Attorneys for Respondent Stephany Yu*

</div>

cc:   All Counsel of Record
      (by ECF)