IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ESTATE OF KE ZHENGGUANG., | * | |
| | * | |
| Plaintiff/Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 8:18-cv-03546-PX |
| | * | |
| YU NAIFEN STEPHANY | * | |
| (a/k/a/ STEPHANY YU, | * | |
| a/k/a/ STEPHANY NAIFEN YU | * | |
| a/k/a/ STEPHANY N. DOMBROWSKI), | * | |
| | * | |
| Defendant/Respondent. | * | |

| | | |
|---|---|---|
| ESTATE OF KE ZHENGGUANG., | * | |
| | * | |
| Plaintiff/Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 8:20-cv-02260-PX |
| | * | |
| YU NAIFEN STEPHANY | * | |
| (a/k/a/ STEPHANY YU, | * | |
| a/k/a/ STEPHANY NAIFEN YU | * | |
| a/k/a/ STEPHANY N. DOMBROWSKI), | * | |
| | * | |
| Defendant/Respondent. | * | |

***
**MEMORANDUM OPINION**

Plaintiff Estate of Zhengguang ("the Estate") is before this Court to enforce two foreign arbitral awards issued in favor of the Estate and against Defendant Yu Naifen Stephany ("Stephany Yu"). This Court has already ordered the enforcement of both awards pursuant to the Convention on the Enforcement and Recognition of Foreign Arbitral Awards (the "New York Convention"), as implemented in Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201, *et seq.* ECF Nos. 53 & 69. The outstanding issues for resolution concern the specific amount of the award, taking into account pertinent exchange rates and the propriety of fees,

costs, and interest. ECF Nos. 70 & 71. The matters are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court will enter a consolidated final judgment awarding all amounts set forth in the arbitral awards, but not any interest for the period after the arbitral award and before this final judgment.

I. **Background**

The Court has already recited the relevant factual history and need not repeat itself here. *See generally* ECF No. 53. In short, this dispute arises from a business venture focused on buying and developing real estate in China. The parties sought to restructure various aspects of their business relationship, but they could not reach an agreement. Accordingly, in February 2013, the non-controlling shareholders, Xu Hongbiao and Ke Zhengguang, filed a Notice of Arbitration in Hong Kong. After Zhengguang died unexpectedly in December 2013, the Estate represented his interests in the arbitration proceedings.

On February 28, 2018, the arbitral tribunal issued a final award, which was later clarified in a supplemental order dated December 19, 2018. *See* ECF Nos. 35-4 & 35-6 (collectively "the 2018 Final Award"). The 2018 Final Award included nine separate specific directives—or "orders"—to resolve the merits of the case. ECF No. 35-4 at 99 – 100. Relevant here, Orders 8 and 9 require monetary compensation.[1] More specifically, Order 9 required a payment of "RMB10,346,211 to the applicants as compensation for their losses[.]" *Id.* at 100.[2] The 2018

---

[1] For context, the Court reprints Orders 8 and 9 in full:
8. (Within 4 weeks after the execution of the orders numbered 1-6 above) The Respondents are to pay the final amount after making the adjustments set out in Article 2.2.1(4) of the 4.28 Agreement and in Paragraphs 232(4)(a)(b)(c) and 233 of this ruling.
9. The second respondent, third respondent and fourth respondent are jointly and severally ordered to pay RMB10,346,211 to the applicants as compensation for their losses (using August 8, 2017 as reference date for calculation of losses).

ECF No. 35-4 at 100.

[2] The renminbi, or RMB, is the official currency of the People's Republic of China. Stephen Mulvey, *Why China's currency has two names*, BBC News (June 26, 2010), https://www.bbc.com/news/10413076.

Final Award was silent on the propriety of attorneys' fees and costs, as well as the propriety of pre- and post-judgment interest.

On November 16, 2018, the Estate initiated this action to recognize and enforce the 2018 Final Award. ECF No. 1. On April 8, 2019, Stephany Yu moved to dismiss the amended petition. ECF No. 40. On February 24, 2020, this Court recognized the Final Award and denied the motion to dismiss, but ordered supplemental briefing on the propriety of pre- and post-judgment interest as well as the applicable exchange rates. ECF No. 53 at 19 – 20.

While the parties briefed the remaining issues, the arbitral tribunal on March 16, 2020, issued a supplemental decision, awarding attorneys' fees, costs, and interest to the Estate. ECF No. 71-1 at 39 – 82 (the "March 2020 Award"). Next, on June 26, 2020, the arbitral tribunal clarified the March 2020 Award. *Id.* at 84 – 99 (the "June 2020 Award"). Thereafter, on August 5, 2020, the Estate filed a second petition here to recognize the March 2020 and June 2020 Awards. *See Estate of Ke Zhengguang v. Stephany*, No. 20-cv-02260, ECF No. 1 (D. Md. filed Aug. 5, 2020).

On October 19, 2020, the Court issued a Stipulation and Order consolidating the two related petitions and enforcing the March 2020 and June 2020 Awards. ECF No. 69 at 3. At the Court's direction, the parties next submitted proposals for the consolidated final judgment. ECF Nos. 70 & 71. The matter is now ripe for resolution, and the final judgment shall issue as follows.

**II.     Analysis**

    **A.  The 2018 Final Award in U.S. Dollars**

The 2018 Final Award ordered that Stephany Yu pay petitioners RMB10,346,211 under Order 9. ECF No. 35-4 at 100. The Estate's share of this award is therefore RMB5,173,105.50.

This Court previously determined that this amount would be payable in U.S. dollars using the exchange rate as of February 28, 2018. ECF No. 53 at 18. On that date, one U.S. dollar was equivalent to RMB6.3291, so the exchange rate is 0.158. *See* ECF No. 71-1 at 37. Thus, the Final Award payable to the Estate, and not disputed by the parties, is **$817,350.67**. *Compare* ECF No. 71-1 at 7, *with* ECF No. 71-1 at 13.

### B. Legal Fees and Arbitration Costs

The March 2020 Award ordered that Stephany Yu pay the Estate 7,800,000 in Hong Kong Dollars (HK$) for attorney's fees and HK$ 4,961,030 for arbitration fees, for a total of HK$ 12,761,030. ECF No. 71-1 at 81. The June 2020 Award adjusted the amounts to HK$ 6,599,822 and HK$ 1,377,978.55, or HK$ 7,977,800.55 total. *Id.* at 96.

Both parties agree that the Estate shall be paid a total of HK$ 7,977,800.55 at the appropriate conversion rate. *Compare* ECF No. 71-1 at 8 n.2, *with* ECF No. 71-1 at 13 n.3. The Estate calculates the exchange using the rate as of March 16, 2020, whereas Stephany Yu would use the rate as of June 26, 2020. *Id.* Following the "breach day rule," *see* ECF No. 53 at 16 – 18, the Court shall use the earlier-in-time date to calculate the rate of exchange. On March 16, 2020, the exchange rate at close was one U.S. dollar to HK$ 7.7659. ECF No. 71-1 at 101. Accordingly, the final judgment for attorneys' fees and costs is **$1,027,286.03**.

### C. Pre-Award Interest

The parties further agree that interest on Order 8 and Order 9 covering a period before the 2018 Final Award is proper. The June 2020 Award clarified that Stephany Yu must pay interest on the two amounts as follows:

> The calculation method of the interest is: (i) RMB 135,627,795 of the principal x simple interest (HSBC prime rate + 1%) x 36 months of the interest period (applicable to the 8th order of the [2018] *Final Award*); + (ii) RMB 10,346,211 of the principal x simple interest (HSBC prime rate + 1%) x 204 days of interest period (from 8 August 2017 to 28

4

February 2018) (applicable to the order of the [2018] *Final Award*).

ECF No. 71-1 at 96 ¶ 44.

For both Order 8 and Order 9, the Court converts pre-award interest to U.S. dollars from RMB using the exchange rate at the end of the day on March 16, 2020, when the dollar was equal to 6.9938 RMB.  ECF No. 71-1 at 105.[3]

### i. Order 8 Pre-Award Interest

The Estate's share (50 percent) of the principal amount is RMB 67,813,897.50.  Using a simple interest rate of 6 percent,[4] and a time period of 36 months, the accrued interest on this principal amount is RMB 12,206,501.55.  Converted to U.S. dollars, the pre-award interest amount for Order 8 is **$1,745,331.80**.

Stephany Yu does not contest that she owes pre-award interest for Order 8, but she proposes that the amount should be "payable only if and when the conditions for payment of the principal of Order 8 are satisfied[.]"  ECF No. 71-1 at 14.  She argues that payment for Order 8 is "conditional on completion of the other steps" set forth in the 2018 Final Award, and that requiring her "to pay interest on Order [8] before she incurred any obligation to pay the principal would be an absurd result."  *See* ECF No. 70 at 17, 19 (quotations and citations omitted).  The Estate, for its part, argues that interest under Order 8 is payable immediately per the terms of the March 2020 and June 2020 Awards.  ECF No. 73 at 8 – 9.  Based on the plain language of the

---

[3] The Estate calculates the exchange rate where each U.S. dollar equals 6.9928 RMB.  ECF No. 71 at 6.  This rate represents the "low" exchange rate for March 16, 2020.  ECF No. 71-1 at 105.  The Court uses the rate for the close of that date instead.  *Cf. CMA CGM S.A. v. Deckwell Sky (USA) Inc.*, 91 F. Supp. 3d 841, 851 (E.D. Va. 2015) (converting from Chinese currency to U.S. dollars using end-of-day exchange rate to enter judgment for money damages).  Moreover, using the end-of-day rate is consistent with the proposed exchange rate calculation for the 2018 Final Award.

[4] Pursuant to the June 2020 Award, the interest rate is the HSBC prime rate plus 1 percent.  ECF No. 71-1 at 96 ¶ 44 .  The HSBC prime rate at the time of the March and June 2020 Awards was 5.00 percent.  ECF No. 71-1 at 103.  Thus, the interest rate is six percent.

March and June 2020 Awards, the Estate has the better argument.

The March 2020 Award makes clear that "Respondents shall pay the interest." ECF No. 71-1 at 81 ¶ 108. The June 2020 Award subsequently clarified the specific interest-bearing periods for Orders 8 and 9 and reasserted that "the [R]espondents must pay interest." *Id.* at 96 ¶ 44. Nowhere in its two written decisions does the arbitral tribunal impose, or even consider, any contingency circumscribing pre-award interest on Order 8. The Court declines to read a requirement into the March and June 2020 Awards that plainly is not there. Thus, the final judgment for pre-award interest shall be immediately payable.

### ii. Order 9 Pre-Award Interest

As to Order 9, the Estate is entitled to 50 percent of the principal amount, which is RMB 5,173,105.50. Using a simple interest rate of 6 percent over 204 days, as set forth in the Order, the accrued interest on this principal amount is RMB 173,476.16. Converted to U.S. dollars, the pre-award interest amount for Order 9 is **$24,804.28**. Thus, the final judgment for all combined pre-award interest is **$1,770,136.08**.[5]

### D. Prejudgment Interest

The last, and most contested, question is whether the final judgment should include interest on the principal of Orders 8 and 9 for the period between the date of the 2018 Award and the date of the final judgment for enforcement ("prejudgment interest").[6] Predictably, the Estate urges the Court to impose it (ECF Nos. 71 at 6 – 9 & 73 at 3 – 8), while Stephany Yu mounts a frontal attack on the propriety of the same (ECF Nos. 70 at 19 – 23 & 72 at 5 – 8).

---

[5] The parties are largely in agreement as to this figure. The Estate calculated pre-award interest as $1,770,510.83 by using the "low" rate. Stephany Yu calculated pre-award interest as $1,749,290.86 based on the exchange rate as of June 2020. The Court adopts the rate at close on March 16, 2020—the date of the March 2020 Award—and the final judgment reflects this method of calculation.

[6] The parties do not dispute that post-judgment interest is awarded based on the rate specified in 28 U.S.C. § 1961, from the date of the entry of this Final Judgment until its satisfaction. ECF No. 71-1 at 9 ¶ 6 & 14 ¶ 4.

Whether to award prejudgment interest is "subject to the discretion of the court and equitable considerations." *LLC Komstroy v. Republic of Moldova*, No. 14-cv-1921 (CRC), 2019 WL 3997385, at *14 (D.D.C. Aug. 23, 2019) (quoting *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 932 F. Supp. 2d 153, 163 (D.D.C. 2013)).  Where an arbitration decision is silent on prejudgment interest, granting such interest is "consistent with the award." *Id.* (quoting *Cont'l Transfert Technique Ltd.*, 932 F. Supp. 2d at 164).  Although a presumption in favor of prejudgment interest exists,  *see Purus Plastics GmbH v. Eco-Terr Distributing, Inc.*, No. C18-0277JLR, 2018 WL 3064817, at *10 (W.D. Wash. June 21, 2018) (citing *Al Maya Trading Establishment v. Global Export Mktg. Co., Ltd.*, No. 16-CV-2140 (RA), 2017 WL 1050123, at *5 (S.D.N.Y. Mar. 17, 2017)), imposing prejudgment interest must not do violence to the underlying awards that this Court is tasked with enforcing.  *See* ECF No. 53 at 19 (citing *Ministry of Defense and Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Sys., Inc.*, 665 F.3d 1091, 1103 (9th Cir. 2011)).

The Estate's argument for prejudgment interest is rooted in Paragraph 103 of the March 2020 Award.  *See* ECF No. 71 at 6 – 7; ECF No. 73 at 3 – 6.  Paragraph 103 reads in full:

> With regards to the interest rate, the arbitration tribunal holds the opinion that the most appropriate interest rate is the most preferential loan interest rate of HSBC plus 1%.  **The interest rate is applicable before and after the arbitration award until the Respondent makes payment.**  The amount of principal for calculating the interest is RMB 145,974,006.  Under the Article 80 (1) of the Arbitration Ordinance, the interest is payable on money awarded by an arbitral tribunal from the date of the award at the judgment rate, except when the award otherwise provides.  This means that the arbitral tribunal may, at its discretion, determine the interest to be paid for the amount awarded not at the judgment rate (currently 8% per annum).  In this case, considering the relatively long time from the date of the award to the final award for the arbitration fees and interest, the arbitration tribunal decided that a more reasonable approach should be to adopt the most preferential loan interest rate of Hong Kong HSBC plus 1% as the applicable interest rate **after the arbitration award until the Respondents pay off the money.**

ECF No. 71-1 at 80 ¶ 103 (emphasis added).

This paragraph, however, cannot be read in isolation.  Paragraph 103 in its entirety expressly pertains to the interest *rate* to be applied.  *See* ECF No. 71-1 at 79 – 80.  It begins, "with regards to the interest rate," and proceeds to discuss in detail how the rate is calculated.  *Id.* at 80 ¶ 103.  To be sure, the language on which the Estate relies, taken alone, certainly suggests that interest shall be applicable not only until judgment, but until the money is paid.  But when read in the context of the entire decision, this paragraph provides little guidance as to whether the tribunal intended to award prejudgment interest.

Moreover, the prior section of the March 2020 Award, expressly devoted to discussing the disputed interest period, makes clear that at least one claimant had advocated for the interest period to run beyond even final judgment, up until the Respondent makes "actual payment."  *Id.* at 79 ¶ 99.  Stephany Yu, in contrast, urged an interest period of 36 months, and the tribunal concurred.  *Id.* at 80 ¶ 101, 102 ("the tribunal holds the opinion that the method of calculation of the Respondent is reasonable and shall be adopted").  Stephany Yu had calculated the 36-month period based on the 62 months from January 1, 2013, through March 7, 2018, excluding 26 months where interest would not accrue.  ECF No. 71-1 at 64 – 65 ¶¶ 61(1) – (2).  Notably, this 36-month period that the Court ultimately adopted ran past the date of the initial award issued in February 2018.  Thus, although both parties now refer to the 36-month period as relating to "pre-award" interest, the record is not at all clear that the arbitral tribunal intended as much.

Not surprisingly, after the March 2020 Award issued, Stephany Yu sought further clarification from arbitral tribunal on the period of interest applicable to Orders 8 and 9.  ECF No. 71-1 at 92 ¶ 31.  In response, the Estate expressly argued to the arbitral tribunal that which it is fronting now:  that "*Paragraph 103* of the [March 2020] Award of the arbitral tribunal definitely specifies that the respondents shall also pay interest at HSBC prime rate + 1% after the

award is issued in the 8th and 9th orders of the [2018] *Final Award* until the respondents have settled all payments." ECF No. 71-1 at 94 ¶ 35.[7]  With this exact argument before it, the arbitral tribunal clarified and reasserted the applicable interest rates for Orders 8 and 9.  *See* ECF No. 71-1 at 95 ¶ 37 & 96 ¶ 44.  As to Order 8, the June 2020 Award makes clear that the interest period is 36 months, and as to Order 9, the period is 204 days.  Notably, each period represents that which the parties agree is the "pre-award" interest period.  But equally compelling is that despite the arguments expressly before the tribunal urging to *extend* the interest period to include until the judgment is paid, the tribunal stood firm on its original, defined interest period.

Accordingly, even though the June 2020 Award did not affirmatively state that it was rejecting the plea for prejudgment interest, silence in this context does not signal assent.  Because the arbitral tribunal declined the Estate's invitation to expressly include prejudgment interest, it would be inequitable at best—and inconsistent with the June 2020 Award at worst—to award it now.  Of course, the Court recognizes that the June 2020 Award is hardly a model of clarity on this point.  Thus, should the Estate pursue further clarification from the arbitration tribunal as to the propriety of the prejudgment interest, the Estate may seek enforcement of the same with this Court in the future.

---

[7] In a curious sleight of hand, the Estate quotes this language from the June 2020 Award as if it were the legal conclusion of the arbitral tribunal.  *See* ECF No. 71 at 6 – 7.  It is not.  Rather, the quoted language appears in the section summarizing the parties' respective positions, not in the final decision.  *See* ECF No. 71-1 at 94.

**III.    Conclusion**

For the foregoing reasons, judgment will be entered for $3,614,772.78. Post-judgment interest on this amount shall accrue at the rate specified in 28 U.S.C. § 1961. The Court declines to enter judgment for prejudgment interest. A separate Consolidated Final Judgment follows.

January 9, 2023                                              /s/
Date                                                         Paula Xinis
                                                             United States District Judge